CONSULT YOUR LAWYER BEFORE SIGNING THIS AGREEMENT

**WARNING:**
NO REPRESENTATION IS MADE THAT THIS FORM OF CONTRACT FOR THE SALE AND PURCHASE OF REAL ESTATE COMPLIES WITH SECTION 5-702 OF THE GENERAL OBLIGATIONS LAW ("PLAIN LANGUAGE").

**NOTE: FIRE AND CASUALTY LOSSES CONDEMNATION.**
This contract form does not provide for what happens in the event of fire, or other casualty loss or condemnation before the title closing. unless different provision is made in this contract, Section 5-1311 of the General Obligations Law will apply. One part of that law makes a Purchaser responsible for fire and casualty loss upon taking possession before the title closing.

# Residential Contract of Sale

Contract of Sale made as of January 31, in the year 2008    BETWEEN

**THE WANG FAMILY TRUST, DATED ~~SEPTEMBER~~ 10, ~~2004~~**

Address: 19 Bushwick Road, Poughkeepsie, NY 12603

Social Security Number / Fed. I. D. No(s):    hereinafter called "Seller" and

**CARLO VIDRINI**

Address: 1630 Park Street, Peekskill, NY 10566

Social Security Number / Fed. I. D. No(s):    hereinafter called "Purchaser".

**The parties hereby agree as follows:**

1. Seller shall seel and convey and Purchaser shall purchase the property, together with all buildings and improvements thereon (collectively the "Premises"), more fully described on a separate page marked "Schedule A", annexed hereto and made a part hereof and also known as:

Street Address:    **19 Bushwick Road, Poughkeepsie, New York**

Tax Map Designation:    6360-02-618733

Together with Seller's ownership and rights, if any, to land lying in the bed of any street or highway, opened or proposed, adjoining the Premises to the center line thereof, including any right of Seller to any unpaid award by reason of any taking by condemnation and / or for any damage to the Premises by reason of change of grade of any street or highway. Seller shall deliver at no additional cost to Purchaser, at Closing (as hereinafter defined), or thereafter, on demand, any documents that Purchaser may reasonably require for the conveyance of such title and the assignment and collection of such award or damages.

2. The sale also includes all fixtures and articles of personal property now attached or appurtenant to the Premises, unless specifically excluded below. Seller represents and warrants that at Closing they will be paid for and owned by Seller, free and clear of all liens and encumbrances, except any existing mortgage to which this sale may be subject. They include, but are not limited to, plumbing, heating, lighting and cooking fixtures, bathroom and kitchen cabinet, mantels, door mirrors, switch plates and door hardware, venetian blinds, window treatments, shades, screens, awnings, storm windows, storm doors, window boxes, mail box, TV aerials, weather vane, flagpole, pumps, shrubbery, fencing outdoor statuary, tool shed, dishwasher, washing machine, clothes dryer, garbage disposal unit, range, oven, refrigerator, freezer, air conditioning equipment and installations, wall to wall carpeting, and built-ins not excluded below (strike out inapplicable items). All in "as-is" condition and as they may presently exist on the Premises.

Excluded from this sale are furniture and household furnishings and

| | |
|---|---|
| 3. The purchase price is | $ 345,000.00 |
| payable as follows: | |
| (a) Binder Check held by Kingsgate Realty | $ |
| (b) on the signing of this contract, by Purchaser's check payable to the Escrowee (as hereinafter defined). Subject to collection, the receipt of which is hereby acknowledged, to be held in escrow pursuant to paragraph 6 of this contract (the "Downpayment"): | $ 10,000.00 |
| (c) by allowance for the principal amount unpaid on the existing mortgage on the date hereof, payment of which Purchaser shall assume by joinder in the deed: | $ |
| (d) by a purchase money note and mortgage from Purchaser to Seller: | |
| (e) Closing credit to Purchaser **in accordance with Paragraph 33:** | ~~$ 3,000.00~~ 5,000.00 CV |
| (f) balance at Closing in accordance with paragraph 7: | ~~$ 332,000.00~~ 330,000.00 CV |

4. (Deleted)

# RIDER TO CONTRACT OF SALE

This Rider is to be annexed to and made part of the Contract of Sale dated January _____, 2008, between **THE WANG FAMILY TRUST, DATED SEPTEMBER 19, 2004**, as Seller, and **CARLO VIDRINI**, as Purchaser.

