VENTURINI & ASSOCIATES
230 Park Avenue, Suite 545
New York, NY 10169
(212) 826-6800
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
HANFORDS CREATIONS, LLC,                    Case No. 07 Civ. 9675 (SCR) (LMS)

          Plaintiff,

   -against-

CHRISTOPHER CHAGARIS,

          Defendant.
----------------------------------------------------------x

**MEMORANDUM OF LAW OF DEFENDANT
CHRISTOPHER CHAGARIS IN SUPPORT OF MOTION TO
DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER
THIS ACTION TO THE WESTERN DISTRICT OF NORTH CAROLINA**

On the brief:
August C. Venturini
Sean W. Higgins

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 1

    A. The Parties ...................................................................................................................... 2

    B. The North Carolina Real Property Transaction ............................................................... 2

    C. The Arbitration Award .................................................................................................... 3

    D. K.A. Holdings Retained Chagaris To
       Confirm The Arbitration Award In North Carolina ....................................................... 4

       1. The First NC Action ................................................................................................. 4

       2. The Second NC Action ............................................................................................. 4

       3. The Third NC Action ................................................................................................ 5

    E. The Claims Against Chagaris In The Instant Action ....................................................... 5

ARGUMENT .............................................................................................................................. 6

I.   THE COMPLAINT SHOULD BE DISMISSED AS PLAINTIFF
     CANNOT SATISFY ITS BURDEN TO SHOW THAT VENUE
     IS PROPER IN THE SOUTHERN DISTRICT OF NEW YORK ...................................... 6

II.  THE COMPLAINT MUST BE DISMISSED AS
     PLAINTIFF CANNOT SATISFY ITS BURDEN TO
     ESTABLISH PERSONAL JURISDICTION OVER CHAGARIS ...................................... 8

III. IN THE ALTERNATIVE, THIS ACTION SHOULD BE
     TRANSFERRED TO THE WESTERN DISTRICT OF NORTH CAROLINA .................. 10

IV. THE COMPLAINT SHOULD BE DISMISSED AS
     PLAINTIFF HAS NOT SATISFIED ITS BURDEN TO
     SHOW THAT SUBJECT MATTER JURISDICTION EXISTS ........................................ 11

    A. Plaintiff Has Not Sufficiently Pled Diversity ................................................................ 12

    B. Plaintiff Lacks Standing ................................................................................................ 12

CONCLUSION .................................................................................................................. 14

# TABLE OF AUTHORITIES

### Cases

*Akro Investicni Spolecnost, A.S. v. A.B. Watley, Inc.*, 2003 WL 1108135 (S.D.N.Y.) .................. 13

*APWU v. Potter*, 343 F.3d 619 (2d Cir. 2003) ........................................................................ 11, 12

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) .................................................................. 10

*Catizone v. Wolff*, 71 F. Supp. 2d 365 (S.D.N.Y. 1999) ................................................................. 13

*Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77 (2d Cir. 1978) ............................................. 11

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991),
    *cert. den.*, 503 U.S. 960 (1992) ................................................................................................... 1

*Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408 (2d Cir. 2005) ............... 6, 7, 8, 11

*Echostar DBS Corp. v. Gemstar-TV Guide Int'l, Inc.*, 2007 WL 438088 (S.D.N.Y.) .................. 13

*Florczak v. Staffieri*, 2006 WL 1085173 (N.D.N.Y.) ........................................................ 7, 8, 9, 10

*Fox v. City of New York*, 2004 WL 856299 (S.D.N.Y.) .................................................................. 1

*Friedman v. Revenue Manag. of New York, Inc.*, 38 F.3d 668 (2d Cir. 1994) ................................ 7

*Hanson v. Denckla*, 357 U.S. 235 (1958) ........................................................................................ 10

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) .......................................................... 10

*Kramer v. Time Warner Inc.*, 937 F.2d 767 (2d Cir. 1991) .............................................................. 1

*Luckett v. Bure*, 290 F.3d 493 (2d Cir. 2002) ................................................................................. 12

*Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397 (S.D.N.Y. 2002) ............................................ 13

*PI, Inc. v. Quality Products, Inc.*, 907 F. Supp. 752 (S.D.N.Y. 1995) ................................. 6, 7, 8, 9

*Rapoport v. Asia Electronics Holding Co., Inc.*, 88 F. Supp. 2d 179 (S.D.N.Y. 2000) ................ 13

