# Exhibit Z

STATE OF NORTH CAROLINA    IN THE GENERAL COURT OF JUSTICE
                            SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG              06-CvS- 6006

KA HOLDINGS OF NEW YORK, INC.   }
                                }
            Plaintiff,           }
                                }
vs.                             }   ORDER DISMISSING
                                }
                                }   PLAINTIFF'S APPEAL
OVERLAND PROPERTIES, INC.       }
and HAWTHORNE MILL, L.L.C.      }
                                }
            Defendants.         }

   This Matter came on to be heard before the undersigned, on 12 September 2006, on Defendant's Motion for Sanctions and an Award of Attorney Fees pursuant to Rule 11 and NCGS 6-21.5. While reviewing the file, it came to the Court's attention that a Notice of Appeal by Plaintiff had been entered in the record in late-August. The Court then investigated and inquired further. Based upon this inquiry, the Court made the following **Findings of Fact.**

   1) The Notice of Appeal in this case refers to the ruling entered by the Honorable David S. Cayer on August 3, 2006. That ruling granted Defendants' Motion pursuant to Rule 12 (b) (6). This is out of the ordinary in as much as the normal procedure for a Plaintiff whose claim is dismissed based on an insufficient pleading would be to re-file a new and sufficient pleading.

   2) The Court's inquiry of counsel of Defendants elicited the response that said counsel had never been served with the Notice of Appeal, and had no knowledge of its existence or entry in the record. Plaintiff's counsel represented orally to the Court that Defendants' counsel should have been served a copy by mailing.

   3) However, upon further review, the Court ascertained that the Notice of Appeal filed in the court record had no certificate of service attached or accompanying it.

   4) Thus the Court finds that Plaintiff counsel failed to serve the Defendants with Notice of Appeal, and obviously failed to so certify as well. Mr. Chagaris offered no explanation for such failure, and his conduct as an officer of the court is found wanting.

   5) The foregoing findings lead to the factual conclusion that Mr. Chagaris has failed to comply with the Rules of Appellate Procedure, in that he has failed to take timely action to properly appeal from Judge Cayer's Order.

WHEREFORE, the Court now makes the following **Conclusions of Law:**

1) The Plaintiff's attorney, Christopher G. Chagaris, has failed to comply with Rule 26 (b) of the Rules of Appellate Procedure which requires that "[c]opies of all papers filed by any party .... shall be served on all other parties to the appeal."

2) Mr. Chagaris has also failed to comply with Rule 26 (d) which requires that "[p]apers presented for filing shall contain an acknowledgement by the person served or proof of service in the form of a statement of the date and manner of service....". The record is uncontroverted that no proof of service appears on or is affixed to the Notice of Appeal that was filed.

3) Pursuant to Rule 25 (a) Mr. Chagaris has failed to take timely action in filing a Notice of Appeal, and this Court is the proper court to entertain a Motion to Dismiss in accord with Rule 36.

4) Defendants motion to dismiss the appeal is allowable and should be granted.

**NOW THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED** that

1) Defendants' Motion to Dismiss the Plaintiff's appeal is allowed, and said appeal is dismissed.

THIS \_\_\_20th\_\_\_ day of September, 2006.

_____
The Honorable Richard D. Boner,
Judge Presiding

2