# Exhibit AA

STATE OF NORTH CAROLINA       IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG             06-CvS- 6006

KA HOLDINGS OF NEW YORK, INC.  }
                               }
        Plaintiff,     }
                               }
vs.                       }         ORDER & JUDGMENT
                               }
                               }
OVERLAND PROPERTIES, INC.     }
and HAWTHORNE MILL, L.L.C.     }
                               }
       Defendants.  }

      This Matter came on to be heard before the undersigned, on 12 September 2006, on Defendant's Motion for Sanctions and an Award of Attorney Fees pursuant to Rule 11 and NCGS 6-21.5.
      By separate order entered contemporaneously herewith, this Court, on Motion of the Defendants, and on the plain merits as shown in the court file, dismissed the Appeal entered in this case by Plaintiff's attorney for reasons set out in that separate Order. Thereupon, this Court conducted a review of the pleadings and exhibits herein and Defendants' Memorandum in Support of their aforesaid Motion. This Court also reviewed the court records in two other cases involving the same parties, 02 CvS 16135 and 03 CvS 12766, and considered the statements of counsel for the Defendants and counsel for the Plaintiff. Based upon this inquiry, the Court makes the following **Findings of Fact**.

1) This case represents the third case that Plaintiff has instituted against the same Defendants herein. All cases were filed in Mecklenburg County Superior Court. Christopher G. Chagaris has been the sole attorney for the Plaintiff in all cases.
2) The first case, 02 CvS 16135, was dismissed with prejudice by the Honorable Marcus L. Johnson in November 2002, and the order to that effect was filed of record on December 12, 2002.
3) The second case, 03 CvS 12766, was filed by Plaintiff in July 2003. In February 2005 the Honorable Forrest D. Bridges, by order duly signed and entered in March 2005, dismissed all claims contained in Plaintiff's 2nd complaint with the exception of a claim alleging conversion of personal property. Thereafter, in March 2005, with the case on a trial calendar set to be called for trial, the Plaintiff entered a voluntary dismissal in the 2nd case.
4) After this voluntary dismissal of the 2nd case, the Honorable Marvin K. Gray conducted a hearing on Defendants' Motion for Sanctions and Attorney's Fees and ruled verbally from the bench that he was sanctioning Plaintiff and ordering

    Plaintiff to pay Defendants' reasonable attorney fees. The findings of Judge Gray are set forth in the Order entered in the 2nd case ( 03 CvS 12766), and are adopted herein by reference. Said written Order was filed in the record on July 27, 2006, and it specifically ordered the Plaintiff to pay attorney fees and costs in the amount of $13,855.85 to Defendants' counsel in that case within 30 days thereof.

5) The Complaint in this 3rd case was filed by Plaintiff in March 2006, 360 days after the voluntary dismissal of the 2nd case.

6) Mr. Chagaris, having represented the Plaintiff in each case, was fully aware of the ruling of Judge Gray, and had ample opportunity to investigate the circumstances complained of and to ascertain for himself the good faith of the party he represented, particularly in light of Judge Gray's findings to the effect that Plaintiff had failed to prepare and diligently prosecute the 2nd case.

7) Mr. Chagaris filed this 3rd complaint knowing full well that his client had not paid the attorney fees and costs that Judge Gray in the 2nd case ruled must be paid. Moreover, Mr. Chagaris served as attorney for the Plaintiff in this case even though he represented to Judge Gray that he would not be involved in further litigation based on the same subject matter.

8) The Defendants have incurred substantial costs and attorney's fees in defending against the multiple claims brought by Plaintiff. In this case, the affidavit of the Defendants' attorney shows the legal costs to be $7,132.40.

9) Based on the prior rulings of the respective Superior Court judges, it is evident that Plaintiff's claims were non-justiciable, without underlying legal or factual bases, except for possibly the claim of conversion. However, as to the conversion claim of Plaintiff in this case, Judge Cayer has now found such claim to be non-justiciable because it is barred by the statute of limitations.

10) The foregoing findings lead to the factual conclusion that Mr. Chagaris has failed to make a reasonable inquiry into the validity of Plaintiff's representations, and to independently determine that the Plaintiff's claim was not concocted or put forward for an improper purpose, and that Mr. Chagaris has exhibited an unconcern for the details inherent in a fair administration of the civil justice system.

WHEREFORE, the Court now makes the following **Conclusions of Law**:

1) The Plaintiff's attorney, Christopher G. Chagaris, has failed to uphold his duty under Rule 11 of the Rules of Civil Procedure to assure that any pleading signed by him is well grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Mr. Chagaris's conduct in filing this case under the factual circumstances represents a dereliction of his duty as an officer of the court and is sanctionable conduct.

2) An award of attorney fees and expenses is also appropriate under NCGS 6-21.5 in as much as the case brought was non-justiciable and represented the 3rd unsuccessful and apparently insincere attempt to force Defendants to litigate.

3) An appropriate sanction in this matter is an order for said Plaintiff's attorney to pay the amount of the reasonable expenses incurred by Defendants because of the filing of this action. These expenses total $ 7,132.40.

4) The costs incurred by Defendants in defending this current case, as shown by the Affidavit of Defendants' attorney and the Summary of Legal Services are reasonable and should be paid by Mr. Chagaris pursuant to Rule 11 and NCGS 6-21.5.

**NOW THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED** that

1) Defendants' motion for sanctions against Plaintiff's attorney, Christopher G. Chagaris, is allowed.

2) Christopher G. Chagaris shall pay the sum of $ 7,132.40 to and for the benefit of the Defendants herein. Payment should be made by bank certified or cashiers check to Defendants' counsel: Peter K. Thompson, 516-B Fenton Place, Charlotte, NC 28207. Payment shall be made no later than 60 days from the entry of this Order.

THIS __20th__ day of September, 2006.

The Honorable Richard D. Boner,
Judge Presiding