John M. Voelp
8 John Walsh Blvd. Ste. 411
Peekskill, New York 10566
Attorney for Plaintiff

UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KA HOLDINGS OF NEW YORK, LTD. a/k/a KA
HOLDINGS LTD OF NY a/k/a KA HOLDINGS LTD.,

                                  Plaintiff,

       -against-

                                  Case #: 07 civ 9675 (ser)(lms)

CHRISTOPHER CHAGARIS,

                                  Defendant.
-----------------------------------------------------------X

## MEMORANDUM OF LAW OF PLAINTIFF, KA HOLDINGS, LTD., IN OPPOSITION TO MOTION OF DEFENDANT TO DISMISS THE COMPLAINT OR, IN THE ALTERNATE, TRANSFER THIS ACTION TO THE WESTERN <u>DISTRICT OF NORTH CAROLINA</u>

On the brief:
John M. Voelp

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .............................................................................................ii

PRELIMINARY STATEMENT ..........................................................................................1

AMENDED COMPLAINT ..................................................................................................1

STATEMENT OF FACTS....................................................................................................4

ARGUMENT ..................................................................................................................7

    I.    THE COMPLAINT MUST NOT BE DISMISSED AS PLAINTIFF
        CAN SATISFY ITS BURDEN TO ESTABLISH PERSONAL
        JURISDICTION OVER CHAGARIS ...........................................................7

    II.    THE COMPLAINT SHOULD NOT BE DISMISSED AS
        PLAINTIFF HAS SATISFIED ITS BURDEN TO SHOW
        THAT SUBJECT MATTER JURISDICTION EXISTS ........................................11

        A. PLAINTIFF HAS SUFFICIENTLY PLED DIVERSITY    ..........................12

        B. PLAINTIFF HAS STANDING    .......................................................12

    III.    THE COMPLAINT SHOULD NOT BE DISMISSED AS PLAINTIFF
        CAN SATISFY ITS BURDEN TO SHOW THAT VENUE
        IS PROPER IN THE SOUTHERN DISTRICT OF NEW YORK............................12

        A. DUE PROCFESS ANALYSIS    .......................................................14

    IV.    IN THE ALTERNATIVE, THIS ACTION SHOULD BE
        TRANSFERRED TO THE WESTERN DISTRICT OF
        NORTH CAROLINA .............................................................................19

    V.    CONCLUSION .................................................................................20

# TABLE OF AUTHORITIES

**Cases:**

*APWU v. Potter, 343 F. 3d 619 (2d Cir. 2003)*...................................................................11

*Bank Brussells Lambert v. Fiddler, Gonzalez & Rodriguez, 171 F 3d 779 (2d Cir. 1999)* ......9, 17

*Bates v. C & S Adjusters, Inc., 980 F. 2d 865* ...................................................................16

*Burger King Corp. v. Rudzewicz, 471 US 462*....................................................................10

*Calder v. Jones, 465 US 783* ...........................................................................................8

*Corke v Sameiet M. S. Song of Norway, 572 F. 2d 77 (2d Cir. 1978)* ................................20

*Daniel v. American Board of Emergency Medicine 428 F. 3d 408 (2d Cir. 2005)*............19, 20

*Estwing Mfg.Co., Inc.  v. Singer, 382 US 905 [1965]* ..........................................................8

*Fischbarg v. Doucet, 38 A.D. 3d 270*.......................................................................8, 9, 10

*Florczak, 2006 WL 1085173 (N.D.N.Y.)* .....................................................................7, 10

*Hanson v. Denckla, 357 US 235*.....................................................................................10

*Haar v. Armendaris Corp., 31 NY 2d 1040* .......................................................................9

*International Shoe Co. v. Washington, 326 US 310*..............................8, 10, 14, 15, 18

*Jordache Enterprises, 1994 WL 74860*...........................................................................16

*Kaczorowski v. Black & Adams, 293 AD 2d 358*.................................................................9

*Kelly v. MD Buyline, Inc., 2F Supp. 2d 420 [S.D.N.Y. 1998]*................................................9

*Kramer v. Time Warner, Inc., 937 F. 2d 774*....................................................................18

*Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 NY 2d 443*...................................8

*PI, Inc. v. Quality Products, Inc. 907 F. Supp. 752 (S.D.N.Y. 1995)*...................7, 11, 13, 16, 17

*Parke – Bernet Galleries v. Franklin, 26 NY 2d 13 [1970]*...................................................9

*Pennie and Edmunds v. Austad Co., 681 F. Supp. 1074 [S.D N.Y. 1988]*..............................8

*Pilates, Inc. v Pilates Inst., Inc., 891 F Supp., 175 [SD NY 1995]* ......................................10

*Safferstein v. Paul, mardinly, Durhan, James, Flandreau & Rodger, P.C., 927 F. Supp, 731* ....19

*Savin v. Ranier, 898 F. 2d 304* ........................................................................................7

*Sazerac Co., Inc. v. Falk, 94 civ. 2330 (RWS)*.................................................................11

*World-Wide Volkswagen Corp v. Woodson, 444 US 286* ....................................................10

*Zitman v Tucker 94-6658, 1994 WL 713693, (S. D. N. Y. December 21st, 1994)*...................16

**Statutes:**

28 USC §1332 …...................................................................................12
28 USC § 1391 ...................................................................................13
28 USC § 1391(a)  ...............................................................................13
28 USC § 1391 (a)(2)...........................................................................13, 14
28 USC § 1404(a)   ...............................................................................19
28 USC § 1406(a)   ...............................................................................20
CPLR § 302(a)(1)...................................................................................8
CPLR § 302(a) .....................................................................................7, 8

**Rules:**

Fed. R. Civ. P. 12(b)(1) ......................................................................20
Fed. R. Civ. P. 12(b)(2) ......................................................................20
Fed. R. Civ. P. 12(b)(3) ..................................................................1, 12, 30

