AO 440

# UNITED STATES DISTRICT COURT

Sathern _____ District of New York

KA Holdings of New York, LTD
A/K/A KA Holdings LTD of NY A/K/A
KA Holdings LTD v.

**AMENDED**
**SUMMONS IN A CIVIL CASE**

CHRISTOPHER Chagaris

CASE NUMBER: 07 CIV 9675

TO: (Name and address of Defendant)

Christopher Chagaris
c/o Chagaris Law Firm
200 Elysian Drive
Mooresville, NC 28117

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

John M. Voelp, ESQ.
8 John Walsh Blvd., STE 411
Peekskill, NY 10566

an answer to the complaint which is served on you with this summons, within _____30_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK _____        DATE _____

_____
(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KA HOLDINGS OF NEW YORK, LTD. a/k/a KA
HOLDINGS LTD OF NY a/k/a KA HOLDINGS LTD.,

|  |  |
|---|---|
| Plaintiff, | **AMENDED COMPLAINT** |
| -against- | Index #: 07civ9675 |
| CHRISTOPHER CHAGARIS, | |
| Defendant. | |

-----------------------------------------------------------------X

Plaintiff, KA Holdings, of New York, LTD. (hereinafter referred to as "KA") through its attorney, John M. Voelp, Esq., for its Complaint hereby allege as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1332 because there is a diversity of citizenship between the parties and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00).

2. Venue is appropriate here pursuant to 28 U.S.C. 1391(a) because Plaintiff was and is a New York domestic corporation duly incorporated in the State of New York, and maintains a place of business in this District in the County of Rockland, State of New York, and more particularly described as 535 North Broadway, Upper Nyack, New York 10690.

### PRELIMINARY ALLEGATIONS

3. That, at all times hereinafter mentioned, the Defendant was and had been as attorney at law, duly admitted to practice law in the State of North Carolina, and so held himself out to be, having maintained an office in the County of Mecklenburg, Town of Davidson and State of North Carolina.

4. Upon information and belief, at all times hereinafter mentioned, the Defendant had conducted the practice of law and had maintained his office in Davidson, North Carolina, accepting mail through postal box 1408 in said Town of Davidson, State of North Carolina.

5.   That at all times hereinafter mentioned, Plaintiff herein was and is a New York domestic corporation, duly incorporated in the State Of New York, and has maintained an office in the County of Rockland and State of New York being commonly known as 535 North Broadway, Upper Nyack, New York 10690.

6.   That on or about June 6, 2001 Plaintiff entered into a written contract to sell the real property known as Tax ID 081-153-35 of the Mecklenburg County, North Carolina tax records, said real property hereinafter referred to as "Hanfords".

7.   That in or about April of 2002 Plaintiff was referred to, consulted with and retained the Defendant, Christopher Chagaris (hereinafter referred to as "Chagaris") as its attorney to represent it in seeking a confirmation of the Arbitration Award and recovering damages pursuant thereto, and Defendant entered into a relationship with the Plaintiff and the Plaintiff's New York counsel whereby the Defendant Chagaris made the Plaintiff's New York counsel his agent in his continued misrepresentation of, and false and fraudulent communications to, the Plaintiff regarding the true nature and status of the Plaintiff's claims and causes of actions.   As a result, the Plaintiff reasonably relied on the fraud committed by the defendant, and sustained great damages as a result.

8.   That thereafter, the Defendant undertook representation of the Plaintiff's cause for which he had been retained against Hawthorne Mills, LLC d/b/a Overland Properties, Inc., hereinafter referred to as Overland, seeking compensation for the damages suffered, equitable relief (rescission of contract), and compensatory damages.

9.   Pursuant to said engagement, the Defendant on behalf of the Plaintiff filed action 02 CVS 16135 to confirm, in a Court of competent jurisdiction, an Arbitration award had by Plaintiff against Overland Properties, Inc., hereinafter referred to as "First N.C. Action.

10.  That Plaintiff, its principals and the counsel that had represented it were made available to the Defendant for the purpose of obtaining the confirmation Judgment.

11.  For that purpose, Plaintiff and Plaintiff's New York counsel had, on more than one (1) occasion, provided the Defendant with copies of the transcript and exhibits in evidence in the Arbitration hearings.

12.  Plaintiff's relevant principals and its Arbitration counsel discussed the Arbitration hearings and supporting documents to the satisfaction of the Defendant.

13. That a hearing was held in action 02 CVS 16135 before Superior Court Judge Marcus L. Johnson in November, 2002.

14. Upon information and belief, the Defendant Chagaris failed to argue at that hearing that the Defendant Overland had failed to seek a stay of the arbitration hearing, and Chagaris, although filing a Notice of Appeal, failed to perfect the appeal on behalf of the Plaintiff, despite representing that he had done as much, and Chagaris failed to properly advise Plaintiff of the true status and nature of the proceedings, by sending erroneous and fraudulent mailings, e-mails and telephonic communications to New York and to the Plaintiff in New York and to the Plaintiff's New York counsel. In an attempt to mislead Plaintiff and it's New York counsel of the true nature and status of the litigation.

15. That the Defendant failed to reasonably inform Plaintiff of the date of the hearing to allow its representatives and witnesses to appear.

16. That Plaintiff learned of the hearing only after it had occurred and by Plaintiff's insistence a transcript be provided.

17. Plaintiff immediately began, after notice of the occurrence of the hearing, to demand of Defendant copies of the transcript from said hearing.

18. Despite Plaintiff's persistent demands, Defendant continued not to produce such transcripts, but instead provided excuses to Plaintiff and to Plaintiff's New York counsel of their non production, blaming the delay on the Court's system of making same available.

19. That on December 12th, 2002, the Hon. Marcus L. Johnson entered a ruling denying Plaintiff the confirmation and vacating the Arbitration award against KA, despite Defendant Chagaris' contentions that there was no such Order.

20. Defendant reported to Plaintiff by telephone, that Judge Johnson had denied the confirmation, making no mention that the Arbitration award was vacated.

