STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

### ESCROW AGREEMENT

THIS ESCROW AGREEMENT (this "Agreement") is made and entered into as of the 31st day of October, 2001, by and between MOORE & VAN ALLEN PLLC ("Escrow Agent"), K.A. HOLDINGS LTD. OF NY ("Seller") and HAWTHORNE MILL, LLC ("BUYER).

### RECITALS:

WHEREAS, pursuant to that certain Contract for Purchase of Real Estate dated June 6, 2001 (the "Contract") between Seller and Overland Properties, Inc. (Buyer's predecessor in interest as buyer under the Contract), Seller has agreed to sell and convey to Buyer, and Buyer has agreed to purchase, the real property containing 7.709 acres, more or less, located at 1101 Hawthorne Lane in the City of Charlotte, Mecklenburg County, North Carolina, together with the buildings and other improvements thereon (collectively, the "Property"); and

WHEREAS, pursuant to Section 3 of the Contract, Buyer and Seller have agreed that Seller may remain in possession of certain portions of the Property under the terms and conditions stated therein; and

WHEREAS, Subsection 3.c. of the Contract specifies that Seller shall deposit with Escrow Agent the sum of $50,000.00 (the "Security Fund") as security for Seller's performance of its post-closing obligations under Section 3 of the Contract; and

WHEREAS, Seller, Buyer and Escrow Agent now desire to enter into this Agreement to set forth the terms and conditions upon which the Security Fund shall be held and disbursed.

### AGREEMENT:

NOW, THEREFORE, for and in consideration of the mutual covenants and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Seller, Buyer and Escrow Agent hereby agree as follows:

SECTION 1. Appointment of Escrow Agent; Conditions of Escrow. (a) Seller and Buyer hereby appoint Escrow Agent as escrow agent and direct Escrow Agent to hold all amounts deposited hereunder and distribute such amounts in such manner and at such times as shall be authorized and provided herein. Escrow Agent agrees to accept and hold the Security Fund deposited hereunder and agrees to make distribution of the amounts held in escrow pursuant to this Agreement only in such manner and at such times as shall be authorized and provided herein.

(b) Upon closing of the sale of the Property to Buyer, Seller shall deposit with Escrow Agent the Security Fund.

DEFENDANT'S EXHIBIT 2

SECTION 2. <u>Disbursement</u>. The Security Fund shall be disbursed by Escrow Agent upon either:

(a) receipt by overnight delivery from Seller of a true copy of a letter delivered contemporaneously to Buyer (also by overnight delivery) stating that Seller has vacated the Property and removed all of its personal property therefrom; or

(b) receipt by overnight delivery from Buyer of a true copy of a letter delivered contemporaneously to Seller (also by overnight delivery) stating that Seller has breached one or more of the post-closing obligations of Seller contained in Section 5 of the Contract, specifying in reasonable detail the nature of such breach(es) and requesting that the Security Fund be released to Buyer.

Upon receipt of a copy of any letter from Seller or Buyer by overnight delivery pursuant to the provisions of Subsections (a) or (b) of this Section 2, Escrow Agent shall, unless notified in writing by the other party within two (2) business days thereafter of any objection to disbursement of the Security Fund, disburse the Security Fund to the party from which Escrow Agent received the letter and thereupon be released and discharged from any further duty or obligation hereunder. If the other party makes a timely objection to disbursement of the Security Fund to the party requesting same, the objection shall be resolved by binding arbitration. The parties hereto shall endeavor to agree upon an arbitrator. If the parties have not agreed on an arbitrator within ten (10) days after receipt by Escrow Agent of notice of the objection, either party may request the American Arbitration Association to designate the arbitrator pursuant to its Commercial Arbitration Rules ("AAA Rules"). The arbitrator shall set the date, the time, and the place of hearing, which must commence on or before fifteen (15) days following the designation of the arbitrator. Any party hereto may attend the hearing by conference call. The arbitration shall be conducted under the AAA Rules. The arbitrator shall render its decision on or before fifteen (15) days following the commencement of the hearing. The arbitrator's decision shall be set forth in a writing and shall be final and binding on all parties hereto and is not subject to appeal; provided, however, that any matter of law decided by the arbitrator may be appealed by any party, whether upon completion of the proceedings or interlocutory. The decision of the arbitrator may be enforced in any court of competent jurisdiction, and the parties authorize any such court to enter judgment on the arbitrator's decision.

SECTION 3. <u>Security Fund</u>. The Security Fund shall be deposited and held by Escrow Agent in its trust account with a commercial bank.

SECTION 4. <u>Rights, Duties, etc.</u> The acceptance by Escrow Agent of its duties hereunder is subject to the following terms and conditions which each of the parties to this Agreement hereby agree shall govern and control with respect to its rights, duties, liabilities and immunities:

(a) it shall act hereunder as an agent only and shall not be responsible or liable in any manner whatever for soliciting any funds or for the sufficiency, correctness, genuineness or validity of any funds or securities deposited with or held by it;

(b) it shall be protected in acting or refraining from acting upon any written notice, certificate, instruction, request or other paper or document, as to the due execution thereof and the validity and effectiveness of the provisions thereof and as to the truth of any information therein contained, which Escrow Agent in good faith believes to be genuine; and

(c) in performing any of its duties under this Agreement, or upon the claimed failure to perform its duties hereunder, it shall not be liable to any party for any damages, losses or expenses which may be incurred as a result of Escrow Agent so acting, or failing to act, except in the case of its gross negligence, willful misconduct or bad faith.

SECTION 5.  Representations and Warranties.  Each party hereto represents and warrants to the other that the execution and delivery of this Agreement by each such party is authorized by all necessary corporate, limited liability company or partnership action, as applicable. Upon request of any party hereto, each party hereto shall provide to the requesting party evidence of the authority of the person executing this Agreement on behalf of such party.

