NORTH CAROLINA                    IN THE GENERAL COURT OF JUSTICE

                                              SUPERIOR COURT DIVISION

MECKLENBURG COUNTY  03 JUL 24  PH 2: 15        03 CVS 12766

|  |  |  |
|---|---|---|
| KA HOLDINGS OF NEW YORK, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | (Trial by Jury Demanded) |
| OVERLAND PROPERTIES, INC. and | ) | |
| HAWTHORNE MILL, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, complaining of the Defendants, alleges and says:

1.       Plaintiff is a New York corporation, registered to conduct business in North Carolina, which conducts business in Mecklenburg County, North Carolina.

2.       Defendant Overland Properties, Inc., hereinafter "Overland," is a North Carolina corporation which conducts business in Mecklenburg County, North Carolina.

3.       Defendant Hawthorne Mill, LLC., hereinafter "Hawthorne," is a North Carolina limited liability corporation which conducts business in Mecklenburg County, North Carolina.

4.       Defendant Peter K. Thompson is a citizen and resident of Mecklenburg County, North Carolina.

5.       Defendant Roger Lovelette is a citizen and resident Mecklenburg County, North Carolina.

6.       In June of 2001, Plaintiff and Overland entered into a written contract for the sale of real property and improvements located in Mecklenburg County. A copy of said contract is attached hereto as Plaintiff's Exhibit A, the same being incorporated by reference hereto as if set out in full.

7.       The contract for the sale of the real property and improvements contained a lease provision where the Plaintiff would lease back a certain portion of the real property and improvements from Overland. The complete terms of this leasehold agreement is set forth in its entirety in Exhibit A.

8.       Plaintiff demanded and received the leasehold provision from Overland as the Plaintiff maintained an inventory of goods valued in excess of one million dollars at the real property and improvements.

9.       The leasehold provision granted by Overland in the contract of sale provided the Plaintiff with sufficient consideration to execute and complete the sale on the stated terms.

10.     Plaintiff is in the Christmas ornaments, supplies and goods industry and planned upon having its inventory referred to above sold and shipped by the end of November 2001.

11.     Plaintiff would not have executed Exhibit A if the leasehold provision was not made a part of the same.

12.     The granting of the leasehold provision by Overland to Plaintiff was a condition precedent to the execution of Exhibit A.

13.     Overland assigned its interest in Exhibit A to Hawthorn prior to closing.

14.     Based upon the reasonable representations and warranties of Overland, Plaintiff agreed to convey the real property and improvements in Exhibit A to KA Holdings on October 31, 2001.

15.     On October 31, 2001, Plaintiff, as vendor-lessee, and Defendants, as vendee-lessor, closed the transaction for the real property and improvements referenced in Exhibit A.

16.     Soon after the conveyance, Defendants denied the Plaintiff agents access to the premises and began converting the Plaintiff's goods for its own use and to the exclusion of the Plaintiff.

17.     Peter K. Thompson, president of Overland and managing member of Hawthorne, directed or allowed Roger Lovelette, Overland's agent and/or employee, to convert and sale the Plaintiff's inventory to third parties.

18.     Upon information and belief, Peter K. Thompson and Roger Lovelette kept all of the proceeds of the sale of the Plaintiff's inventory and goods for their own use.

19.     Plaintiff became aware that a portion of its inventory had made it to the open market and demanded access to its goods and inventory held at Overland.

20.     Overland refused Plaintiff's request and proceeded to lock the Plaintiff out of its warehouse space.

21.     Plaintiff and the Defendants submitted the dispute to Arbitration pursuant to arbitration clause contained in exhibit A.

22.     The Arbitrator ruled upon and issued a written award for all legal issues submitted by the parties excluding damages to which the arbitrator lacked jurisdiction. A copy of the Arbitration award is attached hereto as Plaintiff's Exhibit B, incorporated by reference as if set out in full

Causes of Action

## ACTUAL AND SPECIAL DAMAGES FOR DEFENDANTS BREACH OF CONTRACT, UNJUST ENRICHMENT & CONVERSION

Plaintiff incurred actual damages for the loss of the goods converted and breach by the Defendants in an amount of three hundred thousand dollars ($300,000.00).

Plaintiff has incurred actual damages in acquiring leasehold space, moving and repackaging the remaining inventory in an amount of forty thousand eight hundred dollars ($40,800.00).

Plaintiff has incurred actual damages in the Arbitration action in the amount of twenty-three thousand two hundred fifty dollars ($23,250.00).

Plaintiff has incurred special damages in having to settle claims with vendors that were entitled to a portion of the proceeds of the goods converted by the Defendants in an amount in excess of ten thousand dollars.

Plaintiff has incurred special damages Defendants in an amount in excess of ten thousand dollars in that the value of the inventory Plaintiff was able to retrieve has been impaired as a result of the goods being seasonal in nature.

Plaintiff has incurred special damages Defendants in an amount in excess of ten thousand dollars in having to store the remaining inventory for an additional year.

Plaintiff has incurred special damages Defendants in an amount in excess of ten thousand dollars in that the value of the remaining inventory has decreased within the last year.

Defendant's, conspired and intentionally and without regards to the Plaintiff's rights or financial interests, acquired the Plaintiff's goods through devious and malicious actions as Defendants never had any intent on paying the Plaintiff for the goods and inventory they converted for their own use and have been unjustly enriched as a result of the same.

WHEREFORE, Plaintiff prays the Court as follows:

1.    Plaintiff have and recover from Defendants, jointly and severally, damages in an amount in excess of ten thousand dollars;

2.    Plaintiff recover from Defendants, jointly and severally, all incidental and special damages;

3.    Costs of this action be taxed against the Defendants;

4.    Trial by jury on all issues;

5.    This verified Complaint be accepted as an affidavit; and

6.    For such other or further relief the court deems just.

This 23 day of July, 2003.

CHRISTOPHER G. CHAGARIS
Post Office Box 1408
Davidson, North Carolina 28036
704-894-9672

## VERIFICATION

Before the undersigned Notary Public personally appeared Carl Mancini, who, being duly sworn, says: That they are a duly qualified and acting officer or owner of KA Holdings of New York, Inc., Plaintiff, in this action, and that as such, they make this verification

Further, they verify that they have read the foregoing Complaint and know the contents thereof, and that said contents are true of his own knowledge, save and except those matters and things stated therein upon information and belief, and as to such matters and things, he believes them to be true.

This the _14TH_ day of _July_, 2003.

_____[SEAL]
CARL MANCINI


SUBSCRIBED AND SWORN TO before me

This ___1ST_ day of _July___, 2003.


Notary Public                                    [SEAL]
My Commission Expires:


Charles J. Diven Jr.
Notary Public, State of NY
No. 02DI6031456
Qualified in Westchester County
Commission Exp. October 4, 20 04