STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
                                    05 MAR 21 PM 2:36 SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG           03-CVS-12766

| | |
|---|---|
| KA HOLDINGS OF NEW YORK, INC., | |
| Plaintiff, | |
| vs. | ORDER |
| | (PARTIAL SUMMARY JUDGMENT) |
| OVERLAND PROPERTIES, INC. And HAWTHORNE MILL, LLC, | |
| Defendants. | |

**THIS MATTER COMING TO BE HEARD** and being heard by the undersigned Superior Court Judge presiding over a civil term of Superior Court in Mecklenburg County Superior Court, Mecklenburg County Courthouse, Charlotte, North Carolina on February 2, 2005. The matter before the Court was Defendants Overland Properties, Inc. and Hawthorne Mill, L.L.C.'s Motion to Dismiss for lack of Subject Matter Jurisdiction or for Summary Judgment. Defendants were represented by Attorney Dale S. Morrison and Plaintiff was represented by Attorney Christopher G. Chagaris. The parties through counsel had previously agreed that the undersigned would hear this matter on a day scheduled and agreeable to all counsel.

The Court makes the following **Findings of Fact:**

1. The Court has reviewed the matters of record and received argument of counsel including citations of case law.

2. Plaintiff K.A. Holdings of New York, Inc. entered into a Contract for Purchase of Real Estate (hereinafter the "Contract") with Defendant Overland Properties, Inc. on June 6, 2001. Defendant Hawthorne Mill, LLC was assigned the rights under the Contract from Defendant Overland Properties, Inc. On October 31, 2001, Plaintiff entered into an Escrow Agreement with Defendant Hawthorne Mill. The Escrow Agreement makes reference to the Contract.

3. The Contract required the seller (Plaintiff) to deposit into escrow a post-closing tenant security fund deposit and liquidated damages sum of $50,000.00.

4. The Plaintiff's present case appears to set forth claims arising under the arbitration clauses contained in the Contract and Escrow Agreement and for alleged conversion of property of the Plaintiff.

5. First, this Court must decide whether or not the arbitration agreement exists between these parties. Second, if an arbitration agreement is found to exist, the Court must then decide whether the dispute set forth in the Complaint falls within the scope of that arbitration agreement.

6. The Court finds there is no genuine issue of material fact that there was the Contract between Plaintiff and Defendant Overland Properties. Further, this Contract included paragraph 3c:

> "3. *Closing, Post Closing Tenancy by Seller, and Security Fund.*
>
> c. *At Closing, Seller [Plaintiff] shall permit the Closing Attorney to deposit into escrow, from Seller's proceeds, a post-closing tenant Security Fund deposit and liquidated damages sum of $50,000.00. This Security Fund escrow shall be held by the Buyer's attorney or, at Seller's option, the Title Company issuing applicable title insurance to Buyer [Defendant Overland Properties, Inc.]. Any controversy regarding compliance and apportionment as to this liquidated amount shall be settled by binding arbitration, under the rules of the American Arbitration Association, and parties hereby consent to any arbitration hearing necessitated hereby to be held via multi-party telephone conference call so as to alleviate any travel expenses related to such arbitration.*"

7. There is no genuine issue of material fact that the Escrow Agreement executed by and between the escrow agent Moore & Van Allen, PLLC, Plaintiff (Seller) K.A. Holdings, Ltd. of New York, and Defendant (Buyer) Hawthorne Mill, L.L.C. included provisions for a security fund and liquidated damages sum in section 2 of the Escrow Agreement.

8. The Escrow Agreement provided:

"SECTION 2. <u>Disbursement</u>. The Security Fund shall be disbursed by Escrow Agent upon either:

(a) receipt by overnight delivery from Seller [Plaintiff K.A. Holdings of New York, Inc.] of a true copy of a letter delivered contemporaneously to Buyer {Defendant Hawthorne Mill, L.L.C.] (also by overnight delivery) stating that Seller has vacated the Property and removed all of its personal property therefrom; or

(b) receipt by overnight delivery by Buyer of a true copy of a letter delivered contemporaneously to Seller (also by overnight delivery) stating that Seller has breached one or more of the post-closing obligations of Seller contained in Section 3 of the Contract, specifying in reasonable detail the nature of such breach(es) and requesting that the Security Fund be released to Buyer.

Upon receipt of a copy of any letter from Seller or Buyer by overnight delivery pursuant to the provisions of Subsections (a) or (b) of this Section 2, Escrow Agent shall, unless notified in writing by the other party within two (2) business days thereafter of any objection to disbursement of the Security Fund, disburse the Security Fund to the party from which Escrow Agent received the letter and thereupon be released and discharged from any further duty or obligation hereunder. If the other

*party makes a timely objection to disbursement of the Security Fund to the party requesting same, the objection shall be resolved by binding arbitration. The parties hereto shall endeavor to agree upon an arbitrator. If the parties have not agreed on an arbitrator within ten (10) days after receipt by Escrow Agent of notice of the objection, either party may request the American Arbitration Association to designate the arbitrator pursuant to its Commercial Arbitration Rules ("AAA Rules"). The arbitrator shall set the date, the time, and the place of hearing, which must commence on or before fifteen (15) days following the designation of the arbitrator. Any party hereto may attend the hearing by conference call. The arbitration shall be conducted under the AAA rules. The arbitrator shall render its decision on or before fifteen (15) days following the commencement of the hearing. The arbitrator's decision shall be set forth in a writing and shall be final and binding on all parties hereto and is not subject to appeal; provided, however, that any matter of law decided by the arbitrator may be appealed by any party, whether upon completion of the proceedings or interlocutory. The decision of the arbitrator may be enforced in any court of competent jurisdiction, and the parties authorize any such court to enter judgment on the arbitrator's decision. "*

9. The Court having determined there is no material issue of fact that under the Contract and Escrow Agreement the parties agreed to provide for arbitration of

certain disputes. The Court must then determine whether the disputes at issue fall within the scope of the agreement.

