NORTH CAROLINA

MECKLENBURG COUNTY

06 MAR 24 PM 3:51

MECKLENBURG CO., C.S.C.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
06 CVS 6006

KA HOLDINGS OF NEW YORK, INC. )
)
)
Plaintiff, )
)
v. ) COMPLAINT
) (Trial by Jury Demanded)
OVERLAND PROPERTIES, INC. and )
HAWTHORNE MILL, LLC., )
)
Defendants. )
)

Plaintiff, complaining of the Defendants, alleges and says:

1. Plaintiff is a New York corporation, registered to conduct business in North Carolina, which conducts business in Mecklenburg County, North Carolina.

2. Defendant Overland Properties, Inc., hereinafter "Overland," is a North Carolina corporation which conducts business in Mecklenburg County, North Carolina.

3. Defendant Hawthorne Mill, LLC., hereinafter "Hawthorne," is a North Carolina limited liability corporation which conducts business in Mecklenburg County, North Carolina.

4. In June of 2001, Plaintiff and Defendants entered into a written contract for the sale of real property and improvements located in Mecklenburg County. A copy of said contract is attached hereto as Plaintiff's Exhibit A, the same being incorporated by reference hereto as if set out in full.

5. The contract for the sale of the real property and improvements contained a lease provision where the Plaintiff would lease back a certain portion of the real property and improvements from Defendants. The complete terms of this leasehold agreement is set forth in its entirety in Exhibit A.

6. Plaintiff demanded and received the leasehold provision from Defendants as the Plaintiff maintained an inventory of goods valued in excess of one million dollars at the real property and improvements.

7. The leasehold provision granted by Defendants in the contract of sale provided the Plaintiff with sufficient consideration to execute and complete the sale on the stated terms.

8. Plaintiff is in the Christmas ornaments, supplies and goods industry and planned upon having its inventory referred to above sold and shipped by the end of November 2001.

9. Plaintiff would not have executed Exhibit A if the leasehold provision was not made a part of the same.

10. The granting of the leasehold provision by Defendants to Plaintiff was a condition precedent to the execution of Exhibit A.

11. Defendant Overland assigned its interest in Exhibit A to Defendant Hawthorn prior to closing.

12. Based upon the reasonable representations and warranties of Defendants, Plaintiff agreed to convey the real property and improvements in Exhibit A to KA Holdings on October 31, 2001.

13. On October 31, 2001, Plaintiff, as vendor-lessee, and Defendants, as vendee-lessor, closed the transaction for the real property and improvements referenced in Exhibit A.

14. Soon after the conveyance, Defendants denied the Plaintiff' agents access to the premises and began converting the Plaintiff's goods for its own use and to the exclusion of the Plaintiff.

15. Peter K. Thompson, president of Overland and managing member of Hawthorne, directed or allowed Roger Lovelette, Overland's agent and/or employee, to convert and sale the Plaintiff's inventory to third parties.

16. Upon information and belief, Peter K. Thompson and Roger Lovelette kept all of the proceeds of the sale of the Plaintiff's inventory and goods for their own use.

17. Plaintiff became aware that a portion of its inventory had made it to the open market and demanded access to its goods and inventory held at Overland.

18. Overland refused Plaintiff's request and proceeded to lock the Plaintiff out of its warehouse space.

## Causes of Action
## CONVERSION

19. Plaintiff incurred actual damages for the loss of the goods converted and breach by the Defendants in an amount in excess of ten thousand dollars.

20. Defendants conspired and intentionally and without regards to the Plaintiff's rights or financial interests, acquired the Plaintiff's goods through devious and malicious actions as Defendants never had any intent on paying the Plaintiff for the goods and inventory they converted for their own use and have been unjustly enriched as a result of the same.

WHEREFORE, Plaintiff prays the Court as follows:

1. Plaintiff have and recover from Defendants, jointly and severally, damages in an amount in excess of ten thousand dollars;

2. Costs of this action be taxed against the Defendants;

3. Trial by jury on all issues;

4. This verified Complaint be accepted as an affidavit; and

5. For such other or further relief the court deems just.

This ___ day of March 2006.

Christopher G. Chagaris
Post Office Box 1408
Davidson, North Carolina 28036
Telephone (704) 894-9672
Attorney for Plaintiff