*IN THE EVENT ANY PROVISION OF THIS RIDER CONFLICTS IN WHOLE OR IN PART WITH THE TERMS OF THE CONTRACT OF SALE, OR OTHER RIDERS AND ADDENDUMS. THE PROVISIONS OF THIS RIDER SHALL CONTROL.*

29.   **Singular / Plural**: Any singular word or term herein shall also be read as in the plural whenever the sense of this contract may require it.

30.   **Contract Date:**   Purchaser hereby agrees that he will execute this Contract on or before **January 11, 2008** If Purchaser does not execute this Contract on or before January 11, 2008 and the delay is caused by Purchaser inaction, through no fault of Seller's, Seller shall, at its sole option, declare the Contract null and void.

31.   **Purchaser's Mortgage:** (a) Purchaser's liability under this contract is contingent upon his obtaining a firm commitment for a conventional mortgage from a lending institution in the amount of $ 276,000.00 at the prevailing rate, on or before ~~January 25~~, 2008 Purchaser agrees to make proper application for the mortgage forthwith and expeditiously.    February 15,

Notwithstanding any other provision of this Contract, when Purchaser has obtained a mortgage commitment, or in the event that Purchaser has not notified Seller of his election to terminate the Contract, within the time period specified above, the transaction is deemed to be firm and unconditional and equivalent to an all cash deal. Any risk of loss of the mortgage commitment shall be borne solely by Purchaser.

If Purchaser does not receive such a commitment by the date as provided above, Seller or Purchaser may cancel the Contract and Seller shall be responsible only for returning to Purchaser the amounts already paid to Seller. Upon the return of said sums, the Contract herein shall be of no further effect and each of the parties will no longer have any further rights against each other.

(b) It is Purchaser's obligation to notify Seller of the issuance of a mortgage commitment ten (10) days from the date of their receipt.

(c) It is specifically understood and agreed that Seller will not be responsible for the cost of any inspections or certifications.

32.   **Lead-based Paint Hazards**:    Seller is not aware of any lead-based paint hazards in the property referred to herein. Purchaser has been provided with an EPA pamphlet about how to protect families from lead in homes or apartments. Purchaser shall have the option of conducting a lead-based paint inspection at Purchaser's own expense provided the same is completed within ten (10) days following receipt by Purchaser or Purchaser's attorney of this Contract of Sale with time of the essence with regard thereto. In the event Purchaser has not furnished Seller with the written result of any such inspection within said period, it shall be conclusively presumed that Purchaser has either decided against such inspection or, alternatively, the same has been accomplished with satisfactory results. If however, such inspection reveals any lead-based paint hazard, Seller may, at Seller's option, within ten (10) days following receipt of such report, elect in writing whether to correct the condition prior to closing, in which event Seller will furnish Purchaser with a certificate demonstrating that the condition has been remedied. If Seller does not elect to correct the same or makes a counter offer, Purchaser shall have ten (10) days to decide to take the property "as-is", notwithstanding that condition or to cancel this Contract of Sale, in which event any monies previously paid to Seller shall be refunded and this Contract of Sale become null and void.

33.   **Condition of Property**: Purchaser accepts the property in "As Is" condition at the time of closing, including any hidden defects, known or unknown and Seller makes no representation other than the roof is free of leaks and the plumbing, heating and electrical systems and the appliances now in said dwelling, unless otherwise specified, are in

working order and will be in such condition at the transfer of possession to Purchaser, normal wear and tear excepted. Purchaser acknowledges that neither Seller nor its agents have made any warranties, implied or expressed, relating to the condition of the property.

Items of personal property are not included in this sale. Seller makes no representation or warranty as to the condition of personal property. Purchaser agrees that Seller shall have no liability for any claim or losses Purchaser or Purchaser's successors and/or assigns may incur as a result of any condition or other defect which may now or hereafter exist with respect to the property.

Seller further agrees that he shall grant Purchaser credit, at the time of closing, in the aggregate sum of $3,000.00 as and for the expenses of the following:
   (1) grading and seeding lawn,
   (2) driveway re-caping, and
   (3) all other repair items.

**34**   **Permitted Exceptions:** In supplement of paragraph 9 of the Contract, the Premises are to be transferred subject to the following:
   f.   Any state of facts a survey, notes on any filed map or personal inspection would show, provide said facts do not render title uninsurable at customary rates; and
   g.   Covenants, restrictions, reservations, limitations, easements and rights of way of record provided that same do not unreasonably prohibit or restrict the premiss from use as a one family dwelling.