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502 (2d Cir. 1994) ........................................ 8

*Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C.*,
    927 F. Supp. 731 (S.D.N.Y. 1996) ......................................................................................... 6, 11

*Savin v. Ranier*, 898 F.2d 304 (2d Cir. 1990) ........................................................................... 8, 9, 10

*Sazerac Co., Inc. v. Falk*, 861 F. Supp. 253 (S.D.N.Y. 1994) ........................................................ 13

*Shipping Financial Servs. Corp. v. Drakos*, 140 F.3d 129 (2d Cir. 1998) ..................................... 12

*Solow v. Stone*, 994 F. Supp. 173 (S.D.N.Y. 1998), *aff'd*, 163 F.3d 151 (2d Cir. 1998) ............... 13

*Warth v. Seldin*, 422 U.S. 490 (1975) ............................................................................................ 13

*World Wrestling Entertainment, Inc. v. Jakks Pacific, Inc.*,
  425 F. Supp. 2d 484 (S.D.N.Y. 2006) ........................................................................................ 1

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ................................................ 10

### Statutes

28 U.S.C. § 1332 .............................................................................................................................. 12

28 U.S.C. § 1332(c)(1) ..................................................................................................................... 12

28 U.S.C. § 1391(a) ....................................................................................................................... 6, 7

28 U.S.C. § 1404(a) .................................................................................................................1, 11, 14

28 U.S.C. § 1406(a) .................................................................................................................1, 11, 14

CPLR § 302(a) .................................................................................................................................. 9

### Rules

Fed. R. Civ. P. 12(b)(1) ...........................................................................................................1, 11, 12, 14

Fed. R. Civ. P. 12(b)(2) ..........................................................................................................1, 8, 14

Fed. R. Civ. P. 12(b)(3) ..........................................................................................................1, 6, 14

## PRELIMINARY STATEMENT

In this diversity action, defendant Christopher Chagaris ("Chagaris") respectfully submits this memorandum of law in support of his motion for an order: (1) pursuant to Fed. R. Civ. P. 12(b)(3), dismissing the Complaint with prejudice based on improper venue; (2) pursuant to Fed. R. Civ. P. 12(b)(2), dismissing the Complaint with prejudice for lack of personal jurisdiction; or (3) in the alternative, pursuant to 28 U.S.C. §§ 1404(a) and/or 1406(a), transferring this action to the United States District Court for the Western District of North Carolina; and (4) pursuant to Fed. R. Civ. P. 12(b)(1), dismissing the Complaint with prejudice for lack of subject matter jurisdiction, as Plaintiff has failed to establish diversity and standing; and (5) granting such other and further relief as to this Court seems just and proper.

This action arises solely from legal services that Chagaris, a North Carolina resident and attorney, provided in North Carolina in three separate actions in the Superior Court of North Carolina. (Compl., ¶¶ 3-4). Plaintiff was neither a party to the three North Carolina actions nor a client of Chagaris at any time.

## STATEMENT OF FACTS

The following facts are taken from the Complaint and documents referenced therein, including documents filed in the Superior Court of North Carolina, County of Mecklenburg, and with the American Arbitration Association.[1]

---

[1] On a motion to dismiss, the Court may consider facts alleged in the complaint or in documents annexed thereto or incorporated therein by reference or of which judicial notice may be taken, such as publicly-filed documents. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991); *World Wrestling Entertainment, Inc. v. Jakks Pacific, Inc.*, 425 F. Supp. 2d 484, 508 n. 16 (S.D.N.Y. 2006); *Fox v. City of New York*, 2004 WL 856299 (S.D.N.Y.) *1. The Court may also consider any documents the plaintiff had in its possession or had knowledge of and on which it relied in bringing suit, even if not publicly-filed or annexed to the complaint or incorporated therein by reference. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-8 (2d Cir. 1991), *cert. den.*, 503 U.S. 960 (1992).

1

A.  **The Parties**

Chagaris is a resident of Iredell County, North Carolina. (Chagaris Decl., ¶ 2). Chagaris is an attorney licensed to practice in the State of North Carolina who maintains an office in the County of Mecklenburg, State of North Carolina. (Compl., ¶¶ 3-4).