**Articles:**

65 Fordham L. Rev. 2241, 2251-2253 …………………………………………………......14

## PRELIMINARY STATEMENT

In this diversity action, Plaintiff KA Holdings of New York, LTD. a/k/a KA Holdings LTD. of NY a/k/a KA Holdings, LTD. (hereinafter referred to as "KA") respectfully submits this memorandum of law in opposition to Defendant's motion for an Order: (1) pursuant to Fed. R. Civ. P. 12(b)(3), dismissing the Complaint with prejudice based on improper venue; (2) pursuant to Fed. R. Civ. P. 12(b)(2), dismissing the Complaint with prejudice for lack of personal jurisdiction; or (3) in the alternative, pursuant to 28 U.S.C. §§ 1404(a) and/or 1406(a), transferring this action to the United States District Court for the Western District of North Carolina; and (4) pursuant to Fed. R. Civ. P. 12(b)(1), dismissing the Complaint with prejudice for lack of subject matter jurisdiction, as the Defendant alleges that Plaintiff has failed to establish diversity and standing; and (5) granting such other and further relief as to this Court seems just and proper.

This action arises from legal services that the Defendant Christopher Chagaris (hereinafter referred to as "Chagaris"), a North Carolina resident and attorney, provided to the Plaintiff, a New York domiciliary, in three (3) separate actions in the Superior Court of North Carolina, and the Defendant's misrepresentations, via mail, e-mail and telephonically, to both the Plaintiff and the Plaintiff's New York counsel (who acted as the Defendant's liaison and agent with the Plaintiff) as to the true and correct status of the matters pending in North Carolina and his representation therein. The named Plaintiff in the Amended Complaint was a party to the three (3) North Carolina actions and was the client of the Defendant, Chagaris, at all times.

## AMENDED COMPLAINT

Plaintiff's Amended Complaint alleges five (5) causes of action. The First (1st) Cause of Action alleges that the Defendant, Chagaris, as an attorney, agreed to represent the Plaintiff in the "First N.C. Action" in confirming an Arbitration Award that the Plaintiff had obtained through Arbitration in New York, against a North Carolina domiciled company. The First (1st) Cause of Action further alleges that the Defendant, Chagaris, failed to properly represent the Plaintiff, and, more particularly, through mail, e-mails and telephonic communications with both the Plaintiff and Plaintiff's New York counsel, deliberately and fraudulently misrepresented the

1

status of his representations and the status of the case and/or cases that he represented the Plaintiff on in North Carolina to the point where he had hidden and/or obfuscated the true status and nature of the cases, to the detriment of the Plaintiff herein. The First (1st) Cause of Action further alleges that the Defendant, Chagaris, made the Plaintiff's New York counsel his agent in the continued representation of, and false and fraudulent communications to, the Plaintiff regarding the true nature and status of the Plaintiff's claims and causes of actions which he pursued in North Carolina. The First (1st) Cause of Action also alleges the breach of the fiduciary duty of the Defendant.

In the Plaintiff's Second (2nd) Cause of Action Plaintiff alleges that the Defendant again agreed to represent the Plaintiff in the "Second N.C. Action" and entered upon a scheme and course of conduct, through mail, e-mail and telephonic communications with both the Plaintiff and Plaintiff's New York counsel, deliberately and fraudulently misrepresented the status of his representations therein and the status of the case and/or cases that he represented the Plaintiff on in North Carolina, in order to conceal the true nature and status of the proceedings from the Plaintiff, and his malpractice and breach of fiduciary obligations to the prejudice and damage of the Plaintiff. The Second (2nd) Cause of Action further alleges that the Defendant thereby committed a fraud upon the Plaintiff, again through false and fraudulent communications by mail, e-mail and telephonically to the Plaintiff and Plaintiff's New York counsel as to the true nature and status of the proceedings held in the North Carolina actions. The Second (2nd) Cause of Action also alleges the breach of the fiduciary duty of the Defendant.

The Third (3rd) Cause of Action alleges that the Defendant, again represented the Plaintiff in the "Third N. C. Action" and failed to properly communicate with the Plaintiff and to properly advise the Plaintiff as to the status of the Plaintiff's matters in North Carolina and that he engaged in a course of conduct by mail, e-mail and telephonic communications to the New York, to the Plaintiff and to Plaintiff's New York counsel to hide and obfuscate the true status of Plaintiff's proceedings and to deceive and defraud the Plaintiff of it's rightful monies, thereby being untruthful and nefarious and accomplishing his own end to the prejudice of the Plaintiff. The Third (3rd) Cause of Action also alleges the breach of the fiduciary duty of the Defendant.

The Fourth (4th) Cause of Action alleges a violation of the New York Judicial Law, Section 487, in that the Defendant was guilty of deceit or collusion with intent to deceive the Court, or any party; or that the Defendant willfully delayed his client's suit with a view to his own gain; or willfully receives any money or allowance for or on account of any money which he has not laid out or becomes answerable for, and that the Defendant, again, engaged in a course of conduct by mail, e-mail and telephonic communication to New York, to the Plaintiff in New York and to the Plaintiff's New York counsel to deceive and to defraud the Plaintiff of it's rightful monies, thereby being untruthful and nefarious in accomplishing to his own end to the prejudice of the Plaintiff. The Fourth (4th) Cause of Action further alleges that the Defendant converted the Plaintiff's money and retained the proceeds and misappropriated the funds for his own benefit and use. The Fourth (4th) Cause of Action further alleges that the Defendant failed to keep the Plaintiff apprised of any notices regarding it's case and hid the true facts from the Plaintiff and the Defendant, thereby, violated his fiduciary obligations to the Plaintiff, and that, over a period of years, he conducted a chronic and extreme pattern of legal delinquency, which deprived Plaintiff of it's rights therein, and that the Defendant improperly accepted a fee for same, thereby making the Defendant liable to the Plaintiff for treble damages and punitive damages.