21. The Defendant went on to explain that the Judge had ruled in error out of ignorance of the law, and insisted to Plaintiff that, as of this date, no written Order was ever tendered regarding KA and Overland Properties, Inc. and that Plaintiff was not prejudiced by the hearing.

22. Defendant stated that without the ruling being memorialized to writing or served on Notice, it was therefore never served on the Defendant and, as such, no time was being lost to appeal said decision.

23. Defendant explained to Plaintiff's principal, Carl Mancini (hereinafter referred to as "Mancini"), and to Plaintiff's New York counsel, that it would be fortuitous and perhaps necessary to commence an action in breach of contract to obtain relief under the contract of sale that Plaintiff has sought in the Arbitration and the confirmation application.

24. Defendant explained that such relief would be quicker and more easily obtained by such application while the Appeal was pending. In or about March 31st, 2007 Plaintiff learned that, although a Notice of Appeal had been filed by Mr. Chagaris, he never perfected same and the time had run.

25. In reliance on same, Plaintiff authorized Defendant to proceed and, in July, 2003, commenced an action in breach of contract and fiduciary duty against Overland Properties, Inc. under Case #: 03-CVS-12766, hereinafter referred to as "Second N. C. Action".

26. Overland Properties, Inc. moved to dismiss the action based on res judicata and collateral estopell.

27. Defendant failed to exercise reasonable care and diligence in response to the motion to dismiss and never properly informed Plaintiff of the substance of Overland Properties, Inc.'s motion and, more over, failed to properly communicate with Plaintiff, its principals and local counsel to adequately respond to such motion, all to conceal Defendant's failings and misrepresentations in the first action.

28. Defendant's refusal to communicate was designed to conceal his actions, which included negligence and unreasonable representation in the matter had and to further obfuscate Plaintiff's knowledge as to the true nature and status of the litigation.

29. It was part of Defendant's effort to conceal his malpractice by keeping from Plaintiff Court records, transcripts and proceedings with the ultimate goal of covering up his lack of prosecution of the case against Overland Properties, Inc., all without informing Plaintiff, and despite the fact that such information was available to Defendant and despite Plaintiff's willingness and insistence to appear in and prosecute the matter.

4

30. The Defendant simply failed to report to Plaintiff's repeated demands on the matter and instead tried to conceal from Plaintiff the true status of the action as prosecuted by the Defendant on its behalf.

31. The Defendant routinely failed to respond to Plaintiff's calls and correspondence.

32. That Plaintiff was never made aware by Defendant that he was served with notice to produce one Carl Mancici for depositions in September, 2003, who was available and accessible to the Defendant but, for whatever reasons, Defendant gave no such notice of his deposition.

33. Defendant's thereafter filed a motion to sanction Plaintiff for its lack of prosecution. The motions to dismiss the Complaint in the Second N.C. Action were heard by the Honorable Forrest. D. Bridges, Superior Court Judge, in February, 2005. All without the Defendant informing Plaintiff that same was occurring.

34. Plaintiff had no knowledge that said hearing ever occurred, thereby denying Plaintiff its right to participate, again to conceal Defendant's action to date.

35. Following the hearing, upon information and belief, Judge Bridges issued an order dismissing Plaintiff's claims with the exception of wrongful conversion of personal property.

36. That instead of revealing the true status of the Second N.C. Action, Defendant called the Plaintiff's offices the afternoon before a trial had been scheduled for the remaining claim in the Second N.C. Action, stating that all of the Plaintiff's principals and witnesses had to be available in Mecklenburg County for said trial the next morning.

37. Defendant gave no other fore notice.

38. Carl Mancini, a principal of Plaintiff, explained to the Defendant that same would not be possible as most were on business trips conducting ordinary affairs. Plaintiff is engaged in the business of national sales.

39. The Defendant continued to explain that the immediacy of the trial occurred because the North Carolina Courts placed the matters on for trial and same are randomly called without notice.

40. In or about March, 2005, Defendant confirmed that he could correct the situation by withdrawing the Second N.C. Action and then re-filing same, again seeking a fast track

trial, thus removing the immediate problem and providing a quick trial later, based on the "fast track".

41. Defendant insisted that he would withdraw the matter and re-file the same claim in a new action, thus preserving Plaintiff's rights.

42. Unbeknownst to the Plaintiff, thereafter on March 31st, 2005, a hearing was held before the Hon. Marvin K. Gray on Overland's motion for sanctions for failure to prosecute the Second N.C. Action.

43. That, on or about June 6th, 2006, Defendant undertook to file a third (3rd) action, hereinafter referred to as "Third N.C. Action" to correct his errors and/or omissions in the prior two (2) actions referenced above, such errors were then concealed deliberately from Plaintiff by Defendant. Said action being commenced by the filing of a Summons and Complaint with the Mecklenburg County Clerk under case #: 06-CVS-6006.

44. That, on or about, June 16th, 2006 Plaintiff was, with the assistance of local New York counsel, still attempting to ascertain from Defendant the status of the matter and obtain the documents relevant to the underlying litigation.

45. That, on or about June 27th, 2006, Defendants Overland Properties, Inc. filed an Answer and Counterclaim and Motions for appropriate relief by its common principal and attorney Peter K. Thompson.

46. Said Answer and Counterclaim and Motions for appropriate relief were served on the Defendant by Mr. Thompson.

47. Pursuant to Mr. Thompson's motion, a hearing was scheduled on August 3rd, 2006.

48. The Defendant received notice of such hearing by Notice, dated June 27th, 2006, sent by Peter Thompson.

49. On or about June 30th, 2006 the above referred Answer and Counterclaim and Motion were forwarded by facsimile to Plaintiff's New York counsel despite the fact that the Defendant had yet to schedule a meeting with Plaintiff and its local counsel.

50. That, on or about July 5th, 2006, Defendant was attempting to file the same three (3) copies of the Alias and Pluries Summons that he attempted to filed on June 6th, 2006.