SECTION 6.  General.

(a) This Agreement shall become effective as of the date hereof, and shall continue in full force and effect until the Security Fund has been fully disbursed.

(b) Escrow Agent agrees to perform its obligations hereunder for a fee of $10.00, and Escrow Agent shall be entitled to reimbursement for all reasonable out-of-pocket expenses, including reasonable attorneys' fees, that it shall incur with respect to its duties hereunder. The fees and the expenses of Escrow Agent shall be payable jointly by Buyer and Seller upon demand.

(c) Any notice, authorization, request or demand required or permitted to be given hereunder shall be in writing and shall become effective five (5) days after being deposited in the mails by registered or certified mail, return receipt requested, postage prepaid, or one (1) business day following transmission by facsimile, and addressed as follows:

To Escrow Agent:   Moore & Van Allen PLLC
                   100 N. Tryon Street, Suite 4700
                   Charlotte, North Carolina 28202
                   Attn: Bryan P. Durrett, Esq.
                   Facsimile: (704) 339-5843

To Seller:         K.A. Koldings Ltd. of NY
                   6743 A Fairview Road
                   Charlotte, North Carolina 28210
                   Attn: John C. MacNeill, Jr., Esq.
                   Facsimile: (704) 365-0404

CHAR2\651717_2

3

  To Buyer:  Hawthorne Mill, LLC
        c/o Overland Properties, Inc.
        516-B Fenton Place
        Charlotte, North Carolina 28207-1920
        Facsimile: (704) 333-9378

Any party hereto may change the address to which notices are to be delivered by giving to the other parties not less than five (5) days' written notice thereof.

(d) This Agreement shall inure to the benefit of, and be binding upon, the parties hereto and their respective successors and assigns.

(e) This Agreement may be executed in several counterparts, each of which shall be an original and all of which shall constitute but one and the same instrument.

(f) If any one or more of the covenants or agreements provided in this Agreement on the part of the parties hereto to be performed should be determined by a court of competent jurisdiction to be contrary to law, such covenant or agreement shall be deemed and construed to be severable from the remaining covenants and agreements herein contained and shall in no way affect the validity of the remaining provisions of this Agreement.

(g) This Agreement shall be construed in accordance with and governed by the laws of the State of North Carolina.

(h) Time is of the essence with respect to all of the obligations of the parties hereunder.

(i) Seller and Buyer may agree in writing to terminate this Agreement at any time before final disbursement of the Security Fund in accordance with the provisions hereof. In the event of such voluntary termination of this Agreement, Escrow Agent shall deliver the Security Fund remaining in its possession as jointly directed in writing by Buyer and Seller.

(j) Escrow Agent may resign as escrow agent under this Agreement by giving written notice to Seller and Buyer at least five (5) days prior to the effective date of such resignation. Thereafter, Escrow Agent shall deliver any remaining Security Fund held pursuant to this Agreement upon the joint written and signed order of Seller and Buyer. If no such order is received by Escrow Agent within five (5) days of giving such notice, Escrow Agent is authorized and empowered to deposit the Security Fund with the title insurance company providing title insurance for the Property, which shall thereafter act as substitute escrow agent hereunder.

(k) Seller and Buyer may mutually remove Escrow Agent, with or without cause, and appoint a substitute escrow agent or otherwise designate the disposition of the Security Fund without other formality than giving joint written notice to Escrow Agent at

Escrow Agent's address set forth above, in which event Escrow Agent shall deliver the Security Fund in accordance with the joint written and signed instructions of Seller and Buyer and shall thereupon be deemed to be removed as of the date designated in such notice, or if no date is designated, as of the date such delivery is made.

(l)    Should any controversy arise between or among the parties or any other person, firm or entity with respect to this Agreement or the right of any party or other person to receive the Security Fund or any portion thereof, or should the parties fail to designate another escrow agent as provided above, or if Escrow Agent should be in doubt as to what action to take, Escrow Agent shall have the right, but not the obligation, either to (a) withhold delivery of the Security Fund until the controversy is resolved or the conflicting demands are withdrawn, or (b) deliver the Security Fund to the title insurance company providing title insurance for the Property, which shall thereafter act as substitute escrow agent hereunder.

(m)    This Agreement may be executed in any number of counterparts, each of which shall be deemed an original as against the party who has executed such counterpart. This Agreement may be executed by facsimile counterpart by the parties, which signatures shall have the same force and effect as original signatures.

(n)    The parties hereby agree that the provisions of Section 3 of the Contract shall survive closing of the purchase and sale of the Property and that such provisions are incorporated herein by this reference.

[Signature Page Follows]

IN WITNESS WHEREOF, the undersigned have executed this Agreement effective the day and year first set forth above.

ESCROW AGENT:

MOORE & VAN ALLEN PLLC

By: _____
Name: _____
Title: _____


SELLER:

K.A. HOLDINGS LTD. OF NY

By: *[signature]*
Name: EARL MANKIN
Title: PRES.


BUYER:

HAWTHORNE MILL, LLC

By: _____
Pete K. Thompson, Member

4

IN WITNESS WHEREOF, the undersigned have executed this Agreement effective the day and year first set forth above.

ESCROW AGENT:

MOORE & VAN ALLEN PLLC

By: *(signature)*
Name: Bryan P. Dewitt
Title: Attorney

SELLER:

K.A. HOLDINGS LTD. OF NY

By: _____
Name: _____
Title: _____

BUYER:

HAWTHORNE MILL, LLC

By: *(signature)*
Peter K. Thompson, Manager

6