10. The disputes currently at issue relate to the arbitration agreement between the parties and the Plaintiff's claim for relief for an alleged conversion of property.

11. The Defendants contend the property that is subject to the conversion claim has been deemed abandoned by virtue of the order entered on December 12, 2002, by the Hon. Marcus L. Johnson in case number 02-CVS-16135, a previous lawsuit between K.A. Holdings Ltd. of New York, Plaintiff vs. Hawthorne Mill, L.L.C., Defendant. There, Judge Johnson ordered that the Plaintiff's Motion to confirm an arbitration award was denied with prejudice, and the arbitration award entered against the Defendant Hawthorne Mill, L.L.C. was vacated.

12. This Court finds there is no genuine issue of material fact about any matters relating to disputes over the tenant security fund deposit, disbursement thereof by the escrow agent, or any claims arising therefrom.

13. The parties have fully addressed all contingencies relating to that security fund and its disbursement through the terms of their written Contract and Escrow Agreement, having provided for any disputes relating to the security fund to be addressed by arbitration within specific time limits.

14. By virtue of the conduct of the parties and the prior decision of Judge Johnson in 02-CVS-16135 with respect to a previous arbitration award, any claims

against the security fund or relating to the prior arbitration proceeding are no longer viable.

15. The Plaintiff's claim for actual damages in the arbitration action in the amount of $23,250.00 must fail.

16. The Plaintiff's claim for $40,800.00 of actual damages on acquiring lease hold space is a claim that refers to whether or not there has occurred a breach in the lease agreement. A matter which there is no genuine issue of material fact because the parties intended that such a dispute fall within the scope of their agreement to submit that issue to arbitration or being bound by the actions of the escrow agent in disbursement of the security fund. Therefore, such claim is no longer viable.

17. All Plaintiff's claims for breach of contract issues should be dismissed with prejudice as they are within the scope of the arbitration agreement.

18. The Plaintiff's claim for conversion of property raises genuine issues of material fact as to whether or not the property has been abandoned by the Plaintiff and whether or not the property has been converted by the Defendants.

19. The dispute over conversion is not a matter this Court can conclude without an issue of material fact about whether it falls within the scope of the agreement of arbitration.

20. The Court should allow the Defendants' Motion for Summary Judgment on all matters except the claim for conversion of property.

Based upon the foregoing Findings of Fact, the Court enters the following:

## Conclusions of Law

1. The Court has jurisdiction over the parties.

2. The parties entered into a Contract and Escrow Agreement providing for arbitration of certain disputes and specifically disputes relating to the security fund deposit, the disbursement by the escrow agent of such deposit and any claims arising therefrom.

3. There are no genuine issues of material fact about whether the parties entered into the Contract and Escrow Agreement and are bound by the terms of such agreement with respect to disputes relating to the security fund to be addressed by arbitration.

4. Judge Johnson in case 02-CVS-16135 has by his decision resolved forever the previous arbitration award, any claims against the security fund or any claims relating to the prior arbitration proceeding. Therefore such claims are no longer viable.

5. Plaintiff's claim for actual damages in the arbitration action in the amount of $23,250.00 should be dismissed with prejudice and summary judgment allowed.

6. Plaintiff's claim in the amount of $40,800.00 of actual damages on acquiring leasehold space should be dismissed with prejudice and summary judgment allowed.

7. Any and all other claims of the Plaintiff arising out of breach of contract should be dismissed with prejudice and the Defendants are entitled to summary judgment as a matter of law.

8. There is a genuine issue of material fact with respect to Plaintiff's claim for conversion of property and Plaintiff is entitled to go forward with that claim and Defendant's Motion should be denied.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

1. Plaintiff's claim concerning $23,250.00 for actual damages in the arbitration action is dismissed with prejudice and summary judgment is granted to the Defendants against Plaintiff K.A. Holdings of New York, Inc.

2. The Plaintiff's claim for $40,800.00 of actual damages concerning acquiring leasehold space is dismissed with prejudice and Defendants are granted summary judgment against Plaintiff K.A. Holdings of New York, Inc.

3. To the extent Plaintiff's complaint sets forth other claims for breach of contact issues, these claims are dismissed with prejudice and summary judgment is granted in favor of the Defendants against Plaintiff K.A. Holdings of New York, Inc.

4. Defendants' Motion to Dismiss for lack of Subject Matter Jurisdiction and in the Alternative for Summary Judgment with respect to Plaintiff's claims for conversion of personal property is <u>denied</u>.

This the 31 day of March, 2005.

_____
Forrest D. Bridges,
Superior Court Judge