**35.**   **Closing Place:** In supplement of paragraph 15 of the Contract, the parties agree that Closing shall be held in Dutchess County at the offices of Seller's attorney or Purchaser's lending institution, or at a place designated and approved by Seller.
   Purchaser further agrees that should closing be held at a location, as may be required by its lender, outside of Dutchess County, Purchaser shall pay Seller's attorney at closing an attendance fee at $200.00 per hour for the travel time required to and from Dutchess County.

**36.**   **Seller's Approval:** The Contract of Sale and Rider was drafted without the review of Seller and is made expressly subject to and conditioned upon the approval of Seller.

**37.**   **Liquidated Damage**: In the event Purchaser defaults in the performance of this Contract of Sale, it is expressly agreed that the entire down payment deposit shall be paid to Seller as liquidated damages for the additional costs of carrying the property and lost marketing time. In the event of default by Seller, Purchaser shall be entitled to a return of the down payment deposit as Purchaser's sole and exclusive remedy.

**38.**   **Title Examination:** (a) In supplement of paragraph 21 of the Contract, it is understood and agreed that in the event title examination shall disclose any objections or defects in title, except as provided below in (b), Purchaser will give to the Seller, if requested by the Seller, a reasonable adjournment of the closing of title, in order to enable the Seller to endeavor to remedy or clear up any such defects, or objections to title, such adjournment not to exceed sixty (60) days, but any such request for adjournment by the Seller shall not be construed as in any manner imposing an obligation upon the Seller to cure or remedy such objections or defects in title.

**39.**   The parties agree that if for any reason whatsoever, except Seller's willful default, Seller are unable to deliver to the Purchaser title in accordance with the provisions of this contract and subject to the matters set forth herein, Seller shall not be required to bring any action or proceeding or otherwise incur any expenses to render the title to the premises marketable, and if Purchaser shall refuse same, Seller may rescind this contract and upon returning to the Purchaser herein the sum paid on the signing of the contract, all further liability on the part of the Seller hereunder shall cease and terminate and this contract shall become void and be canceled and of no further force and effect.

40. Seller shall not be responsible for any survey, inspections, improvements or repairs to the property whether they be requested by the Purchaser or other person or agent on behalf of the Purchaser.

41. The parties hereby authorize their respective attorneys to agree in writing to any changes in dates and time periods provided in this agreement.

42. In the event that any litigation arises out of the relationship between the parties created by this contract, the Seller and Purchaser expressly waive the right to a jury trial and agree that the successful party shall be entitled to recover all of its out of pocket expenses including, but not limited to, reasonable attorney's fees and courts costs in addition to the relief granted by the court. This paragraph shall survive the delivery of the deed.

43. This Contract of Sale may not be recorded. In the event that Purchaser records this contract, it shall be deemed null and void and all sums paid by Purchaser hereunder shall be deemed forfeited to the Seller.

44. Seller and Purchaser agree that no Property Condition Disclosure Statement shall be attached to the contract in consideration of a $500.00 credit against the purchase price. Purchaser agrees that the Premises is accepted for "as-is" condition. Prior to the execution of this contract, Purchaser has inspected the Premise and /or has had the Premises inspected by a licensed home inspector and agrees to rely exclusively on his findings. Purchaser acknowledges that he is fully responsible for inspections and testing of the Premises and for examining the public records with respect thereto.

45. **Notice**: All notices hereunder shall be sent to Seller c/o Elizabeth P. Wang, Esq., The Wang Law Firm, LLC, 11 Market Street, P. O. Box 1871, Poughkeepsie, New York 12601 and to Purchaser c/o Charles J. Diven, Esq., 2649 Strang Boulevard, Yorktown Heights, NY 10598 by certified mail, return receipt requested.

46. **Personal Property:** In supplement of paragraph 2 of the Contract of sale, the parties agree that in addition to the personal properties stated in paragraph 2, the sale includes the following items of personal property:
    a. IKEA Wardrobe, ✓
    b. Shelves and dresser in garage, ✓
    c. Metal storage cabinets, ✓
    d. Table and dehumidifier in basement, and ✓
    e. Fertilizer in garage. ✓

47. The execution of the printed form of agreement shall constitute agreement by the parties of the above terms and this Rider is in effect as part of the above description contract of sale, notwithstanding that it is not signed by the parties hereto.