Plaintiff Hanfords Creations, LLC ("Plaintiff") fails to identify the type of entity it is and the jurisdiction in which it was formed. (*See* Compl., ¶ 5). While one would expect it to be a limited liability company, its verification page states it is a corporation. Plaintiff is not a New York entity according to the online records of New York's Secretary of State and there is no allegation that it legally exists.[2] Moreover, Plaintiff is neither the entity that retained Chagaris' services nor the entity referenced in the underlying contracts described in the Complaint. Chagaris had never heard of Plaintiff before this lawsuit. (Chagaris Decl., ¶ 4).

B.  **The North Carolina Real Property Transaction**

Plaintiff alleges it entered into a written contract dated June 6, 2001 (the "NC Real Property Sales Contract") to sell real property in Mecklenburg County, North Carolina known as Tax ID 081-153-35 (the "NC Real Property"). (Compl., ¶ 6; Chagaris Decl., Ex. 2). However, the NC Real Property Sales Contract identifies K.A. Holdings of New York, Ltd., a New York Corporation ("K.A. Holdings") as seller and Overland Properties, Inc., a North Carolina corporation ("Overland") as buyer. Further, it states that K.A. Holdings is the assignee under a deed of trust dated June 6, 1996 and, as such, "is, or will be in the near future, in a position to bargain, present, convey and sell" the NC Real Property "currently held by and titled by Hanford's Creations, Inc., a North Carolina corporation" ("Hanford's Inc.").[3] (Ex. 2, p. 1).

---

[2] This firm could not locate Plaintiff as an entity in the following states: CT, DE, NC, NJ, or NY.

[3] In the event that Hanford's Inc. is really the intended plaintiff here, diversity jurisdiction would not exist as it and Chagaris are both residents of North Carolina.

In conjunction with the NC Real Property Sales Contract, K.A. Holdings LTD. of NY[4] entered into a written escrow agreement dated October 31, 2001 with Moore & Van Allen PLLC and Hawthorne Mill, LLC (the "NC Escrow Agreement"). (Chagaris Decl., Ex. 3). The NC Escrow Agreement names K.A. Holdings as seller, Hawthorne Mill, LLC ("Hawthorne") as buyer, and Moore & Van Allen PLLC (the "Escrow Agent") as escrow agent. Further, it states that, pursuant to the NC Real Property Sales Contract, K.A. Holdings agreed to sell to Hawthorne, as Overland's successor in interest, the NC Real Property. (Ex. 3, p. 1). Chagaris had no involvement in the NC Real Property transaction. (Chagaris Decl., ¶¶ 5-6).

C.  **The Arbitration Award**

Also prior to Chagaris' retention as counsel, the American Arbitration Association, in Westchester, New York, issued an arbitration award dated February 27, 2002 (the "Arbitration Award") in favor of K.A. Holdings and against Hawthorne, holding that Hawthorne had breached the NC Real Property Sales Contract and the NC Escrow Agreement. (Chagaris Decl., Ex. 1, p. 1). The Arbitration Award, *inter alia*, required (1) Hawthorne to grant K.A. Holdings access to a portion of the NC Real Property to remove its inventory by March 30, 2002, (2) Hawthorne to return to the Escrow Agent the portion of the $50,000.00 security fund deposit (the "Security Fund Deposit") released to it, if any, and (3) the Escrow Agent to hold the Security Fund Deposit in escrow pursuant to the NC Escrow Agreement. (Ex. 1, p. 1-2).

Chagaris had no involvement in the arbitration. (Chagaris Decl., ¶ 5).

---

[4]  For purposes of this motion only, Chagaris refers to both K.A. Holdings LTD. of NY and K.A. Holdings of New York, Ltd., a New York Corporation as "K.A. Holdings" inasmuch as those entities are referred to interchangeably in the documents referenced in the Complaint.

**D. K.A. Holdings Retained Chagaris To Confirm The Arbitration Award In North Carolina**

Plaintiff alleges it retained Chagaris in or about April 2002 to confirm the Arbitration Award in North Carolina state court and to recover damages pursuant thereto. (Compl., ¶ 7; *see also* Chagaris Decl., ¶ 7, Ex. 4). The documents, however, show that Chagaris represented K.A. Holdings, not Plaintiff. Indeed, the Arbitration Award makes no reference to Plaintiff and Plaintiff is not listed as a party. (Ex. 1).