The Fifth (5th) cause of action alleges that the Defendant again committed a fraud upon the Plaintiff by engaging in a course of conduct by mail, e-mail and telephonic communication to New York, to the Plaintiff in New York and to the Plaintiff's New York counsel to deceive the Plaintiff of its rightful monies, in that the Defendant demanded and took One Thousand Dollars from the Plaintiff to hold in escrow for transcripts of the proceedings in North Carolina, and that he converted same to his own use and committed a fraud on the Plaintiff through the aforesaid mail, e-mail and telephonic communication to New York in an effort to deceive and defraud the Plaintiff of its rightful monies, being untruthful and nefarious in accomplishing his own end, to the prejudice of Plaintiff.

3

Property Sales Contract, KA agreed to sell to Hawthorne, as Overland's successor in interest, the NC Real Property. (Chagaris Decl., Ex. 43, p. 1)

## C    The Arbitration Award

Prior to Chagaris' retention as counsel, the American Arbitration Association, in Westchester County, New York, issued an arbitration award dated February 27th, 2002 (the "Arbitration Award") in favor of KA and against Hawthorne, holding that Hawthorne had breached the NC Real Property Sales Contract and the NC Escrow Agreement. (Chagaris Decl., Ex. 1, p. 1). The Arbitration Award, *inter alia*, required (1) Hawthorne to grant KA access to a portion of the NC Real Property to remove its inventory by March 30th, 2002, (2) Hawthorne to return to the Escrow Agent the portion of the Fifty Thousand Dollars ($50,000.00) security fund deposit (the "Security Fund Deposit") released to it, if any, and (3) the Escrow Agent to hold the Security Fund Deposit in escrow pursuant to the NC Escrow Agreement. (Chagaris Decl., Ex. 1, p. 1-2).

## D    KA Holdings Retained Chagaris to Confirm the Arbitration Award in North Carolina

Plaintiff alleges it retained Chagaris in or about April, 2002 to confirm the Arbitration Award in North Carolina State Court and to recover damages pursuant thereto. (Am. Compl., ¶ 7; *see also* Chagaris Decl., ¶7, Ex. 4).

### 1.    The First NC Action

Plaintiff alleges Chagaris filed an action on its behalf bearing Docket No. 02-CVS-16135. (Am. Compl., ¶¶ 8-10; Adler Aff. ¶¶ 9-10; *see also* Chagaris Decl., ¶7). That action, entitled *KA Holdings Ltd. of New York v. Hawthorne Mill, L.L.C.,* was filed in the Superior Court of North Carolina, County of Mecklenburg (the "First NC Action"). By Order dated December 12th, 2002, the North Carolina Court denied the confirmation of and vacated the Arbitration Award on the grounds that (1) the arbitrator lacked authority, power, and jurisdiction over Hawthorne and (2)

KA did not seek a Court Order compelling Arbitration where Hawthorne timely objected to Arbitration. (Am. Compl., ¶ 19; Adler Aff. ¶¶ 9-10, 63; Chagaris Decl., ¶7, Ex. 4). Plaintiff alleges that Chagaris failed to argue at that hearing that the Defendant, Overland, had failed to seek a stay of the Arbitration hearing, and that Chagaris further failed to perfect an appeal on behalf of the Plaintiff, and that Chagaris failed to properly advise Plaintiff of the true status and nature of the proceedings at that time, by sending erroneous and fraudulent e-mails and telephonic communications to New York, to the Plaintiff in New York and to the Plaintiff's New York counsel (Am. Compl. ¶ 19).

## 2.    The Second NC Action

In July, 2003, pursuant to the advice of Chagaris, KA authorized Chagaris to file a second (2nd) action in the Superior Court of North Carolina, County of Mecklenburg, entitled *KA Holdings of New York, Inc. v. Overland Properties, Inc. and Hawthorne Mill, L.L.C.*, Docket No. 03-CVS-12766 (the "Second NC Action") to recover the same relief under the NC Real Property Sales Contract sought in the Arbitration and First NC Action. (Am. Compl., ¶¶ 23-25; Chagaris Decl., ¶8, Ex. 5).

By Order dated March 21st, 2005, the North Carolina Court granted partial summary Judgment, dismissing all causes of action, except for KA's cause of action for wrongful conversion of property, on the grounds those causes of action are arbitrable and were resolved by the December 12th, 2002 Order in the First NC Action. (Am. Compl.C 35; Chagaris Decl., ¶ 9, Ex. 6). Further, Plaintiff learned in 2007, that, by Order of the of the Hon. Marvin Gray, dated July 27th, 2006, Mr. Chagaris failed to prosecute the Second Action, 03CvS12766, in that he never participated in discovery or appeared for Court Ordered mediation (Adler Aff. ¶ 65). On or about March 28th, 2005, on the advice of Chagaris, KA authorized Chagaris to voluntarily dismiss the Second NC Action without prejudice. (Am. Compl. ¶ 40-41); (Chagaris Decl., ¶10, Ex. 7).

6

3.    **The Third NC Action**

On or about June 6th, 2006, as attorney for KA, Chagaris filed a third action in the Superior Court of North Carolina, County of Mecklenburg, entitled *KA Holdings of New York, Inc. v. Overland Properties, Inc. and Hawthorne Mill, L.L.C.,* Docket No. 06-CVS-6006 (the "Third NC Action"), containing a single cause of action for conversion of property arising from the NC Real Property transaction. (Am. Compl., ¶ 43; Chagaris Decl., ¶11, Ex. 8).

By Order dated August 3rd, 2006, the North Carolina Court dismissed the Third NC Action on the ground it is barred by the applicable statue of limitations. (Chagaris Decl., ¶12, Ex. 9).