51. Plaintiff has learned that while the before mentioned motion was pending, Defendant, as Plaintiff's counsel in Case #: 03-CVS-12766, failed to participate in Court Ordered mediation and failed to produce to the Court verifying witnesses for depositions as

6

demanded by counsel for the Defendants in that matter, all to the prejudice of the Plaintiff's right in said action.

52. When Plaintiff learned that Judge Bridges had ruled on the motions limiting Plaintiff's claims, it insisted on a copy of the transcript therefrom.

53. Despite repeated requests, Defendant failed to provide Plaintiff with a copy of same.

54. Plaintiff ultimately obtained a copy of the transcript from said hearing, learning therefrom that the Defendant told the Court that he had withdrawn the action 03-CvS-12766 and would not be filing another; all in contradiction to what the Defendant had told the Plaintiff and despite the fact the Defendant had already filed action 06-CvS-6006.

55. Plaintiff learned that the Defendant misrepresented the discovery to Judge Marvin Gray on March 31st, 2005, blaming his own in-actions and non-prosecution of the matter on Plaintiff, all to Plaintiff's detriment.

56. Defendant deliberately and intentionally kept such Order from Plaintiff as same would have, on its face, revealed the negligent actions of the Defendant in prejudice to the Plaintiff.

57. Defendant deliberately and intentionally kept this information from Plaintiff, leading Plaintiff to believe that its interests were being duly attended to under the third action, without prejudice from the two (2) prior N.C. actions.

58. That the Defendant never notified Plaintiff of Judge Gray's Order which Plaintiff obtained in 2007 through other counsel when investigating the Defendant's representation. KA further learned of various motions in which the Defendant never afforded Plaintiff an opportunity to participate, in that he never informed of their existence.

59. The Defendant had, without notifying the Plaintiff, appealed Judge Gray's Order, but did not perfect same.

60. By Order dated August 3rd, 2006 the Hon. David S. Crayer had dismissed KA's Third N.C. Action, 06cvs6006, as time barred. The Defendant, Chagaris, never said as much and never so advised the Plaintiff or Plaintiff's New York counsel.

61. On or about September 20th, 2006, the Honorable Richard D. Boner issued an Order dismissing Plaintiff's appeal, and another Order and Judgment sanctioning the Defendant

Chagaris. Said Order and Judgment, which sanctioned Chagaris, details the litigation from the First N.C. Action, 02cvs16135, through the Second N.C. Action, 03cvs12766.

62. In reading the Order and Judgment dated September 20th, 2006 signed by the Hon. Richard D. Boner, it is clear that the Defendant, Chagaris, not only lied to Plaintiff and its New York counsel, but also to Judge Gray and Judge Boner at paragraph 7 of said Order and Judgment says as much. Said Orders confirm that the Defendant even misrepresented to Judge Gray in open Court the true nature of his involvement in action 06-CVS-6006.

63. The Defendant had, without Plaintiff's knowledge or consent, appealed the Order of Judge Boner, but failed to perfect same.

64. That Defendant entered upon a scheme and a course of conduct to conceal from Plaintiff the facts of Defendant's misappropriation, his malpractice, and his breach of his fiduciary obligation to the prejudice and damage of the Plaintiff. Defendant engaged in a course of conduct by mail, e-mail and telephonic communications to New York to Plaintiff and to Plaintiff's New York counsel to hide and obfuscate the true status of the Plaintiff's proceedings and to deceive and to defraud Plaintiff of its rightful monies, being untruthful and nefarious in accomplishing his own end to the prejudice of Plaintiff.

65. That Defendant was duty bound to disclose that he had failed to confirm the arbitration award, that he had failed to prosecute either the second or the third action that he had filed and he failed to disclose his appearances and statements before the court in these respective matters, failing to disclose the decisions of the court and the sanctions imposed thereby all to the prejudice of the Plaintiff.

66. That in or about April of 2002 Plaintiff was referred to, consulted with and retained the Defendant, Christopher Chagaris (hereinafter referred to as "Chagaris") as its attorney to represent it in seeking a confirmation of the Arbitration award and recovering damages pursuant thereto, and Defendant entered into a relationship with the Plaintiff and the Plaintiff's New York counsel whereby the Defendant Chagaris made the Plaintiff's New York counsel his agent in his continued misrepresentation of, and false and fraudulent communications to, the Plaintiff regarding the true nature and status of the Plaintiff's claims and causes of actions. As a result, the Plaintiff reasonably relied on the fraud committed by the defendant, and sustained great damages as a result.

8

67. That such fraudulent concealment continued from December, 2002, until 2007, at which time the Plaintiff learned from independent counsel the true status and actions of the Defendant. Until and including the date on which Plaintiff learned of the dismissal, Plaintiff had been unable to ascertain the nature, degree and extent of Defendant's defalcation and misappropriation and of his violation of his fiduciary obligation owed by him to Plaintiff, including the improper deduction made by the Defendant of a fee to which he was not entitled under the attendant circumstances herein and without Plaintiff's authorization, knowledge, or consent.

68. That up to, on, or about such date that the Plaintiff learned of the true status of the various litigations, Defendant concealed facts relating to the status of the action, that Plaintiff had been unknowingly defrauded by the conduct of the Defendant, who at all times had had a duty to disclose that what he had done had resulted in irreparable injuries and damage to Plaintiff.

69. The actions of the Defendant to conceal and to prevent Plaintiff from learning the true status of the action was based on fraud, to deprive it of its rights, to injure it financially, and to cause Plaintiff damages that would otherwise not have been incurred except for the fraud perpetrated upon Plaintiff over an extended period of four (4) years by the Defendant.

70. Defendant concealed from the Plaintiff the facts of his actions with intent to defraud when he had the duty to disclose and reveal to Plaintiff what he had done.

71. That the Defendant intentionally, willingly, and with full knowledge perpetrated the fraud against Plaintiff by not revealing to Plaintiff what he had done, such information finally being made known to it on or about January, 2007.