**1. The First NC Action**

Plaintiff alleges Chagaris filed an action on its behalf bearing Docket No. 02-CVS-16135. (Compl., ¶¶ 8-10; *see also* Chagaris Decl., ¶ 7). That action, entitled *KA Holdings Ltd. of New York v. Hawthorne Mill, L.L.C.*, was filed in the Superior Court of North Carolina, County of Mecklenburg (the "First NC Action"). By order dated December 12, 2002, the North Carolina Court denied the confirmation of and vacated the Arbitration Award on the grounds that (1) the arbitrator lacked authority, power, and jurisdiction over Hawthorne and (2) K.A. Holdings did not seek a court order compelling arbitration where Hawthorne timely objected to arbitration. (Compl., ¶ 19; Chagaris Decl., ¶ 7, Ex. 4). Plaintiff is not listed as a party to the First NC Action.

**2. The Second NC Action**

In July 2003, pursuant to K.A. Holdings' authorization, Chagaris filed a second action in the Superior Court of North Carolina, County of Mecklenburg, entitled *KA Holdings of New York, Inc. v. Overland Properties, Inc. and Hawthorne Mill, L.L.C.*, Docket No. 03-CVS-12766 (the "Second NC Action") to recover the same relief under the NC Real Property Sales Contract sought in the arbitration and First NC Action. (Compl., ¶¶ 23-25; Chagaris Decl., ¶ 8, Ex. 5). Plaintiff is not listed as a party to the Second NC Action.

By order dated March 21, 2005, the North Carolina Court granted partial summary judgment, dismissing all causes of action, except for K.A. Holdings' cause of action for wrongful conversion of property, on the grounds those causes of action are arbitrable and were resolved by the December 12, 2002 order in the First NC Action. (Compl., ¶ 35; Chagaris Decl., ¶ 9, Ex. 6). On or about March 28, 2005, K.A. Holdings voluntarily dismissed the Second NC Action without prejudice. (Chagaris Decl., ¶ 10, Ex. 7).

### 3.  The Third NC Action

On or about June 6, 2006, as attorney for K.A. Holdings, Chagaris filed a third action in the Superior Court of North Carolina, County of Mecklenburg, entitled *KA Holdings of New York, Inc. v. Overland Properties, Inc. and Hawthorne Mill, L.L.C.*, Docket No. 06-CVS-6006 (the "Third NC Action"), containing a single cause of action for conversion of property arising from the NC Real Property transaction. (Compl., ¶ 42; Chagaris Decl., ¶ 11, Ex. 8).[5] Plaintiff is not listed as a party to the Third NC Action.

By order dated August 3, 2006, the North Carolina Court dismissed the Third NC Action on the ground it is barred by the applicable statute of limitations. (Chagaris Decl., ¶ 12, Ex. 9).

### E.  The Claims Against Chagaris In The Instant Action

Plaintiff has alleged four "causes of action" against Chagaris in this action, each of which arises from the legal services Chagaris rendered in the three NC Actions.[6] The claims sound in legal malpractice (First Cause of Action), conversion (First and Second Causes of Action), fraud (First, Second, and Third Causes of Action), breach of fiduciary duty (First and Third Causes of

---

[5] Plaintiff alleges, in paragraph 42 of the Complaint, that the summons and complaint in the Third NC Action are annexed thereto as Ex. 1, but that exhibit is not attached to the Complaints served on Chagaris and filed with this Court. Plaintiff alleges it annexed other documents to the Complaint as Ex's. 2-8, but none of those alleged exhibits are annexed to the Complaints served on Chagaris and filed with this Court.

[6] The claims appear to be mixed together, sometimes grouping more than one claim in each "cause of action."

Action), and violation of N.Y. Jud. Law § 487 (Fourth Cause of Action).[7] (*See* Chagaris Decl., Ex. 10).

## ARGUMENT

I. **THE COMPLAINT SHOULD BE DISMISSED AS PLAINTIFF CANNOT SATISFY ITS BURDEN TO SHOW THAT VENUE IS PROPER IN THE SOUTHERN DISTRICT OF NEW YORK**

On a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), the plaintiff has the burden of proof to show that venue is proper for *each* claim asserted. *Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C.*, 927 F. Supp. 731, 735-36 (S.D.N.Y. 1996); *PI, Inc. v. Quality Products, Inc.*, 907 F. Supp. 752, 757 (S.D.N.Y. 1995). Plaintiff cannot satisfy its burden inasmuch as Chagaris resides in North Carolina and a substantial part of the events or omissions giving rise to its claims did not occur in the Southern District of New York. Indeed, all the acts and omissions alleged in the Complaint occurred in North Carolina. Thus, the Complaint should be dismissed.