## ARGUMENT

**I.    THE COMPLAINT SHOULD NOT BE DISMISSED AS PLAINTIFF HAS SATISFIED ITS BURDEN TO ESTABLISH PERSONAL JURISDICTION OVER CHAGARIS**

As stated in the Defendant's Memorandum of Law, the Court must first determine whether there is jurisdiction over the Defendant under the law of the forum state, which in this case is New York. Second, if jurisdiction is appropriate under the forum state's laws (New York), the Court must then decide whether the exercise of jurisdiction comports with Federal due process. *Savin v. Ranier, 898 F. 2d, 304, at 396; Florczak, 2006 WL 1085173 (N.D.N.Y.) * 1-2; See also PI, Inc. v. Quality Products, Inc. 907 F. Supp. 752, at 758-59.* Under New York Law CPLR § 302(a), personal jurisdiction may be asserted against a non domiciliary Defendant. In this case, § 302(a) subsections (1)(2) are applicable to this matter. The claims in this action do not arise only from legal services the Defendant, Chagaris, provided solely in the three (3) North Carolina actions. Plaintiff is claiming, in its Amended Complaint that the Defendant adopted the Plaintiff's New York counsel as Defendant's agent in New York, and that the Defendant, after committing malpractice in the North Carolina actions, continually acted in a manner so as to deceive and defraud the Plaintiff and Plaintiff's New York counsel as to the true nature and status and

7

proceedings of the actions in North Carolina. (Am. Compl., ¶ ¶ 7, 64, 66, 68, 70, 71, 78, 83, 84, 86, 95, 99, 100, 110, 113, 115, 116, 119, 121, 122, 132, 135, 136, 147, 148, 151). Plaintiff's contention is that the Defendant thereby "projected" himself into the State by mail, e-mail and telephonic communications and by regular mail in a scheme to defraud the Plaintiff and hide and conceal the true nature and status of the proceedings in the North Carolina actions, and to hide and obfuscate the legal malpractice and negligence of the Defendant therein.

Requiring this Defendant to defend this case in New York does not, in the circumstances, offend "traditional notions of fair play and substantial justice". *Calder v. Jones, 465 US 783, 788; International Shoe Co. v. Washington, 326 US 310,316; See also Fischbarg v. Doucet, 38 A.D. 3d 270.* This Defendant purposely availed himself of the services of the Plaintiff's New York counsel as Defendant's agent (Am. Compl., ¶ ¶ 7, 78, 83, 99, 119, 136; Adler Aff. ¶ ¶ 11-16, 19-20, 23-24, 29, 45), and the Defendant Chagaris projected himself into the State via mail, e-mail and telephonic communications all with the intent to defraud, hide and obfuscate the true nature and status of his negligence in his proceedings that he conducted in the North Carolina actions. This was part of the Lawyer-Client relationship and only one of a number of acts by which the Defendant projected himself into this state, and all of these acts are directly related to the Plaintiff's claims. *See Fischbarg, p. 274. Also see Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 NY 2d 443, 457 [1965] cert denied sub .nom; Estwing Mfg.Co., Inc.  v. Singer, 382 US 905 [1965].*

Pursuant to CPLR § 302(a)(1) this Court would have jurisdiction over a Defendant if the Defendant "(1) *transacts any business within the state or contracts anywhere to supply goods or services in the state...*" In this case, the Defendant, Chagaris, projected himself into New York by way of his use of Plaintiff's New York counsel as his agent thereby purposely availing himself of the services of Plaintiff's New York counsel in this state. *See Pennie and Edmunds v. Austad Co., 681 F. Supp. 1074, 1077 [SD NY 1988].* In that case, litigation took place in Maryland and the Defendant's participation, through an agent and the preparation for that litigation in New York, was sufficient to confer personal jurisdiction for purposes the longarm statute. In this case, the Defendant, Chagaris, pleaded matters for the Plaintiff in North Carolina, but the Defendant participated, through Plaintiff's New York counsel as his agent, in the

preparation for that litigation by communications through mail, electronic internet e-mail and telephonic communications in and to New York which, therefore, makes it sufficient to confer personal jurisdiction for the purposes of the New York longarm statute. *See Kelly v. MD Buyline, Inc., 2F Supp. 2d 420, 430[SD NY 1998]*. As in the *Fischbarg* case *38 A.D. 3d 270, 273*, throughout the Defendant Chagaris' representation of the Plaintiff, the Defendant made frequent phone calls to the Plaintiff and Plaintiff's New York counsel, and sent his mail, e-mails and faxed communications to the Plaintiff and Plaintiff's New York counsel in New York. Chagaris telephonically communicated with the Plaintiff's New York counsel as and for his agent and liaison with the Plaintiff, and he consulted with Plaintiff's New York counsel about the lawsuits and formulated and executed litigation strategies. (Adler Aff. ¶ 11, 12, 13, 15, 16, 19, 23, 43, 45) Defendant's contacts with the Plaintiff and Plaintiff's New York counsel were neither insubstantial nor sporadic (*CF. Haar v. Armendaris Corp., 31 NY 2d 1040 [1973]*).