72. That the Defendant had been retained as Plaintiff's attorney to represent it in conjunction with a claim to recover damages for a breach of contract or about April 2002.

73. That Plaintiff agreed to pay Defendant's hourly for his legal services in connection with this matter.

74. That in support of his obligations to represent Plaintiff, as its attorney, in conjunction with the contract action for which he had been retained, Defendant represented by virtue of being an attorney-at-law duly admitted to practice in the State of North Carolina, that he was possessed of the knowledge and ability to represent the Plaintiff and that he would

9

fully and faithfully perform all the services in conjunction with his representation of Plaintiff in connection with such proceedings for which he had been retained.

75.   That Defendant failed to faithfully and properly perform his legal service on behalf of Plaintiff, for which he had been retained, in that he never prosecuted the matter with any degree of due diligence, failed to communicate with Plaintiff and generally ignored his duties as an attorney neglecting prosecution of same. Defendant engaged in a course of conduct by e-mail and telephonic communications to New York to Plaintiff and to Plaintiff's New York counsel to hide and obfuscate the true status of the Plaintiff's proceedings and to deceive and to defraud Plaintiff of its rightful monies, being untruthful and nefarious in accomplishing his own end to the prejudice of Plaintiff.

76.   That Defendant failed to faithfully and properly perform his legal services on behalf of Plaintiff, in that he misrepresented by virtue of his actions his implied representations of truth, fidelity, and honesty required of him as a duly admitted attorney in the state of North Carolina.

77.   That Defendant failed to faithfully and properly perform his legal services on behalf of Plaintiff in that he violated his oath and his client by neglecting this matter and mis-leading the Plaintiff as to its status.

78.   That in or about April of 2002 Plaintiff was referred to, consulted with and retained the Defendant, Christopher Chagaris (hereinafter referred to as "Chagaris") as its attorney to represent it in seeking a confirmation of the Arbitration award and recovering damages pursuant thereto, and Defendant entered into a relationship with the Plaintiff and the Plaintiff's New York counsel whereby the Defendant Chagaris made the Plaintiff's New York counsel his agent in the continued misrepresentation of, and false and fraudulent communications to, the Plaintiff regarding the true nature and status of the Plaintiff's claims and causes of actions. As a result, the Plaintiff reasonably relied on the fraud committed by the defendant, and sustained great damages as a result.

79.   That for more than four (4) years thereafter Defendant hid and concealed that he committed an act of conversion so that Plaintiff was denied knowledge or information as to money to which it had entrusted the Defendant.

80. That Defendant has acted maliciously with forethought and intent to profit by his misdeeds so that Plaintiff was prejudiced and damaged and caused to sustain monetary damage as well as mental anguish and distress.

81. That Defendant violated his fiduciary obligation to Plaintiff, defrauding it, taking advantage of it, violating its rights and entitlements, being untruthful and deceptive to it, and causing Plaintiff added expenses and humiliation, so that Defendant was not entitled to any fee or compensation from the settlement effected, having forfeited any right to such fee by his unprofessional conduct.

## AS AND FOR A FIRST CAUSE OF ACTION

82. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 81 of this Complaint as if each and every allegations were set forth herein again at length.

83. The Defendant sought to conceal from Plaintiff the true status of the litigation in the First N.C. Action. Defendant engaged in a course of conduct by mail, e-mail and telephonic communications to New York to Plaintiff and Plaintiff's New York counsel to hide and obfuscate the true status of the Plaintiff's proceedings and to deceive and to defraud Plaintiff of its rightful monies, being untruthful and nefarious in accomplishing his own end to the prejudice of Plaintiff.

84. That the Defendant intentionally hid, obfuscated, thwarted and denied Plaintiff any information or knowledge about the status of the matter.

85. That the Defendant was in control and possession of the information related to the litigation matters having maintained such control for a period of more than three years without advice or communication as to the true status of the matters to Plaintiff.

86. That the Defendant had full knowledge, at all times, of his violation of his duties as an attorney towards his client and permitted the intervening time to pass without seeking to properly act in the prosecution of the Plaintiff's claims for the Plaintiff's benefit as agreed to by the parties, thus committing a fraud upon Plaintiff which would cause the Defendant to forfeit and surrender any right to any fee as an attorney, based upon the events as they had transpired by virtue of the Defendant's defalcation and disregard of his fiduciary obligation to Plaintiff.

11

87. That the defendant communicated to both the Plaintiff and its New York Attorney by mail, e-mails, and telephonic communications, both of whom were in New York, only in an attempt to hide and obfuscate the true nature and status of the proceedings to the detriment of the Plaintiff's claims and actions against Overland.

88. That over a period of more than more than four years the Defendant inflicted economic injury upon Plaintiff by his complete disregard and denial of Plaintiff's rights.

89. That, as a result of efforts by Plaintiff to obtain advice as to the true status of the matters, the Defendant gave wrongful advice and counsel so that the Plaintiff could not learn or obtain knowledge about the status of the action.

90. That Defendant prejudiced if not forfeited Plaintiff's First N.C. Action without Plaintiff's fault, that he failed to keep Plaintiff appraised of the developments of the case and proceeded and failed to proceed without knowledge, authority, or consent; that he had appropriated for his own use the proceeds of the check intended to pay for the transcripts; that he had given Plaintiff wrongful advice and counsel contrary to the facts as they existed and which advice and counsel was contrary to the full knowledge, skill, background, and information available to and possessed by Defendant, and which incorrect advice and counsel was given by Defendant to prejudice and to damage Plaintiff.

91. But for negligently giving advice and counsel to Plaintiff by Defendant, Plaintiff would not have been required to wait for years to learn what had taken place with respect to its action, would not have been required to go to outside counsel to learn the status of the action that Defendant was prosecuting on its behalf, and would not have been required to lose benefit over the years of the monies forwarded by the Plaintiff to the Defendant, and would not regard itself as obligated to pay Defendant as and for his fee, to which by his actions he had precluded himself and had forfeited any right thereto.