The purpose of the venue statute, 28 U.S.C. § 1391, is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred. *Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408 (2d Cir. 2005); *Saferstein*, 927 F. Supp. at 735.

Where, as here, jurisdiction is based only on diversity of citizenship, the plaintiff must comply with 28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2)

---

[7] The Fourth Cause of Action appears to allege a violation of N.Y. Jud. Law § 487 arising from the legal services Chagaris rendered in the three NC Actions. (Compl., ¶¶ 100-112). However, Plaintiff alleges in the Complaint that it needs the reciprocal North Carolina statute. (Compl., ¶ 101).

a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought.* (Emphasis supplied).

Here, pursuant to 28 U.S.C. § 1391(a)(1), venue would be proper in the Western District of North Carolina as Chagaris, the only defendant, resides therein.[8] (Chagaris Decl., ¶ 2). Inasmuch as this action could have been brought in the Western District of North Carolina, 28 U.S.C. § 1391(a)(3) is inapplicable. Thus, the only possible basis for venue in this Court is 28 U.S.C. § 1391(a)(2), which requires that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of New York. *PI, Inc.*, 907 F. Supp. at 757.

To determine whether venue is proper under subsection 2, the Court must conduct a two-part analysis. First, the Court must identify the nature of the claims and the acts or omissions that plaintiff alleges give rise to those claims. Second, the Court must determine whether "significant events or omissions material to [those] claim[s] ... have occurred in the district in question." *Daniel*, 428 F.3d at 432; *see also Florczak v. Staffieri*, 2006 WL 1085173 (N.D.N.Y.) *4.

"Substantiality", for venue purposes, is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts. *Daniel*, 428 F.3d at 432-33; *Florczak*, 2006 WL 1085173 (N.D.N.Y.) *4. *See also Friedman v. Revenue Manag. of New York, Inc.*, 38 F.3d 668, 671-72 (2d Cir. 1994) (venue was improper in NY, even

---

[8] Chagaris resides in Iredell County, North Carolina, which is in the Western District of North Carolina. In addition, a "substantial part", indeed, all, of the alleged events and omissions giving rise to Plaintiff's claims occurred in Mecklenburg County, North Carolina, where Chagaris' law office is located and where the three NC Actions were filed. *See* 28 U.S.C. § 1391(a)(2). Mecklenburg County is also in the Western District of North Carolina.

where defendant was a NY corporation serving as debt collector for NY clients, collecting money from NY debtors, employing a NY law firm, and suing in NY, as the events alleged in the complaint occurred in Illinois). When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed "significant" and, thus, substantial, but when a close nexus is lacking, so too is the substantiality necessary to support venue. *Daniel*, 428 F.3d at 432-33; *Florczak*, 2006 WL 1085173 (N.D.N.Y.) *4.

Here, Plaintiff has not and cannot establish that venue is proper in the Southern District of New York under subsection 2. Plaintiff's claims arise entirely from legal services Chagaris rendered solely in North Carolina in the three NC Actions. (*See e.g.* Compl., ¶¶ 3-4, 7-65). Plaintiff's claims sound in legal malpractice, conversion, fraud, and breach of fiduciary duty. The Complaint contains no allegation that Chagaris rendered any legal services in New York, where he is not licensed to practice law (Chagaris Decl., ¶ 3), or that any material acts or omissions occurred in the Southern District of New York.

Inasmuch as Plaintiff has failed to satisfy its burden to show that venue is proper in the Southern District of New York, the Complaint should be dismissed.

II.    **THE COMPLAINT MUST BE DISMISSED AS PLAINTIFF CANNOT SATISFY ITS BURDEN TO ESTABLISH PERSONAL JURISDICTION OVER CHAGARIS**

On a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff has the burden of proof to establish personal jurisdiction over the defendant. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994); *Savin v. Ranier*, 898 F.2d 304, 306 (2d Cir. 1990); *Florczak v. Staffieri*, 2006 WL 1085173 (N.D.N.Y.) *1; *PI, Inc. v. Quality Products, Inc.*, 907 F. Supp. 752, 758 (S.D.N.Y. 1995). Inasmuch as the Complaint lacks any allegations that could conceivably establish personal jurisdiction over

Chagaris in this district, the Complaint must be dismissed.