It is the Plaintiff's contention that by the Defendant working with the Plaintiff and/or Plaintiff's New York counsel and by consistently engaging in the course of conduct of fraud in order to hide and obfuscate the true nature and the status of the proceedings in North Carolina, and that by these actions occurring on a consistent basis during the period in question, over a four (4) year period of time, that the Defendant "transacted business" in New York sufficient to subject himself to this state's jurisdiction over him. *See Kaczorowski v. Black & Adams, 293 AD 2d 358*. "With the evolution of technology, it is clear that physical presence alone should not determine whether one has purposely availed itself of a state's rights and benefits for jurisdictional purposes." The Court has recognized this fact, stating 'lawyers and other professionals today transact their business with their pens, their fax machines and their conference calls -- not with their feet' (See *Bank Brussells Lambert v. Fiddler Gonzalez & Rodriguez, 171 F 3d 779,787 [2d Cir. 1999]*). Indeed, the notion that a party need not have a physical presence in New York to be subject to CPLR 302(a)(1) jurisdiction is long recognized. In 1970, the New York Court of Appeals held that 'one need not be physically present in order to be subject to the jurisdiction of our Courts under CPLR 302 for, particularly in this day of instant long range communications, one can engage in extensive purposeful activity here without ever actually setting foot in the state' (*Parke – Bernet Galleries v. Franklin, 26 NY 2d 13, 17 [1970]*). Thus, it is not determinative that the Defendant was not physically present in the state of New

9

York, *See Pilates, Inc. v Pilates Inst., Inc., 891 F Supp, 175, 179 [SD NY 1995]* ['Defendant need not actually enter New York to be viewed as transacting business in the state (under CPLR 302[a][1]'). See *Fischbarg v. Doucet, 38 A.D. 3d 270, 274.*

It is clear that this Defendant, Chagaris, "actively" projected his "activities at residents of the forum", and that the Plaintiff's claims arise from or relate to those activities. *Burger King Corp. v. Rudzewicz, 471 US 462, 472 (1985).* As a result, Chagaris established "minimum contacts" with the forum state, such that exercise of personal jurisdiction over him "does not offend 'judicial notions of fair play and substantial justice'" *International Shoe Co. v. Washington, 326 US 310, 316 (1945)* (internal citations omitted). The Complaint must not be dismissed, as the exercise of jurisdiction over Chagaris would comport with Federal due process. Clearly Chagaris knew, or should have known, that his fraudulent mailings, e-mails and telephonic communications to Plaintiff and Plaintiff's New York counsel regarding the status and true nature of the proceedings in North Carolina, by sending same into New York, could be considered fraud and fraudulent conduct against the Plaintiff in New York, and he should have anticipated that these actions would have subjected him to being sued in New York. These actions were not "random" "fortuitous" or "attenuated" contacts. *See Burger King, 471 US at 475, 479.* The Court in *World-Wide Volkswagen Corp v. Woodson, 444 US 286, 297 (1980)* stated "This is not to say of course that foreseeability is wholly irrelevant. ...Rather it is that the Defendant's conduct and connection with the forum state are such that he shall reasonably anticipate being hailed into Court there." In the case before this Court, Chagaris intentionally delivered his "product" into the stream of commerce in New York by "projecting" himself into New York with his fraudulent and misleading mail, e-mail and telephonic communication as to the true nature and status of the actions pending in North Carolina in an effort to hide the malpractice that he committed, and with the intention and expectation that the Plaintiff and Plaintiff's New York attorney would "purchase" and accept the fraudulent misrepresentations as true and accurate. As a result, Chagaris "purposely avail[ed] [himself] of the privilege of conducting activities in [New York], thus invoking the benefits and protection of its laws, and the exercise of jurisdiction over Chagaris would not violate due process. *Hanson v. Denckla, 357 US 235, 253 (1958); Savin, 898 F. 2d at 307; Florczak, 2006 WL 1085173 (N.D.N.Y.) * 3.*

The Court, in *PI, Inc. 907 F. Supp. at 755* stated "when considering motions to dismiss, the Court" 'must accept the material facts alleged in the Complaint as true and construe all reasonable inferences in the Plaintiff's favor.'" (internal citations omitted). The Court, in *Burger King 479 U.S. at 475* held "jurisdiction is proper, however, where the contacts proximately result from actions by the Defendant *himself* that create a 'substantial connection' with the forum state…thus, where the Defendant deliberately engaged in significant activities within a state,…or has 'continuing obligations' between himself and residents of the forum…he manifestly has availed himself of the privilege of conducting business there,…it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." (Internal citation omitted).

. Plaintiff herein alleges that Defendant Chagaris committed fraud and negligent misrepresentations upon it. The Court in *Sazerac Company, Inc. v. Falk 94 civ. 2330 (RWS)* * 259 held "New York Law affixes liability when: (1) there is an awareness that the [representations] were to be used for a particular purpose; (2) a known party relied on a representation in order to further that purpose; (3) the Defendant engaged in some conduct which indicates that the party had lied on the representation." Here, Chagaris frequently and negligently misrepresented the true nature and status of the North Carolina proceedings and the Plaintiff relied upon the misrepresentations of Chagaris and Chagaris engaged in conduct which indicated that the Plaintiff had relied on Chagaris' misrepresentations all to the detriment of the Plaintiff.

## II.    THE COMPLAINT SHOULD NOT BE DISMISSED AS PLAINTIFF HAS SATISFIED ITS BURDEN THAT SUBJECT MATTER JURISDICTION EXISTS

Plaintiff has established its burden, by a preponderance of the evidence, that subject matter jurisdiction exists. Plaintiff has satisfied its burden inasmuch as it has established (1) diversity and (2) standing. In a motion to dismiss for lack of subject matter jurisdiction, the Court "has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as Affidavits." *APWU v. Potter, 343 F. 3d 619, 627 (2d Cir. 2003)*.

A.    **PLAINTIFF HAS SUFFICIENTLY PLED DIVERSITY**

Plaintiff alleges subject matter jurisdiction based on diversity of citizenship pursuant to 28 USC §1332 (*Am. Compl., § § 1,2,5*).

B.    **PLAINTIFF HAS STANDING**

Plaintiff is the proper party to invoke jurisdictional resolution of this dispute. Plaintiff establishes standing inasmuch as documentary, evidence and the Amended Complaint show that Chagaris did represent it in the three (3) North Carolina actions (*Am. Compl., §§1,2,5); (Chagaris Decl.,¶, Ex..4- 9*).