92. The wrongful actions of the Defendant were the proximate cause of Plaintiff's damage and loss, and they would not have been sustained but for the actions of the Defendant over a period of more than four (4) years.

93. That Defendant had a duty to be honest, forthright, truthful, and possessed with an attorney's ordinary and reasonable skill, diligence and knowledge in fully attending to Plaintiff's interests, but he failed to exercise such care, and for attorney's ordinary and

reasonable skill, diligence, and knowledge which he possessed or should have possessed and which he held himself out to possess all to the damage to Plaintiff.

94.   As a direct result of the failure of Defendant to perform his professional duties and fiduciary obligations properly on behalf of Plaintiff, to honor his commitment as an attorney to his client to perform and to exercise reasonable care and diligence on behalf of Plaintiff, to obtain the necessary documents, and to prevent continual damage to Plaintiff over a lengthy period, and in helping himself by taking a fee to which he was not properly entitled under the attendant circumstances, led Plaintiff to sustain financial loss and anguish, aggravation, and Plaintiff has been caused expense and monetary loss therefore.

95.   That the failure of the Defendant to act fully and properly on behalf of Plaintiff pursuant to his retainer and in accord with his fiduciary obligation as an attorney was due solely and completely to the negligence, carelessness, fraud, maliciousness, indifference and malpractice of the Defendant, without any actions of the Plaintiff contributing thereto.

96.   That Defendant had a duty at all times to represent Plaintiff fully, properly, and completely, without malice and without selfishness, but that he failed to properly use his professional knowledge that he had or should have had, his fiduciary obligation, skill, ability, and experience which he possessed or should have possessed in his representation of Plaintiff.

97.   That as a result of the professional failure of the Defendant to properly represent Plaintiff, to look after and to protect Plaintiff's rights and interests at all times, to prevent prejudice to Plaintiff as aforesaid, and to employ his skill, knowledge, ability, integrity and experience sufficiently in Plaintiff's behalf, Plaintiff sustained damage in the amount of Two Million Dollars ($2,000,000.00) Dollars, with interest from December, 2002.

## AS AND FOR A SECOND CAUSE OF ACTION

98.   Plaintiff repeats and realleges all the allegations of the complaint hereinabove set forth in paragraphs numbered "1" to and including "97" with the same force and effect as if separately set forth and numbered herein.

13

99. The Defendant sought to conceal from Plaintiff the true status of the litigation in the Second N. C. Action. Defendant engaged in a course of conduct by mail, e-mail and telephonic communications to New York to Plaintiff and Plaintiff's New York counsel to hide and obfuscate the true status of the Plaintiff's proceedings and to deceive and to defraud Plaintiff of its rightful monies, being untruthful and nefarious in accomplishing his own end to the prejudice of Plaintiff.

100. That the Defendant intentionally hid, obfuscated, thwarted and denied Plaintiff any information or knowledge about the status of the matter.

101. That the Defendant was in control and possession of the information related to the litigation matters having maintained such control for a period of more than three years without advice or communication as to the true status of the matters to Plaintiff.

102. That the Defendant had full knowledge, at all times, of his violation of his duties as an attorney towards his client and permitted the intervening time to pass without seeking to properly act in the prosecution of the Plaintiff's claims for the Plaintiff's benefit as agreed to by the parties, thus committing a fraud upon Plaintiff which would cause the Defendant to forfeit and surrender any right to any fee as an attorney, based upon the events as they had transpired by virtue of the Defendant's defalcation and disregard of his fiduciary obligation to Plaintiff.

103. That the defendant communicated to both the Plaintiff and its New York Attorney by mail, e-mails, and telephonic communications, both of whom were in New York, only in an attempt to hide and obfuscate the true nature and status of the proceedings to the detriment of the Plaintiff's claims and actions against Overland.

104. That over a period of more than more than four years the Defendant inflicted economic injury upon Plaintiff by his complete disregard and denial of Plaintiff's rights.

105. That, as a result of efforts by Plaintiff to obtain advice as to the true status of the matters, the Defendant gave wrongful advice and counsel so that the Plaintiff could not learn or obtain knowledge about the status of the action.

106. That Defendant prejudiced if not forfeited Plaintiff's Second N.C. Action without Plaintiff's fault, that he failed to keep Plaintiff appraised of the developments of the case and proceeded and failed to proceed without knowledge, authority, or consent; that he had appropriated for his own use the proceeds of the check intended to pay for the

14

transcripts; that he had given Plaintiff wrongful advice and counsel contrary to the facts as they existed and which advice and counsel was contrary to the full knowledge, skill, background, and information available to and possessed by Defendant, and which incorrect advice and counsel was given by Defendant to prejudice and to damage Plaintiff.

107. But for negligently giving advice and counsel to Plaintiff by Defendant, Plaintiff would not have been required to wait for years to learn what had taken place with respect to its action, would not have been required to go to outside counsel to learn the status of the action that Defendant was prosecuting on its behalf, and would not have been required to lose benefit over the years of the monies forwarded by the Plaintiff to the Defendant, and would not regard itself as obligated to pay Defendant as and for his fee, to which by his actions he had precluded himself and had forfeited any right thereto.

108. The wrongful actions of the Defendant were the proximate cause of Plaintiff's damage and loss, and they would not have been sustained but for the actions of the Defendant over a period of more than four (4) years.

109. That Defendant had a duty to be honest, forthright, truthful, and possessed with an attorney's ordinary and reasonable skill, diligence and knowledge in fully attending to Plaintiff's interests, but he failed to exercise such care, and for attorney's ordinary and reasonable skill, diligence, and knowledge which he possessed or should have possessed and which he held himself out to possess all to the damage to Plaintiff.