A federal Court sitting in diversity applies a two-part analysis to determine whether it has personal jurisdiction over a non-resident defendant. First, it determines whether there is jurisdiction over the defendant under the law of the forum state. Second, if jurisdiction is appropriate under the forum state's laws, the Court must then decide whether the exercise of jurisdiction comports with federal due process. *Savin*, 898 F.2d at 306; *Florczak*, 2006 WL 1085173 (N.D.N.Y.) *1-2; *see also PI, Inc.*, 907 F. Supp. at 758-59.

Under New York law, personal jurisdiction may be asserted against a non-domiciliary defendant only if that defendant:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>>
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

CPLR § 302(a).

There are no allegations in the Complaint that would satisfy any subsection of CPLR § 302(a). To the contrary, the Complaint shows Chagaris is a North Carolina attorney and the claims in this action arise only from legal services he provided solely in North Carolina in the

9

three NC Actions. Further, Chagaris is not licensed to practice law in New York and did not practice law or solicit business in New York. (Chagaris Decl., ¶ 3)

Even if there were statutory authority for personal jurisdiction over Chagaris, the Complaint must be dismissed as the exercise of such jurisdiction would not comport with federal due process. Due process requires that a defendant has purposefully established "minimum contacts" with the forum state, such that exercise of personal jurisdiction over him "does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citations omitted). To establish minimum contacts, a plaintiff must show that the defendant "purposely directed his activities at residents of the forum," and that the plaintiff's claim arises from or relates to those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). It is designed to ensure that the defendant is not "haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Id.*, 471 U.S. at 472 (internal citations omitted). The test protects the defendant from having to defend himself in a forum where he should not have anticipated being sued. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Inasmuch as the Complaint contains no allegations establishing that Chagaris "purposefully avail[ed] [himself] of the privilege of conducting activities in [New York], thus invoking the benefits and protections of its laws", the exercise of jurisdiction over Chagaris would violate due process. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Savin*, 898 F.2d at 307; *Florczak*, 2006 WL 1085173 (N.D.N.Y.) *3.

### III.   IN THE ALTERNATIVE, THIS ACTION SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF NORTH CAROLINA

If this Court determines that venue is proper in the Southern District of New York and that it has personal jurisdiction over Chagaris, in the interest of justice, it should transfer this

action to the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought.

See *Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C.*, 927 F. Supp. 731, 736-7 (S.D.N.Y. 1996) (transfer may be made under 28 U.S.C. § 1404(a), which applies to claims for which venue is proper, upon motion by either party).[9]

Here, if this action is not dismissed, it is in the interest of justice to transfer it to the Western District of North Carolina as that is where (1) Chagaris resides, maintains his law practice, and litigated the three NC Actions from which the Complaint arises, (2) the relevant documents are located, and (3) potential expert witnesses with knowledge concerning the appropriate standards of conduct for North Carolina attorneys are located.

## IV. THE COMPLAINT SHOULD BE DISMISSED AS PLAINTIFF HAS NOT SATISFIED ITS BURDEN TO SHOW THAT SUBJECT MATTER JURISDICTION EXISTS

On a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff has the burden to prove, by a preponderance of the evidence, that subject matter jurisdiction exists. *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003); *Luckett v. Bure*,

---

[9] If this Court determines that venue is improper in the Southern District of New York or that it lacks personal jurisdiction over Chagaris, it may, in the interest of justice, transfer this action to the Western District of North Carolina pursuant to 28 U.S.C. § 1406(a), which provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district of division in which it could have been brought.

*Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408, 435 (2d Cir. 2005) (court may transfer an action, pursuant to 28 U.S.C. § 1406(a), in the interest of justice, whenever either personal jurisdiction or venue are improper); *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 79 (2d Cir. 1978) (same); *Saferstein*, 927 F. Supp. at 736 (same).

11

290 F.3d 493, 496-7 (2d Cir. 2002). Plaintiff has not satisfied its burden inasmuch as it has failed to establish (1) diversity and (2) standing. Thus, the Complaint must be dismissed.