III.    **THE COMPLAINT SHOULD NOT BE DISMISSED AS PLAINTIFF HAS SATISFIED ITS BURDEN TO SHOW THAT VENUE IS PROPER IN THE SOUTHERN DISTRICT OF NEW YORK**

Chagaris alleges in his motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), the Plaintiff has the burden of proof to show that venue is proper for *each* claim asserted. The Plaintiff has satisfied its burden inasmuch as the Plaintiff has alleged in the Amended Complaint that Chagaris in each cause of action wrongfully, fraudulently, intentionally, in dereliction of his duty, and in an attempt to hide and obfuscate the true status and nature of the proceedings in North Carolina, sent numerous mailings, e-mails and telephonic communications to New York, to both the Plaintiff in New York and the Plaintiff's New York counsel, and deliberately misled Plaintiff and Plaintiff's New York counsel as to the true nature and status of the proceedings being held in North Carolina. Further, the Plaintiff alleges in its Amended Complaint that the Defendant, Chagaris, made the Plaintiff's New York counsel his agent in the continued misrepresentation of the false and fraudulent communication to the Plaintiff regarding the true nature and status of the Plaintiff's claims and causes of action. Further, the Plaintiff alleges that all of these communications were made by the Defendant, Chagaris, to the Plaintiff and Plaintiff's New York counsel, in New York by mail, e-mail and

telephonic means. (Am. Compl., ¶¶ 7, 64, 66, 75, 83, 87, 99, 115, 136, 147, 151). Further, Plaintiff alleges in its Fourth Cause of Action that the Defendant violated New York Judiciary Law, Section 487. (Am. Compl., ¶ 103).

It is clear from the Amended Complaint that the Defendant Chagaris initiated and instigated himself into the State of New York by converting the Plaintiff's New York counsel to be his agent in an attempt to delay, hide, obfuscate, and fraudulently represent the status of the cases that he had represented the Plaintiff on in North Carolina. These communications were made by the Defendant, Chagaris, to New York, by mail, e-mail and telephonically and therefore, the fraud committed by the Defendant Chagaris, as a result thereof, was committed in New York. The witnesses to this fraud are the parties themselves and Plaintiff's New York counsel, Charles J. Diven, Jr. There are no other witnesses to this fraud that are known to the Plaintiff herein, other than the secretary to Charles J. Diven, Jr., as well as the possible secretary at the time to the Defendant, Chagaris.

The venue statue, 28 U.S.C. § 1391, is for the protection of both of the parties, not merely for the protection of the Defendant. 28 U.S.C. § 1391(a)(2) is relevant in that this civil action herein may be brought in that, pursuant to the allegations made by Plaintiff in its Amended Complaint, the Southern District of New York is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, in that the Defendant Chagaris' fraud and misrepresentation and conversion of the Plaintiff's New York counsel as his agent in his attempt to continue to perpetrate a fraud upon Plaintiff, all occurred by mail, e-mail and telephonic communications to the State of New York. 28 U.S.C. § 1391(a), which requires that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of New York, is therefore applicable. *PI, Inc. v. Quality Products, Inc.* 907 F. Supp. at 757 (S.D.N.Y. 1995).

28 U.S.C. § 1391 must be read in conjunction with 28 U.S.C. § 1404(a), wherein it provides that the Court may, for the convenience of the parties and witnesses, in the interest of justice, transfer any civil action to any other district or division where it might have been brought. It is not in the interest of justice for the Court to transfer this action to any other district.

13

The witnesses to the Defendant Chagaris' fraud upon the Plaintiff was committed by fraudulent mail, e-mail and telephonic communication are the Plaintiff, Plaintiff's New York counsel and the New York counsel's secretary, all of which reside in the Southern District of New York.

28 U.S.C. § 1391(a)(2) is applicable to this matter, in that the Southern District of New York is the district in which a substantial part of the events or omissions giving rise to the Plaintiff's claims in its Amended Complaint occurred due to the Defendant Chagaris's fraudulent mail, e-mail and telephonic communication to the State of New York, to the Plaintiff and to the Plaintiff's New York counsel in the State of New York. Here, Plaintiff's claims arise entirely from the Defendant Chagaris' fraudulent misrepresentations made to the Plaintiff and Plaintiff's New York counsel over a period of years by mail, e-mail and telephonically which were relied upon by the Plaintiff, and which caused the Plaintiff great damages. Further, as alleged in the Plaintiff's Amended Complaint, the Defendant converted the Plaintiff's New York counsel as his own agent in an attempt to continue to hide and obfuscate the true status of the North Carolina proceedings over a number of years. (Am. Compl., ¶¶ 7, 64, 66, 75, 83, 87, 99, 115, 136, 147, 151).

## A.    <u>DUE PROCESS ANALYSIS</u>

The due process considerations for venue are outlined and cogently stated by Gwenn M. Kalow, in her article in the 1997 Fordham Law review. There is a two part due process test in the due process analysis for specific jurisdiction (65 Fordham L. Rev. 2241, 2251-2253):

> The two-part due process test for specific jurisdiction is fact-specific, requiring that courts first analyze the defendant's pre-litigation connections with the forum, and then determine whether exercising jurisdiction over the defendant is fair and reasonable. The Court first set forth this standard in International Shoe Co. v. Washington, when it was forced to determine whether subjection a non-resident defendant to personal jurisdiction passed due process muster.

14

## 1. Minimum Contacts

The first prong of the due process analysis inquires into the defendant's contacts with the forum prior to litigation. The International Shoe test mandates that, in order to be subject to personal jurisdiction if not present in the forum, a non-resident Defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial *2252 justice'. "The minimum contacts test recognized that due process limitations require that non-resident Defendants have minimum contacts with the forum state such that they would reasonably anticipate being haled into Court there.

The International Shoe minimum contacts test is somewhat vague because it leaves room for Courts to interpret and apply the individual facts of each case to determine what contacts are sufficient. This vagueness, however, has its virtues: It allows Courts to make individual judgments about what is reasonable and fair in ways that bright line tests do not. The test's tension "between notions of territoriality and fairness continues to create incoherent and uncertain case law."