110. As a direct result of the failure of Defendant to perform his professional duties and fiduciary obligations properly on behalf of Plaintiff, to honor his commitment as an attorney to his client to perform and to exercise reasonable care and diligence on behalf of Plaintiff, to obtain the necessary documents, and to prevent continual damage to Plaintiff over a lengthy period, and in helping himself by taking a fee to which he was not properly entitled under the attendant circumstances, led Plaintiff to sustain financial loss and anguish, aggravation, and Plaintiff has been caused expense and monetary loss therefore.

111. That the failure of the Defendant to act fully and properly on behalf of Plaintiff pursuant to his retainer and in accord with his fiduciary obligation as an attorney was due solely

and completely to the negligence, carelessness, fraud, maliciousness, indifference and malpractice of the Defendant, without any actions of the Plaintiff contributing thereto.

112. That Defendant had a duty at all times to represent Plaintiff fully, properly, and completely, without malice and without selfishness, but that he failed to properly use his professional knowledge that he had or should have had, his fiduciary obligation, skill, ability, and experience which he possessed or should have possessed in his representation of Plaintiff.

113. That as a result of the fraudulent concealment against Plaintiff by the Defendant, which fraud was committed by the Defendant with full knowledge of what he had undertaken and what he was doing, Plaintiff sustained damage in the amount of Two Million Dollars ($2,000,000.00) Dollars, with interest from December, 2002.


## AS AND FOR A THIRD CAUSE OF ACTION

114. Plaintiff repeats and realleges all the allegations if the complaint hereinabove set forth in paragraphs "1" to including "113" with the same force and effect as if separately set forth and numbered herein.

115. The Defendant sought to conceal from Plaintiff the true status of the litigation in the third N.C. action.  Defendant engaged in a course of conduct by mail, e-mail and telephonic communications to New York to Plaintiff and Plaintiff's New York counsel to hide and obfuscate the true status of the Plaintiff's proceedings and to deceive and to defraud Plaintiff of its rightful monies, being untruthful and nefarious in accomplishing his own end to the prejudice of Plaintiff.

116. That the Defendant intentionally hid, obfuscated, thwarted and denied Plaintiff any information or knowledge about the status of the matter.

117. That the Defendant was in control and possession of the information related to the litigation matters having maintained such control for a period of more than three years without advice or communication as to the true status of the matters to Plaintiff.

118. That the Defendant had full knowledge, at all times, of his violation of his duties as an attorney towards his client and permitted the intervening time to pass without seeking to properly act in the prosecution of the Plaintiff's claims for the Plaintiff's benefit as agreed

to by the parties, thus committing a fraud upon Plaintiff which would cause the Defendant to forfeit and surrender any right to any fee as an attorney, based upon the events as they had transpired by virtue of the Defendant's defalcation and disregard of his fiduciary obligation to Plaintiff.

119. That the defendant communicated to both the Plaintiff and its New York Attorney by mail, e-mails, and telephonic communications, both of whom were in New York, only in an attempt to hide and obfuscate the true nature and status of the proceedings to the detriment of the Plaintiff's claims and actions against Overland.

120. That over a period of more than more than four years the Defendant inflicted economic injury upon Plaintiff by his complete disregard and denial of Plaintiff's rights.

121. That, as a result of efforts by Plaintiff to obtain advice as to the true status of the matters, the Defendant gave wrongful advice and counsel so that the Plaintiff could not learn or obtain knowledge about the status of the action.

122. That Defendant prejudiced if not forfeited Plaintiff's Third N.C. Action without Plaintiff's fault, that he failed to keep Plaintiff appraised of the developments of the case and proceeded and failed to proceed without knowledge, authority, or consent; that he had appropriated for his own use the proceeds of the check intended to pay for the transcripts; that he had given Plaintiff wrongful advice and counsel contrary to the facts as they existed and which advice and counsel was contrary to the full knowledge, skill, background, and information available to and possessed by Defendant, and which incorrect advice and counsel was given by Defendant to prejudice and to damage Plaintiff.

123. But for negligently giving advice and counsel to Plaintiff by Defendant, Plaintiff would not have been required to wait for years to learn what had taken place with respect to its action, would not have been required to go to outside counsel to learn the status of the action that Defendant was prosecuting on its behalf, and would not have been required to lose benefit over the years of the monies forwarded by the Plaintiff to the Defendant, and would not regard itself as obligated to pay Defendant as and for his fee, to which by his actions he had precluded himself and had forfeited any right thereto.

124. The wrongful actions of the Defendant were the proximate cause of Plaintiff's damage and loss, and they would not have been sustained but for the actions of the Defendant over a period of more than four (4) years.

125. That Defendant had a duty to be honest, forthright, truthful, and possessed with an attorney's ordinary and reasonable skill, diligence and knowledge in fully attending to Plaintiff's interests, but he failed to exercise such care, and for attorney's ordinary and reasonable skill, diligence, and knowledge which he possessed or should have possessed and which he held himself out to possess all to the damage to Plaintiff.

126. As a direct result of the failure of Defendant to perform his professional duties and fiduciary obligations properly on behalf of Plaintiff, to honor his commitment as an attorney to his client to perform and to exercise reasonable care and diligence on behalf of Plaintiff, to obtain the necessary documents, and to prevent continual damage to Plaintiff over a lengthy period, and in helping himself by taking a fee to which he was not properly entitled under the attendant circumstances, led Plaintiff to sustain financial loss and anguish, aggravation, and Plaintiff has been caused expense and monetary loss therefore.

127. That the failure of the Defendant to act fully and properly on behalf of Plaintiff pursuant to his retainer and in accord with his fiduciary obligation as an attorney was due solely and completely to the negligence, carelessness, fraud, maliciousness, indifference and malpractice of the Defendant, without any actions of the Plaintiff contributing thereto.

128. That Defendant had a duty at all times to represent Plaintiff fully, properly, and completely, without malice and without selfishness, but that he failed to properly use his professional knowledge that he had or should have had, his fiduciary obligation, skill, ability, and experience which he possessed or should have possessed in his representation of Plaintiff.