On a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the plaintiff must affirmatively establish subject matter jurisdiction. *APWU*, 343 F.3d at 623, 627; *Shipping Financial Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). The Court may not find jurisdiction merely by assuming the truth of the allegations in the complaint or drawing inferences therefrom favorable to the plaintiff. *APWU*, 343 F.3d at 627; *Shipping Financial Servs.*, 140 F.3d at 131. The Court may consider evidence outside the pleadings. *APWU*, 343 F.3d at 627; *Luckett*, 290 F.3d at 496-7. Indeed, on a motion to dismiss for lack of subject matter jurisdiction, the Court "has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *APWU*, 343 F.3d at 627.

### A.  Plaintiff Has Not Sufficiently Pled Diversity

Plaintiff alleges subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (Compl., ¶ 1). However, Plaintiff fails to identify the State in which it was formed and the State in which its principal place of business is located, which is necessary to determine whether diversity exists. *See* 28 U.S.C. § 1332(c)(1). Plaintiff is not a New York entity according to the online records of New York's Secretary of State. Further, if Hanford's Inc., the entity referenced in the NC Real Property Sales Contract as owner of the NC Real Property, is the intended plaintiff here, diversity jurisdiction does not exist as it and Chagaris are both North Carolina residents.

### B.  Plaintiff Lacks Standing

Standing is a jurisdictional matter, and the plaintiff must establish that it is the proper party to invoke jurisdictional resolution of the dispute. *Akro Investicni Spolecnost, A.S. v. A.B.*

*Watley, Inc.*, 2003 WL 1108135 (S.D.N.Y.) *2; *Solow v. Stone*, 994 F. Supp. 173, 178 (S.D.N.Y. 1998), *aff'd*, 163 F.3d 151 (2d Cir. 1998). A party must "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Akro Investicni*, 2003 WL 1108135 at *2.

If a plaintiff's allegations are contradicted by a document considered in determining a Rule 12(b) motion to dismiss, those allegations are insufficient to defeat the motion. *Echostar DBS Corp. v. Gemstar-TV Guide Int'l, Inc.*, 2007 WL 438088 (S.D.N.Y.) *4; *Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002); *Sazerac Co., Inc. v. Falk*, 861 F. Supp. 253, 257 (S.D.N.Y. 1994); *Rapoport v. Asia Electronics Holding Co., Inc.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000).

Here, Plaintiff cannot establish standing inasmuch as documentary evidence shows that Chagaris did not represent it in any of the three NC Actions, and all claims arise from the legal services Chagaris rendered in those actions. *See e.g. Catizone v. Wolff*, 71 F. Supp. 2d 365, 368-72 (S.D.N.Y. 1999) (claims for legal malpractice, breach of fiduciary duty, and fraud dismissed as plaintiff was not the entity that retained services of defendant lawyer). Rather, the documentary evidence shows that Chagaris represented K.A. Holdings in each of the three NC Actions. (Chagaris Decl., Ex's 4-9). Further, K.A. Holdings is the entity referenced as the seller in the NC Real Property Sales Contract and NC Escrow Agreement, the documents from which the three NC Actions arose. (Chagaris Decl., Ex's 2-3).

Finally, Plaintiff's allegations lack both evidentiary and legal support which could support sanctions against it inasmuch as (1) even a cursory review of the documents upon which the Complaint is based conclusively establishes that Plaintiff lacks standing and a legal basis to file this action here and (2) it appears that this action was filed on behalf of a fictitious entity in

an attempt to create diversity so this action could be filed in the Southern District of New York, where it is inconvenient and difficult for Chagaris to defend himself.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant Chagaris' motion for an order: (1) pursuant to Fed. R. Civ. P. 12(b)(3), dismissing the Complaint with prejudice based on improper venue; and (2) pursuant to Fed. R. Civ. P. 12(b)(2), dismissing the Complaint with prejudice for lack of personal jurisdicition; or (3) in the alternative, pursuant to 28 U.S.C. §§ 1404(a) and/or 1406(a), transferring this action to the United States District Court for the Western District of North Carolina; and (4) pursuant to Fed. R. Civ. P. 12(b)(1), dismissing the Complaint with prejudice for lack of subject matter jurisdiction; and (5) granting such other and further relief as to this Court seems just and proper.

Dated: New York, New York
       March 20, 2008

VENTURINI & ASSOCIATES

By: _____
August C. Venturini (AV 2804)
Sean W. Higgins (SH 4190)
230 Park Ave., Suite 545
New York, NY 10169
(212) 826-6800
*Attorneys for Defendant*