## 2. Reasonableness

The second prong of the due process analysis examines the reasonableness of exercising jurisdiction over the non-resident Defendant. Simply put, Defendants must be able to reasonably anticipate the possibility of being haled into Court in a give jurisdiction so that exercising jurisdiction "does not offend 'traditional notions of far play and substantial justice.' "The Court has established the following five factors to consider in the reasonableness analysis: (1) "the burden on the Defendant" of defending a lawsuit in the forum, (2) "the forum State's interest in adjudicating the dispute," (3) "the Plaintiff's interest in obtaining convenient and effective relief," (4) the "interstate judicial system's interest in obtaining the most efficient resolution of controversies," and (5) the "shared interest of the several states in furthering fundamental substantive social policies."

The due process analysis for personal jurisdiction is meant to protect an individual from being subject to suit in any forum selected by a Plaintiff. By carefully considering the interest of both the forum and the Defendant, it allows Courts to properly balance factual factors to *2253 ensure the fair and just exercise of jurisdiction over a non-resident Defendant. Advances in technology, however, mandate that Courts take into account the implications of our rapidly modernizing world. Looking at the effects of modernization would ensure that personal jurisdiction will be exercised only when the non-resident Defendant both utilized advanced tool and actually intended to conduct business or communicate with individuals in certain forums.

The deliberant availment prong prevents Courts from asserting jurisdiction
merely because a non-resident Defendant has some awareness of a
possible connection with the forum. Justice O'Connor's plurality opinion
stated:

The "substantial connection [ ]" between the Defendant and the forum
State necessary for a finding of minimum contacts must come about by an
action of the Defendant purposefully directed toward the forum State.
(Internal footnotes and citations omitted).

Here, the Defendant purposefully directed his fraudulent actions, mailing, e-mails and
telephonic communications into New York, to the Plaintiff and Plaintiff's New York counsel, in
order to commit fraud against the Plaintiff (Am. Compl. ¶¶ 7, 64, 66, 75, 83, 87, 99, 115, 136,
147, 151). In general, once courts find that the minimum contacts prong of the due process
analysis is satisfied, they must still evaluate the reasonableness of exercising jurisdiction over the
Defendant. The Asahi court found that, when evaluating the reasonableness of asserting
jurisdiction, courts must weigh and consider the burden on the defendant to litigate in the forum,
the forum state's interests in the matter, the interest of the plaintiff in obtaining relief, efficiency
in resolving the conflict in the forum, and the interest of several states in furthering certain
fundamental social policies.

A Federal Court sitting in diversity must look to conflicts of law principles of the forum
state in order to determine what substantive law governs. *PI, Inc. v. Quality Products, Inc.* 907 F.
Supp. at 761. Venue may lie in more than one district. See *Bates v. C & S Adjusters, Inc., 980 F
2d 86,5 at 867*. In determining venue under this Section, the Court must apply a substantial
contacts test. See *Zitman v Tucker 94-6658, 1994 WL 713693, * 1.* (S. D. N. Y. December 21st,
1994); *Jordache Enterprises, 1994 WL 74860, *3.* Here, Plaintiff's claims arise entirely from the
Chagaris misrepresentations, lies and fraud committed upon the Plaintiff in New York and
Plaintiff's New York counsel in New York, by the fraudulent mail, e-mail and telephonic
communications made by Chagaris to both the Plaintiff and Plaintiff's New York counsel, in
New York, and by Chagaris making the Plaintiff's New York counsel his agent and continuing to
perpetrate the fraud against the Plaintiff and his attempt to hide, over many years, the true nature
and status of his representation of the Plaintiff in North Carolina, and to hide and obfuscate said
facts. These material misrepresentations occurred in New York as they were communicated by

16

mail, e-mail and telephonically by Chagaris to the Plaintiff and Plaintiff's New York counsel into New York.

In this case, the nature of the Plaintiff's claims and the acts or omissions that the Plaintiff alleges give rise to those claims are clearly the result of the Defendant's fraudulent conduct by mail, e-mail and telephonic means **directed to New York** to the Plaintiff in the Southern District of New York and to the Plaintiff's New York counsel in the Southern District of New York, who maintained an office in the Southern District of New York. Those e-mail and telephonic communications were made solely for the purpose of misrepresenting, obfuscating and hiding the facts of the Defendant's fraudulent behavior in his representation of the Plaintiff in the North Carolina matters. It is significant to note that the witnesses, again, to these events are the Plaintiff, Plaintiff's New York counsel and Plaintiff's New York counsel's secretary, all of whom reside in the Southern District of New York, and the only witnesses on the Defendant's behalf could be the Defendant himself and possibly the Defendant's secretary at the time. As a result, the nature of the claims and the acts or omissions that Plaintiff alleges all occurred in New York, as a result of activities performed by the Defendant, Chagaris, by means of e-mail and telephonic communications in New York, in order to fraudulently misrepresent to the Plaintiff the status of his representation of the Plaintiff in North Carolina. Those communications were made again to New York, to New York residents in the Southern District of New York. As a result of the evolution of technology, it is clear that physical presence alone should not determine whether one has purposely availed itself of a state's rights and benefits for jurisdictional purposes. One Court has recognized this fact stating "Lawyers and other professions today transact business with their pens, their fax machines and their conference calls – not with their feet". See *Bank Brussells Lambert v. Fiddler, Gonzalez & Rodriguez, 171 F3rd 779, 787.*

Defendant cannot claim that the Southern District of New York in an inconvenient forum or venue. *28 USC 1391 (a)(2)* requires that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Southern District of New York. *PI, Inc., 906 F. Supp. at 757.* Plaintiff's claims arise entirely from the fraud and fraudulent conduct committed by Chagaris by his mails, e-mails and telephonic communications directed into New York in an attempt to hide the true nature and status of the three (3) N.C. Actions. Therefore, due process

17

would be served by this Court retaining jurisdiction in the Southern District of New York. It is obvious that the Defendant, Chagaris, purposely established "minimum contacts" with the forum State, such that exercise of personal jurisdiction over him "does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co., v. Washington, 326 U.S. 310, 316 (1945)* (Internal citations omitted).