129. That as a result of the fraudulent concealment against Plaintiff by the Defendant, which fraud was committed by the Defendant with full knowledge of what he had undertaken and what he was doing, Plaintiff sustained damage in the amount of Two Million Dollars ($2,000,000.00) Dollars, with interest from December, 2002.

18

## AS AND FOR A FOURTH CAUSE OF ACTION

130. Plaintiff repeats and re-alleges all the allegations of the complaint hereinabove set forth in paragraphs "1" to and including "129" with the same force and effect as if separately set forth and numbered herein.

131. New York Judiciary Law Sec. 487 provides: An attorney or counselor who:

(1) Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court, or any party; or

(2) Willfully delays his client's suit with a view to his own gain; or, willfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for, is guilty of a misdemeanor, and in addition to the punishment prescribed therefore by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

132. Defendant engaged in a course of conduct by e-mail and telephonic communications to New York to Plaintiff and to Plaintiff's New York counsel to deceive and to defraud Plaintiff of its rightful monies, being untruthful and nefarious in accomplishing his own end to the prejudice of Plaintiff.

133. That he converted same without Plaintiff's authority, knowledge and consent.

134. That he retained the proceeds and misappropriated funds for his own benefit and use.

135. That he failed to apprise Plaintiff that he had received notices but instead obfuscated and hid the true facts from Plaintiff over a period of years until on or about January 2007 when Plaintiff learned the true status of its affairs from independent counsel.

136. That Defendant violated his fiduciary obligations to Plaintiff by failing to inform Plaintiff of the status of the action. That in or about April of 2002 Plaintiff was referred to, consulted with and retained the Defendant, Christopher Chagaris (hereinafter referred to as "Chagaris") as its attorney to represent it in seeking a confirmation of the Arbitration award and recovering damages pursuant thereto, and Defendant entered into a relationship with the Plaintiff and the Plaintiff's New York counsel whereby the Defendant Chagaris made the Plaintiff's New York counsel his agent in his continued misrepresentation of, and false and fraudulent communications to, the Plaintiff regarding the true nature and status of the Plaintiff's claims and causes of actions. As a result, the

Plaintiff reasonably relied on the fraud committed by the defendant, and sustained great damages as a result.

137. That Defendant was required as a wrongdoing attorney to promptly notify his client, Plaintiff herein, of the possible malpractice claim that it may have had against him because of his wrongdoing and defalcation and his nondisclosure of the facts as they had occurred.

138. That he wrongfully and improperly accepted a fee to which he would not have been entitled by virtue of his wrongdoing and efforts to cover up what he had done, to the prejudice and damage of the Plaintiff.

139. That he willfully delayed prosecution of Plaintiff's action with a view to his own gain, and that he did willfully receive money for which he was answerable.

140. That Defendant is responsible for treble damages as well as punitive damages for the wrongs which Defendant caused to the Plaintiff.

141. That Defendant over a period of years conducted a chronic and extreme pattern of legal delinquency to deprive the Plaintiff of its rights herein.

142. That as a result of the violation of his fiduciary obligations herein to the Plaintiff, of his misconduct and wrongdoing, and his willful receipt of money for which he was answerable and to which he was not entitled, Defendant is liable to the Plaintiff for treble damages in the amount of Six Million Dollars ($6,000,000.00) as well as punitive damages in the amount of Ten Million Dollars ($10,000,000.00).

## AS AND FOR A FIFTH CAUSE OF ACTION

143. Plaintiff repeats and re-alleges all the allegations of the complaint hereinabove set forth in paragraphs "1" to and including "142" with the same force and effect as if separately set forth and numbered herein.

144. The Defendant took One Thousand Dollars ($1,000.00) from the Plaintiff to be held in escrow for the cost of acquiring transcripts of proceedings conducted by the Defendant.

145. Upon information and belief, the Defendant converted same to his own personal use, thereby breaching and violating his fiduciary obligations to Plaintiff over the extended period of years causing Plaintiff the loss of the use of any monies that would originally

have been used to pay for the transcripts that Plaintiff needed and requested, causing Plaintiff's efforts to fail as it endeavored to prevent the continuance of the wrongs perpetrated against it by the Defendant. Defendant never produced the transcripts for which the One Thousand Dollars ($1,000.00) was taken.

146. Upon information and belief, Defendant had personally used for his own ends, all the appropriated and converted monies, depriving Plaintiff of these proceeds, and enabling the Defendant to use the proceeds for his own personal use, benefit and investment, to the damage and loss of use by the Plaintiff.

147. The Defendant sought to conceal from Plaintiff the true status of the $1,000 funds of the Plaintiff. Defendant engaged in a course of conduct by mail, e-mail and telephonic communications to New York to Plaintiff and Plaintiff's New York counsel to hide and obfuscate the true status of the Plaintiff's funds and to deceive and to defraud Plaintiff of its rightful monies, being untruthful and nefarious in accomplishing his own end to the prejudice of Plaintiff.

148. That the Defendant intentionally hid, obfuscated, thwarted and denied Plaintiff any information or knowledge about the status of the matter.

149. That the Defendant was in control and possession of the information related to the litigation matters having maintained such control for a period of more than three years without advice or communication as to the true status of the matters to Plaintiff.

150. That the Defendant had full knowledge, at all times, of his violation of his duties as an attorney towards his client and permitted the intervening time to pass without seeking to properly act in the prosecution of the Plaintiff's claims for the Plaintiff's benefit as agreed to by the parties, thus committing a fraud upon Plaintiff which would cause the Defendant to forfeit and surrender any right to any fee as an attorney, based upon the events as they had transpired by virtue of the Defendant's defalcation and disregard of his fiduciary obligation to Plaintiff.

151. That the defendant communicated to both the Plaintiff and its New York Attorney by mail, e-mails, and telephonic communications, both of whom were in New York, only in an attempt to hide and obfuscate the true nature and status of the funds and proceedings to the detriment of the Plaintiff's claims and actions against Overland.