Defendant's argument that Chagaris resides, maintains his law practice and litigated the three (3) N.C. actions in North Carolina, and that the relevant documents and potential expert witnesses are located in North Carolina are not persuasive. Even though Chagaris obviously committed malpractice in the underlying North Carolina actions, Plaintiff's Amended Complaint is alleging that the Defendant committed fraud on the Plaintiff by intentionally hiding and deliberately misleading the Plaintiff as to the true nature and status of the three (3) separate North Carolina actions, and by committing fraud against the Plaintiff and obtaining funds to be held in escrow for acquiring transcripts, and for violating New York Judiciary Law § 487. This Court can take judicial notice of public documents. "Also, Court routinely take judicial notice of documents filed in other Courts…" *Kramer v. Time Warner, Inc., 937 F. 2d. 774.* Therefore, any underlying documents in the three (3) North Carolina actions, including all Orders and Judgments therein, may be taken judicial notice of by this Court and can be considered herein.

The Defendant's actions, by fraudulent mail, e-mail and telephonic communication into New York to the Plaintiff and Plaintiff's New York counsel, and by adopting the Plaintiff's New York counsel as his agent, and his attempts to fraudulently misrepresent to the Plaintiff the status of Plaintiff's claims and his representation of the Plaintiff, makes the Defendant subject to New York jurisdiction. The Defendant "projected" himself into the State, by mail, e-mails and telephonic means to the Plaintiff, fraudulently misrepresenting to the Plaintiff and Plaintiff's New York counsel, consulting with Plaintiff's New York counsel, writing to Plaintiff and Plaintiff's New York counsel, sending them documents, and then continually making excuses as to why he could not meet with them, gives rise to the jurisdiction over the Defendant and which gives rise to venue properly being placed in the Southern District of New York. *See Fishbarg 38 A.D. 3rd 275.* The Court must determine whether "significant events or omissions material to

18

[those] claims [s]...have occurred in the district in question." *Daniel v. American Board of Emergency Medicine 428 F. 3d 408, at 432.*

As Defendant's counsel points out in their Memorandum of Law, "substantiality", for venue purposes, is more qualitative than a quantitative inquiry determined by accessing the overall nature of the Plaintiff's claims and the nature of the specific events or omissions in the forum and not by simply adding up the number of contacts. *Daniel, 428 F. 3d at 432-33.* As alleged in the Plaintiff's Amended Complaint, Plaintiff establishes that the Defendant's conduct and actions rise to a fraud committed upon the Plaintiff and Plaintiff's New York counsel, which fraud was committed in the State of New York by fraudulent mail, e-mail and telephonic communications directed into New York from the Defendant to the Plaintiff, and Plaintiff's New York. The purpose of the venue statute, *28 USC § 1391,* is to protect the parties from an unfair or inconvenient selection of a place of trial that is either remote from either parties' residence or from the place where the acts underlying the controversy occurred. *Daniel v. American Board of Emergency Medicine, 428 F. 3d 408 (2d CIR., 2005); Safferstein v. Paul, mardinly, Durhan, James, Flandreau & Rodger, P.C., 927 F. Supp, 731, at 735.* In this case, the Western District of North Carolina would be the inconvenient place of trial that is remote from the Plaintiff's place of business and Plaintiff's corporate agents, from Plaintiff's New York counsel and his secretary, both of whom are witnesses, and from the place where the Defendant's fraudulent mail, e-mail and telephonic communications were directed and which occurred in the Southern District of New York. The Defendant, Chagaris, thereby "projected" himself into New York. Inasmuch as the Plaintiff has satisfied its burden to show that venue is proper in the Southern District of New York, the Complaint should not be dismissed.

## IV.    IN THE ALTERNATIVE, THIS ACTION SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF NORTH CAROLINA

If the Court determines that venue is improper in the Southern District of New York and that it has personal jurisdiction over the Defendant Chagaris, in the interest of justice, it should transfer this case to the Western District of North Carolina pursuant to 28 USC § 1404(a), which

provides that this Court may, "in the interest of justice," transfer any civil action to any other district or division where it might have been brought.

Pursuant to 28 USC § 1406(a) this Court, in the interest of justice, can transfer an action whenever either personal jurisdiction or venue is improper. *Daniel v American Bd. of Emergency Medicin, 428 F. 3d 408, 435 (2d Cir. 2005); Corke v Sameiet M. S. Song of Norway, 572 F. 2d 77, 79 (2d Cir. 1978).*

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court deny Chagaris' motion for and Order: (1) pursuant to Fed. R. Civ. P. 12(b)(3), dismissing the Complaint with prejudice based on improper venue; and (2) pursuant to Fed. R. Civ. P. 12(b)(2), dismissing the Complaint with prejudice for lack of personal jurisdiction; (3) pursuant to Fed. R. Civ. P. 12(b)(1). dismissing the Complaint with prejudice for lack of subject matter jurisdiction; or (4) in the alternative, should the Court decide that this is an improper venue and/or improper jurisdiction, pursuant to 28 USC § § 1404(a) and/or 1406(a), transferring this action to the United States District Court for the Western District of North Carolina; and (5) granting such other and further relief as to the Court seems just and proper.

Dated: Peekskill, New York
June 17th, 2008

Yours, etc.

John M. Voelp, Esq. (JV5376))
Attorney for Plaintiff
8 John Walsh Blvd., Ste. 411
Peekskill, New York 10566
(914) 739-9500