21

152. That over a period of more than more than four years the Defendant inflicted economic injury upon Plaintiff by his complete disregard and denial of Plaintiff's rights.

153. That, as a result of efforts by Plaintiff to obtain advice as to the true status of the matters, the Defendant gave wrongful advice and counsel so that the Plaintiff could not learn or obtain knowledge about the status of the action.

154. The wrongful actions of the Defendant were the proximate cause of Plaintiff's damage and loss, and they would not have been sustained but for the actions of the Defendant over a period of more than four (4) years.

155. That Defendant had a duty to be honest, forthright, truthful, and possessed with an attorney's ordinary and reasonable skill, diligence and knowledge in fully attending to Plaintiff's interests, but he failed to exercise such care, and for attorney's ordinary and reasonable skill, diligence, and knowledge which he possessed or should have possessed and which he held himself out to possess all to the damage to Plaintiff.

156. As a direct result of the failure of Defendant to perform his professional duties and fiduciary obligations properly on behalf of Plaintiff, to honor his commitment as an attorney to his client to perform and to exercise reasonable care and diligence on behalf of Plaintiff, to obtain the necessary documents, and to prevent continual damage to Plaintiff over a lengthy period, and in helping himself by taking a fee to which he was not properly entitled under the attendant circumstances, led Plaintiff to sustain financial loss and anguish, aggravation, and Plaintiff has been caused expense and monetary loss therefore.

157. That the failure of the Defendant to act fully and properly on behalf of Plaintiff pursuant to his retainer and in accord with his fiduciary obligation as an attorney was due solely and completely to the negligence, carelessness, fraud, maliciousness, indifference and malpractice of the Defendant, without any actions of the Plaintiff contributing thereto.

158. That Defendant had a duty at all times to represent Plaintiff fully, properly, and completely, without malice and without selfishness, but that he failed to properly use his professional knowledge that he had or should have had, his fiduciary obligation, skill, ability, and experience which he possessed or should have possessed in his representation of Plaintiff.

22

159. That Plaintiff demands judgment directing the return to it by the Defendant of the monies paid to him by the Plaintiff in the amount of One Thousand Dollars ($1,000.00) which were wrongfully taken from it, and to which amount Defendant was not entitled, with interest from December 2002.

**WHEREFORE**, Plaintiff demands Judgment against Defendant in the First Cause of Action in the amount of Two Million Dollars ($2,000,000.00); Plaintiff demands judgment against Defendant in the Second Cause of Action in the amount of Two Million Dollars ($2,000,000.00); Plaintiff demands judgment against Defendant in the Third Cause of Action in the amount of Two Million Dollars ($2,000,000.00); and the Plaintiff demands judgment against Defendant in the Fourth Cause of Action pursuant to N.Y. Jud. Law § 487, directing the Defendant to forfeit to Plaintiff treble damages herein in the amount of Six Million Dollars ($6,000,000.00), and also directing the imposition of punitive damages in favor of Plaintiff against Defendant in the amount of Ten Million Dollars ($10,000,000.00), together with interest from December, 2002; Plaintiff demands judgment against Defendant in the Fifty Cause of Action in the amount of One Thousand Dollars ($1,000.00) as well as the costs and disbursements of this action.

Dated: Peekskill, NY
       June 17th, 2008

                                        Yours, etc.

                                        _____
                                        John M. Voelp, Esq.
                                        Attorney for Plaintiff
                                        8 John Walsh Blvd., Ste. 411
                                        Peekskill, New York 10566
                                        (914) 739-9500

23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

HANFORDS CREATIONS, LLC.,

                                    Plaintiff,          **VERIFICATION**

            -against-
                                                        Index #:

CHRISTOPHER CHAGARIS,

                                    Defendant.
-------------------------------------------------------------X

      Bruce Adler, being duly sworn, states that he is the *Vice* President of the Plaintiff corporation

in this action and that he has read the Complaint in this matter and it is true to his own

knowledge, except as to matters therein stated to be alleged on information and belief and as to

those matters believes them to be true.

                                                             *Bruce Adler*
                                                             Bruce Adler

STATE OF NEW YORK       )
                               ) ss.:
COUNTY OF WESTCHESTER   )

On the ___*13th*___ day of June, in the year 2008, before me, the undersigned, a Notary Public in and for said State, personally appeared **Bruce Adler** personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to be that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

_____
Notary

                                       Charles J. Diven Jr.
                               Notary Public, State of NY
                                  No. 02DI6031456
                              Qualified in Westchester County
                              Commission Exp. October 4, 20__

Case No.  07 civ 9675          Year 2007
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KA HOLDINGS OF NEW YORK, LTD., A/K/A KA HOLDINGS LTD. OF NEW YORK A/K/A KA HOLDINGS, INC.,

Plaintiff (s)

- against --

CHRISTOPHER CHAGARIS,

Defendants(s)

## AMENDED
## SUMMONS AND VERIFIED COMPLAINT

### JOHN M. VOELP, ESQ.

Attorney for PLAINTIFF
8 John Walsh Blvd., Suite 411
Peekskill, N.Y. 10666
(914) 739-9500

To:  VENTURINI & ASSSOCIATES
230 PARK AVE.
NEW YORK, N.Y. 10169
Attorney (s) for DEFENDANT

Service of a Copy of the within                                         is hereby admitted.

Dated:

Attorney (s) for

---

PLEASE TAKE NOTICE

☐   that the within is a (certified) true copy of a

NOTICE OF ENTRY        entered in the office of the clerk of the within named Court on                , 2000.

☐   than an Order of which the within is a true copy will be presented  for settlement
to the Hon.

NOTICE OF SETTLEMENT    at                      one of  the judges of the within named Court,

on        , 2000, at                          M.

Dated:

### JOHN M. VOELP
Attorney for:
8 John walsh blvd., Ste 411
Peekskill, New York 10566

To:

Attorney (s) for


C:\Client Files\Blank Legal Forms\Forms\Blue Back