VENTURINI & ASSOCIATES
230 Park Avenue, Suite 545
New York, NY 10169
(212) 826-6800
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

KA HOLDINGS OF NEW YORK, LTD.                          Case No. 07 Civ. 9675 (SCR) (LMS)
a/k/a KA HOLDINGS LTD OF NY a/k/a
KA HOLDINGS LTD.,

                Plaintiff,

    -against-

CHRISTOPHER CHAGARIS,

                Defendant.

--------------------------------------------------------x

---

## MEMORANDUM OF LAW OF DEFENDANT
## CHRISTOPHER CHAGARIS IN SUPPORT OF MOTION TO DISMISS
## THE AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER
## THIS ACTION TO THE WESTERN DISTRICT OF NORTH CAROLINA

---

On the brief:
August C. Venturini
Sean W. Higgins

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................. iiii

PRELIMINARY STATEMENT .......................................................................................... 1

PROCEDURAL HISTORY ................................................................................................. 1

STATEMENT OF FACTS .................................................................................................. 2

    A.  The Parties ............................................................................................................... 3

    B.  The North Carolina Real Property Transaction ...................................................... 3

    C.  The Arbitration Award ............................................................................................ 4

    D.  KA LTD NY Retained Chagaris To Confirm The Arbitration Award In North Carolina . 5

        1.  The First NC Action ........................................................................................ 5

        2.  The Second NC Action .................................................................................... 5

        3.  The Third NC Action ....................................................................................... 6

    E.  The Claims Against Chagaris In The Instant Action .............................................. 7

ARGUMENT ..................................................................................................................... 7

I.   THE AMENDED COMPLAINT MUST BE DISMISSED AS PLAINTIFF CANNOT SATISFY ITS BURDEN TO ESTABLISH PERSONAL JURISDICTION OVER CHAGARIS ............................................................................................................... 7

II.  PLAINTIFF CANNOT SATISFY ITS BURDEN TO SHOW THAT VENUE IS PROPER IN THE SOUTHERN DISTRICT OF NEW YORK ...................................... 10

III. ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF NORTH CAROLINA ...................................... 12

IV. THE FRAUD, NEGLIGENT MISREPRESENTATION, BREACH OF FIDUCIARY DUTY, AND BREACH OF CONTRACT CLAIMS ARE DUPLICATIVE OF THE LEGAL MALPRACTICE CLAIM AND MUST BE DISMISSED ................................... 13

    A.  The Fraud Claim Is Not Alleged With Sufficient Particularity ............................. 14

V.  THE CLAIM FOR VIOLATION OF NEW YORK JUDICIARY LAW § 487 MUST BE DISMISSED AS IT DOES NOT APPLY TO OUT OF STATE ACTIONS ................. 15

VI.     THE CONVERSION CLAIM IS UNTIMELY AND MUST BE DISMISSED ............. 15

VII.    THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK
        OF SUBJECT MATTER JURISDICTION ..................................................................... 16

        A.  Plaintiff Lacks Standing ............................................................................. 16

CONCLUSION ................................................................................................................. 17

## TABLE OF AUTHORITIES

**Cases**

*Akro Investicni Spolecnost, A.S. v. A.B. Watley, Inc.*, 2003 WL 1108135 (S.D.N.Y.) ................ 16

*APWU v. Potter*, 343 F.3d 619 (2d Cir. 2003) ............................................................. 16

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ................................................. 9

*Calcutti v. SBU, Inc.*, 224 F. Supp. 2d 691, (S.D.N.Y. 2002) ................................. 13, 15

*Catizone v. Wolff*, 71 F. Supp. 2d 365 (S.D.N.Y. 1999) ............................................ 17

*Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77 (2d Cir. 1978) ........................... 13

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991), *cert. den.*, 503 U.S. 960
    (1992) ................................................................................................................ 2

*Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408 (2d Cir. 2005) ......... 10, 11, 12, 13

*Echostar DBS Corp. v. Gemstar-TV Guide Int'l, Inc.*, 2007 WL 438088 (S.D.N.Y.) ................ 17

*Florczak v. Staffieri*, 2006 WL 1085173 (N.D.N.Y.) .................................................... 8, 9, 11, 12

*Fox v. City of New York*, 2004 WL 856299 (S.D.N.Y.) ................................................. 2

*Friedman v. Revenue Manag. of New York, Inc.*, 38 F.3d 668 (2d Cir. 1994) ............................ 11

*Hanson v. Denckla*, 357 U.S. 235 (1958) ................................................................ 9

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) ........................................ 9

*Kramer v. Time Warner Inc.*, 937 F.2d 767 (2d Cir. 1991) ........................................... 2

*Lerner v. Fleet Bank*, N.A., 459 F.3d 273 (2d Cir. 2006) ............................................ 14

*Luckett v. Bure*, 290 F.3d 493 (2d Cir. 2002) ........................................................... 16

*Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397 (S.D.N.Y. 2002) .......................... 17

*Mills v. Polar Molecular Corp.*, 12 F.3d 1170 (2d Cir. 1993) ..................................... 14

*Nardella v. Braff*, 621 F. Supp. 1170 (S.D.N.Y. 1985) .............................................. 15

*PI, Inc. v. Quality Products, Inc.*, 907 F. Supp. 752 (S.D.N.Y. 1995) ............................... 8, 10, 11

*Rapoport v. Asia Electronics Holding Co., Inc.*, 88 F. Supp. 2d 179 (S.D.N.Y. 2000) ............... 17

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502 (2d Cir. 1994) ....................................... 8

*Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C.*,
   927 F. Supp. 731 (S.D.N.Y. 1996)................................................................................ 10, 12, 13

*Sage Realty Corp. v. Proskauer Rose LLP*, 251 A.D.2d 35,
   675 N.Y.S.2d 14 (1st Dep't 1998) ...................................................................................... 14

*Savin v. Ranier*, 898 F.2d 304 (2d Cir. 1990) .......................................................................... 8, 9

*Sazerac Co., Inc. v. Falk*, 861 F. Supp. 253 (S.D.N.Y. 1994) ...................................................... 17

*Schertenleib v. Traum*, 589 F.2d 1156 (2d Cir. 1978) ................................................................ 15

*Serova v. Teplen*, 2006 WL 349624 (S.D.N.Y.) ........................................................................ 13

*Shipping Financial Servs. Corp. v. Drakos*, 140 F.3d 129 (2d Cir. 1998) .................................. 16

*Solow v. Stone*, 994 F. Supp. 173 (S.D.N.Y. 1998), *aff'd*, 163 F.3d 151 (2d Cir. 1998)............. 17

*Sonnenschine v. Giacomo*, 295 A.D.2d 287, 744 N.Y.S.2d 396 (1st Dep't 2002) ....................... 13

*Southern Boulevard Sound, Inc. v. Felix Storch, Inc.*, 165 Misc. 2d 341,
   629 N.Y.S.2d 635 (N.Y. Co. Civ. Ct. 1995), *aff'd as modified*, 167 Misc. 2d 731, 643
   N.Y.S.2d 882 (1st Dep't App. Term 1996)......................................................................... 15

*Town of Wallkill v. Rosenstein*, 40 A.D.3d 972, 837 N.Y.S.2d 212 (2d Dep't 2007) .................. 13

*Warth v. Seldin*, 422 U.S. 490 (1975) ........................................................................................ 17

*World Wrestling Entertainment, Inc. v. Jakks Pacific, Inc.*,
   425 F. Supp. 2d 484 (S.D.N.Y. 2006)................................................................................. 2

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)............................................... 9

## **Statutes**

28 U.S.C. § 1391(a) ........................................................................................................ 10, 11

28 U.S.C. § 1404(a) .................................................................................................... 1, 12, 18

28 U.S.C. § 1406(a) .................................................................................................... 1, 13, 17

CPLR § 302(a) ................................................................................................ 8, 9

CPLR 214(3) ................................................................................................... 15

## **Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................... 1, 16

Fed. R. Civ. P. 12(b)(2) ........................................................................... 1, 8, 17

Fed. R. Civ. P. 12(b)(3) ......................................................................... 1, 10, 17

Fed. R. Civ. P. 12(b)(6) ............................................................................. 1, 18

Fed. R. Civ. P. 9(b) ............................................................................... 1, 14, 18

## PRELIMINARY STATEMENT

In this diversity action, defendant Christopher Chagaris ("Chagaris") respectfully submits this memorandum of law in support of his motion for an order: (1) dismissing the Amended Complaint for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2); (2) dismissing the Amended Complaint based on improper venue, pursuant to Fed. R. Civ. P. 12(b)(3); or (3) in the alternative, transferring this action to the United States District Court for the Western District of North Carolina, pursuant to 28 U.S.C. §§ 1404(a) and/or 1406(a); (4) dismissing the fraud claim for failure to state a claim on which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), and failure to plead fraud with requisite particularity, pursuant to Fed. R. Civ. P. 9(b); (5) dismissing the claims for negligent misrepresentation, breach of fiduciary duty, breach of contract, violation of New York Judiciary Law § 487, and conversion for failure to state a claim on which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6); (6) dismissing the Amended Complaint with prejudice for lack of subject matter jurisdiction, as Plaintiff has failed to establish standing, pursuant to Fed. R. Civ. P. 12(b)(1), and (7) granting such other and further relief as to this Court seems just and proper.

This action arises solely from legal services that Chagaris, a North Carolina resident and attorney, provided in North Carolina in three separate actions in the Superior Court of North Carolina. (Am. Compl., ¶¶ 3-4). As in the original complaint, plaintiff has failed to correctly identify Chagaris' client in the North Carolina actions as well as to name a properly formed legal entity as the plaintiff.

## PROCEDURAL HISTORY

This action was commenced by plaintiff, Hanfords Creations, LLC, a fictitious entity ("Hanfords"). On March 20, 2008, Chagaris moved to dismiss the complaint in part on the

grounds that plaintiff lacked standing as Chagaris had never heard of Hanfords and had never provided legal services to it and because Hanfords was apparently not formed in any state.

On June 18, 2008, one day after its opposition was due, plaintiff filed (1) an amended complaint that, without explanation of any kind, substituted the current plaintiff, KA Holdings of New York, LTD., in place of Hanfords and (2) opposition papers to Chagaris's motion to dismiss the original complaint.

Inasmuch as the complaint was amended, the parties thereafter entered into a stipulation that withdrew the first motion and provided a briefing schedule for the instant application. That stipulation was So Ordered by the Court on July 1, 2008.

The opening sentence of the Amended Complaint states that the plaintiff is KA Holdings of New York, LTD and the caption purports that the plaintiff is also known by two other corporate names. Both the plaintiff and the second "a/k/a" name are not existing corporations in New York while the first "a/k/a" name appears to be the only valid entity.

## **STATEMENT OF FACTS**

The following facts are taken from the Amended Complaint (*see* Chagaris Decl., Ex. 10) and documents referenced therein, including documents filed in the Superior Court of North Carolina, County of Mecklenburg, and with the American Arbitration Association.[1]

---

[1]  On a motion to dismiss, the Court may consider facts alleged in the complaint or in documents annexed thereto or incorporated therein by reference or of which judicial notice may be taken, such as publicly-filed documents. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991); *World Wrestling Entertainment, Inc. v. Jakks Pacific, Inc.*, 425 F. Supp. 2d 484, 508 n. 16 (S.D.N.Y. 2006); *Fox v. City of New York*, 2004 WL 856299 (S.D.N.Y.) *1. The Court may also consider any documents the plaintiff had in its possession or had knowledge of and on which it relied in bringing suit, even if not publicly-filed or annexed to the complaint or incorporated therein by reference. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-8 (2d Cir. 1991), *cert. den.*, 503 U.S. 960 (1992).

A. **The Parties**

Chagaris is a resident of Iredell County, North Carolina. (Chagaris Decl., ¶ 2). Chagaris is an attorney licensed to practice law in the State of North Carolina who maintains an office in the County of Mecklenburg, State of North Carolina. (Am. Compl., ¶¶ 3-4).

Plaintiff KA Holdings of New York, LTD. ("Plaintiff") alleges it is a New York corporation with a place of business in the County of Rockland, State of New York. (Am. Compl., ¶¶ 2, 5). Plaintiff, however, is not a New York entity according to the online records of New York's Secretary of State. (Higgins Decl., ¶¶ 2-3, Ex. 11). Moreover, Plaintiff is not the entity that retained Chagaris' services. (*See infra*).

B. **The North Carolina Real Property Transaction**

Plaintiff alleges it entered into a written contract dated June 6, 2001 (the "NC Real Property Sales Contract") to sell real property in Mecklenburg County, North Carolina known as Tax ID 081-153-35 (the "NC Real Property"). (Am. Compl., ¶ 6; Chagaris Decl., Ex. 2). The NC Real Property Sales Contract identifies Plaintiff as seller and Overland Properties, Inc., a North Carolina corporation ("Overland") as buyer. Further, it states that Plaintiff is the assignee under a deed of trust dated June 6, 1996 and, as such, "is, or will be in the near future, in a position to bargain, present, convey and sell" the NC Real Property "currently held by and titled by Hanford's Creations, Inc., a North Carolina corporation" ("Hanford's Inc.").[2] (Ex. 2, p. 1).

In conjunction with the NC Real Property Sales Contract, K.A. Holdings LTD. of NY ("KA LTD NY") entered into a written escrow agreement dated October 31, 2001 with Moore &

---

[2]   It appears that Hanford's Creations, Inc. is the real party in interest here as it was the owner of the NC Real Property, Plaintiff refers to that property as "Hanfords" (Am. Compl. ¶ 6) and as this action was originally brought by Hanford's Creations LLC, a similarly sounding, albeit fictitious, entity. In the event that Hanford's Inc. is really the intended plaintiff here, diversity jurisdiction would not exist as it and Chagaris are both residents of North Carolina.

Van Allen PLLC and Hawthorne Mill, LLC  (the "NC Escrow Agreement").[3]  (Chagaris Decl., Ex. 3).  The NC Escrow Agreement names KA LTD NY [sic] as seller, Hawthorne Mill, LLC ("Hawthorne") as buyer, and Moore & Van Allen PLLC (the "Escrow Agent") as escrow agent. Further, it states that, pursuant to the NC Real Property Sales Contract, KA LTD NY agreed to sell to Hawthorne, as Overland's successor in interest, the NC Real Property.  (Ex. 3, p. 1).

Chagaris had no involvement in the NC Real Property transaction and the Amended Complaint does not allege otherwise.  (Chagaris Decl., ¶¶ 4-5).

**C.**    **The Arbitration Award**

Also prior to Chagaris' retention as counsel, the American Arbitration Association, in Westchester, New York, issued an arbitration award dated February 27, 2002 (the "Arbitration Award") in favor of KA LTD NY and against Hawthorne, holding that Hawthorne had breached the NC Real Property Sales Contract and the NC Escrow Agreement.  (Chagaris Decl., Ex. 1, p. 1).  The Arbitration Award, *inter alia*, required (1) Hawthorne to grant KA LTD NY access to a portion of the NC Real Property to remove its inventory by March 30, 2002, (2) Hawthorne to return to the Escrow Agent the portion of the $50,000.00 security fund deposit (the "Security Fund Deposit") released to it, if any, and (3) the Escrow Agent to hold the Security Fund Deposit in escrow pursuant to the NC Escrow Agreement.  (Ex. 1, p. 1-2).

Chagaris had no involvement in the arbitration and the Amended Complaint does not allege otherwise.  (Chagaris Decl., ¶ 4).

Contrary to the allegations of the Amended Complaint, Plaintiff was not a party to the Arbitration and received nothing in the Arbitration Award.  (Am. Compl., ¶ 7; Ex. 1).

---

[3]   KA LTD NY is listed in the caption as Plaintiff's first a/k/a and is a valid entity according to New York State. *See* Higgins Decl ¶¶ 2-3 & Ex. 11.  KA LTD NY, however, is not identified as a plaintiff by the opening paragraph of the Amended Complaint.

**D.    KA LTD NY Retained Chagaris To Confirm
The Arbitration Award In North Carolina**

KA LTD NY, through its New York attorney, Charles Diven, Esq., retained Chagaris in or about April 2002 to confirm the Arbitration Award in North Carolina state court and to recover damages pursuant thereto.  (Chagaris Decl., ¶ 4; *see also* Am. Compl., ¶ 7).

**1.    The First NC Action**

Pursuant to Charles Diven's authorization and request, Chagaris filed an action on behalf of KA LTD NY bearing Docket No. 02-CVS-16135.  (Chagaris Decl., ¶ 6 & Ex. 4; Am. Compl., ¶¶ 7-9).  That action, entitled *KA Holdings Ltd. of New York v. Hawthorne Mill, L.L.C.*, was filed in the Superior Court of North Carolina, County of Mecklenburg (the "First NC Action").  By order dated December 12, 2002, the North Carolina Court denied the confirmation of and vacated the Arbitration Award on the grounds that (1) the arbitrator lacked authority, power, and jurisdiction over Hawthorne and (2) KA LTD NY did not seek a court order compelling arbitration where Hawthorne timely objected to arbitration.  (Chagaris Decl., ¶ 6, Ex. 4; *see also* Am. Compl., ¶ 19).

Contrary to the allegations of the Amended Complaint, Plaintiff was not a party to the First NC Action. (Ex. 4; Am. Compl., ¶ 9).

**2.    The Second NC Action**

In July 2003, pursuant to Diven's authorization and request, Chagaris filed a second action in the Superior Court of North Carolina, County of Mecklenburg, on behalf of a different entity, entitled *KA Holdings of New York, Inc. v. Overland Properties, Inc. and Hawthorne Mill, L.L.C.*, Docket No. 03-CVS-12766 (the "Second NC Action") to recover the same relief under the NC Real Property Sales Contract sought in the arbitration and First NC Action.  (Chagaris Decl., ¶ 7, Ex. 5; *see also* Am. Compl., ¶¶ 23-25).

5

By order dated March 21, 2005, the North Carolina Court granted partial summary judgment, dismissing all causes of action, except for that plaintiff's cause of action for wrongful conversion of property, on the grounds those causes of action are arbitrable and were resolved by the December 12, 2002 order in the First NC Action. (Chagaris Decl., ¶ 8, Ex. 6; *see also* Am. Compl., ¶ 35).

On or about March 28, 2005, KA Holdings of New York, Inc. voluntarily dismissed what remained of the Second NC Action without prejudice. (Chagaris Decl., ¶ 9, Ex. 7).

KA Holdings of New York, Inc. is not a party to the instant action as it is not listed as an "a/k/a" of Plaintiff in the Amended Complaint. Contrary to the Amended Complaint's allegations, neither Plaintiff, nor any of its listed "a/k/a's", was a party to the Second NC Action. (Ex. 5; Am. Compl., ¶ 25).

### 3.    <u>The Third NC Action</u>

On or about June 6, 2006, pursuant to Diven's authorization and request, Chagaris filed a third action in the Superior Court of North Carolina, County of Mecklenburg, entitled *KA Holdings of New York, Inc. v. Overland Properties, Inc. and Hawthorne Mill, L.L.C.*, Docket No. 06-CVS-6006 (the "Third NC Action"), containing a single cause of action for conversion of property arising from the NC Real Property transaction. (Chagaris Decl., ¶ 10, Ex. 8; *see also* Am. Compl., ¶¶ 43-44).

By order dated August 3, 2006, the North Carolina Court dismissed the Third NC Action on the ground it was barred by the applicable statute of limitations. (Chagaris Decl., ¶ 11, Ex. 9).

Contrary to the Amended Complaint's allegations, neither Plaintiff, nor any of its listed "a/k/a's", was a party to the Third NC Action. (Ex. 8; Am. Compl., ¶ 122).

**E.**     **The Claims Against Chagaris In The Instant Action**

Plaintiff has alleged five "causes of action" against Chagaris in this action, each of which arises from the legal services Chagaris rendered in the three NC Actions.[4]

The First, Second, and Third Causes of Action are identical except that (1) the First Cause of Action  refers to the First NC Action, the Second Cause of Action refers to the Second NC Action, and the Third Cause of Action refers to the Third NC Action and (2) the last paragraph of the First Cause of Action alleges that Plaintiff sustained damages as a result of Chagaris' alleged failure to properly represent Plaintiff and the last paragraphs of the Second and Third Causes of Action allege that Plaintiff sustained damages as a result of Chagaris' alleged fraudulent concealment.  (Am. Compl., ¶¶ 97, 113, and 129).  Notwithstanding the last paragraphs of these three causes of action, the First, Second, and Third Causes of Action appear to each allege claims for legal malpractice, fraud, negligent misrepresentation, breach of fiduciary duty, and breach of contract.

The Fourth Cause of Action alleges violation of New York Judiciary Law § 487 arising from the legal services Chagaris rendered in the three NC Actions.  The Fifth Cause of Action alleges conversion arising from the legal services Chagaris rendered in the three NC Actions.

<u>**ARGUMENT**</u>

**I.**     **THE AMENDED COMPLAINT MUST BE DISMISSED
AS PLAINTIFF CANNOT SATISFY ITS BURDEN TO
<u>ESTABLISH PERSONAL JURISDICTION OVER CHAGARIS</u>**

Inasmuch as the Amended Complaint lacks any allegations that could conceivably establish personal jurisdiction over Chagaris in this district, the Amended Complaint must be dismissed.  On a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P.

---

[4]   The claims appear to be mixed together, grouping more than one claim in most "causes of action."

12(b)(2), the plaintiff has the burden of proof to establish personal jurisdiction over the defendant. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994); *Savin v. Ranier*, 898 F.2d 304, 306 (2d Cir. 1990); *Florczak v. Staffieri*, 2006 WL 1085173 (N.D.N.Y.) *1; *PI, Inc. v. Quality Products, Inc.*, 907 F. Supp. 752, 758 (S.D.N.Y. 1995).

A federal Court sitting in diversity applies a two-part analysis to determine whether it has personal jurisdiction over a non-resident defendant. First, it determines whether there is jurisdiction over the defendant under the law of the forum state. Second, if jurisdiction is appropriate under the forum state's laws, the Court must then decide whether the exercise of jurisdiction comports with federal due process. *Savin*, 898 F.2d at 306; *Florczak*, 2006 WL 1085173 (N.D.N.Y.) *1-2; *see also PI, Inc.*, 907 F. Supp. at 758-59 .

Under New York law, personal jurisdiction may be asserted against a non-domiciliary defendant, such as Chagaris, only if that defendant:

    1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

    2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

    3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

        (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

        (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

    4. owns, uses or possesses any real property situated within the state.

CPLR § 302(a).

There are no allegations in the Amended Complaint that would satisfy any subsection of CPLR § 302(a).  To the contrary, the Amended Complaint shows Chagaris is a North Carolina attorney and the claims in this action arise only from legal services he provided solely in North Carolina in the three NC Actions.  Further, Chagaris is not licensed to practice law in New York and did not practice law or solicit business in New York.  (Chagaris Decl., ¶ 3)

Even if there were statutory authority for personal jurisdiction over Chagaris, the Amended Complaint must be dismissed as the exercise of such jurisdiction would not comport with federal due process.  Due process requires that a defendant has purposefully established "minimum contacts" with the forum state, such that exercise of personal jurisdiction over him "does not offend 'traditional notions of fair play and substantial justice.'"  *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citations omitted).  To establish minimum contacts, a plaintiff must show that the defendant "purposely directed his activities at residents of the forum," and that the plaintiff's claim arises from or relates to those activities.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).  It is designed to ensure that the defendant is not "haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Id.*, 471 U.S. at 472 (internal citations omitted).  The test protects the defendant from having to defend himself in a forum where he should not have anticipated being sued.  *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Inasmuch as the Amended Complaint contains no allegations establishing that Chagaris "purposefully avail[ed] [himself] of the privilege of conducting activities in [New York], thus invoking the benefits and protections of its laws", the exercise of jurisdiction over Chagaris would violate due process.  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Savin*, 898 F.2d at 307; *Florczak*, 2006 WL 1085173 (N.D.N.Y.) *3.

## II.    PLAINTIFF CANNOT SATISFY ITS BURDEN TO SHOW THAT VENUE IS PROPER IN THE SOUTHERN DISTRICT OF NEW YORK

On a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), the plaintiff has the burden of proof to show that venue is proper for *each* claim asserted. *Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C.*, 927 F. Supp. 731, 735-36 (S.D.N.Y. 1996); *PI, Inc. v. Quality Products, Inc.*, 907 F. Supp. 752, 757 (S.D.N.Y. 1995).  Plaintiff cannot satisfy its burden inasmuch as Chagaris resides in North Carolina and a substantial part of the events or omissions giving rise to its claims did not occur in the Southern District of New York.  Indeed, all the acts and omissions alleged in the Amended Complaint occurred in North Carolina.  Thus, the Amended Complaint should be dismissed.

The purpose of the venue statute, 28 U.S.C. § 1391, is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred.  *Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408 (2d Cir. 2005); *Saferstein*, 927 F. Supp. at 735.

Where, as here, jurisdiction is based only on diversity of citizenship, the plaintiff must comply with 28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought.*  (Emphasis supplied).

Here, pursuant to 28 U.S.C. § 1391(a)(1), venue would be proper in the Western District of North Carolina as Chagaris, the only defendant, resides therein.[5]  (Chagaris Decl., ¶ 2). Inasmuch as this action could have been brought in the Western District of North Carolina, 28 U.S.C. § 1391(a)(3) is inapplicable.  Thus, the only possible basis for venue in this Court is 28 U.S.C. § 1391(a)(2), which requires that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of New York.  *PI, Inc.*, 907 F. Supp. at 757.

To determine whether venue is proper under subsection 2, the Court must conduct a two-part analysis.  First, the Court must identify the nature of the claims and the acts or omissions that plaintiff alleges give rise to those claims.  Second, the Court must determine whether "significant events or omissions material to [those] claim[s] ... have occurred in the district in question."  *Daniel*, 428 F.3d at 432; *see also Florczak v. Staffieri*, 2006 WL 1085173 (N.D.N.Y.) *4.

"Substantiality", for venue purposes, is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts.  *Daniel*, 428 F.3d at 432-33; *Florczak*, 2006 WL 1085173 (N.D.N.Y.) *4.  *See also Friedman v. Revenue Manag. of New York, Inc.*, 38 F.3d 668, 671-72 (2d Cir. 1994) (venue was improper in NY, even where defendant was a NY corporation serving as debt collector for NY clients, collecting money from NY debtors, employing a NY law firm, and suing in NY, as the events alleged in the complaint occurred in Illinois).  When material acts or omissions within the forum bear a close

---

[5]   Chagaris resides in Iredell County, North Carolina, which is in the Western District of North Carolina.  In addition, a "substantial part", indeed, all, of the alleged events and omissions giving rise to Plaintiff's claims occurred in Mecklenburg County, North Carolina, where Chagaris' law office is located and where the three NC Actions were filed.  *See* 28 U.S.C. § 1391(a)(2).  Mecklenburg County is also in the Western District of North Carolina.

nexus to the claims, they are properly deemed "significant" and, thus, substantial, but when a close nexus is lacking, so too is the substantiality necessary to support venue. *Daniel*, 428 F.3d at 432-33; *Florczak*, 2006 WL 1085173 (N.D.N.Y.) *4.

Here, Plaintiff has not and cannot establish that venue is proper in the Southern District of New York under subsection 2. Plaintiff's claims, which sound in legal malpractice, fraud, negligent misrepresentation, breach of fiduciary duty, breach of contract, violation of New York Judiciary Law § 487, and conversion, arise entirely from legal services Chagaris rendered solely in North Carolina in the three NC Actions. The Amended Complaint contains no allegation that Chagaris rendered any legal services in New York, where he is not licensed to practice law (Chagaris Decl., ¶ 3), or that any material acts or omissions occurred in the Southern District of New York.

Inasmuch as Plaintiff has failed to satisfy its burden to show that venue is proper in the Southern District of New York, the Amended Complaint must be dismissed.

## III.   ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF NORTH CAROLINA

If this Court determines that it has personal jurisdiction over Chagaris and that venue is proper in the Southern District of New York, in the interest of justice, it should transfer this action to the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought.

*See Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C.*, 927 F. Supp. 731, 736-7 (S.D.N.Y. 1996) (transfer may be made under 28 U.S.C. § 1404(a), which applies to

claims for which venue is proper, upon motion by either party).[6]

Here, if this action is not dismissed, it is in the interest of justice to transfer it to the Western District of North Carolina as that is where (1) Chagaris resides, maintains his law practice, and litigated the three NC Actions from which the Amended Complaint arises, (2) the relevant documents are located, and (3) potential expert witnesses with knowledge concerning the appropriate standards of conduct for North Carolina attorneys are located.

## IV.    THE FRAUD, NEGLIGENT MISREPRESENTATION, BREACH OF FIDUCIARY DUTY, AND BREACH OF CONTRACT CLAIMS ARE DUPLICATIVE OF THE LEGAL MALPRACTICE CLAIM AND MUST BE DISMISSED

Claims for fraud, negligent misrepresentation, breach of fiduciary duty, and breach of contract based on the same factual allegations as a legal malpractice claim that do not allege distinct damages must be dismissed as duplicative of the legal malpractice claim.  *Serova v. Teplen*, 2006 WL 349624 (S.D.N.Y.) *4 (fraud, negligent misrepresentation, and breach of fiduciary duty claims dismissed as duplicative of legal malpractice claim); *Calcutti v. SBU, Inc.*, 224 F. Supp. 2d 691, 698, 701 (S.D.N.Y. 2002) (fraud and breach of contract claims dismissed as duplicative of legal malpractice claim); *Town of Wallkill v. Rosenstein*, 40 A.D.3d 972, 974, 837 N.Y.S.2d 212, 215 (2d Dep't 2007) (fraud, breach of fiduciary duty, and breach of contract causes of action dismissed as duplicative of legal malpractice cause of action); *Sonnenschine v.*

---

[6]   If this Court determines that it lacks personal jurisdiction over Chagaris or that venue is improper in the Southern District of New York, it may, in the interest of justice, transfer this action to the Western District of North Carolina pursuant to 28 U.S.C. § 1406(a), which provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district of division in which it could have been brought.

*Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408, 435 (2d Cir. 2005) (court may transfer an action, pursuant to 28 U.S.C. § 1406(a), in the interest of justice, whenever either personal jurisdiction or venue are improper); *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 79 (2d Cir. 1978) (same); *Saferstein*, 927 F. Supp. at 736 (same).

*Giacomo*, 295 A.D.2d 287, 288, 744 N.Y.S.2d 396, 398 (1st Dep't 2002) (fraud, negligent

misrepresentation, breach of fiduciary duty, and breach of contract causes of action dismissed as

duplicative of legal malpractice cause of action); *Sage Realty Corp. v. Proskauer Rose LLP*, 251

A.D.2d 35, 38-39, 675 N.Y.S.2d 14, 17-18 (1st Dep't 1998) (fraud and breach of contract causes

of action dismissed as duplicative of legal malpractice cause of action).

The Amended Complaint appears to allege claims for fraud, negligent misrepresentation,

breach of fiduciary duty, and breach of contract in each of the first three causes of action. Each

of these claims is based on the same factual allegations as Plaintiff's legal malpractice claim in

the first three causes of action. Further, the damages Plaintiff seeks for each of these claims - $2

million plus interest from December 2002 – are the same as for the legal malpractice claim.

Accordingly, the fraud, negligent misrepresentation, breach of fiduciary duty, and breach of

contract claims should be dismissed as duplicative of the legal malpractice claim.

**A.      The Fraud Claim Is Not Alleged With Sufficient Particularity**

Rule 9(b) of the Federal Rules of Civil Procedure sets forth a heightened pleading

standard for fraud claims: "[i]n alleging fraud or mistake, a party must state with particularity the

circumstances constituting fraud or mistake." To satisfy Rule 9(b), "'the complaint must: (1)

specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3)

state where and when the statements were made, (4) explain why the statements were

fraudulent.'" *Lerner v. Fleet Bank*, N.A., 459 F.3d 273, 290 (2d Cir. 2006), *quoting Mills v.

Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993).

Here, the fraud claim must be dismissed for failure to satisfy Rule 9(b) as the Amended

Complaint does not specify the allegedly fraudulent statements, state where and when the

statements were made, or explain why the statements are allegedly fraudulent. Rather, the fraud

claim is based on vague, conclusory allegations that Chagaris communicated with Plaintiff and Plaintiff's New York counsel by mail, e-mail, and telephone in an attempt to defraud Plaintiff. (*See*, *e.g.*, Am. Compl. ¶¶ 83, 87, 99, 103, 115, and 119). Further, the Amended Complaint does not identify the individual at Plaintiff or Plaintiff's New York attorney with whom Chagaris allegedly communicated.

## V.    THE CLAIM FOR VIOLATION OF NEW YORK JUDICIARY LAW § 487 MUST BE DISMISSED AS IT DOES NOT APPLY TO OUT OF STATE ACTIONS

New York Judiciary Law § 487 applies only to an attorney's conduct in New York State occurring during the pendency of a lawsuit in New York courts. *See Schertenleib v. Traum*, 589 F.2d 1156, 1166 (2d Cir. 1978); *Nardella v. Braff*, 621 F. Supp. 1170, 1172 (S.D.N.Y. 1985); *Southern Boulevard Sound, Inc. v. Felix Storch, Inc.*, 165 Misc. 2d 341, 344, 629 N.Y.S.2d 635, 637 (N.Y. Co. Civ. Ct. 1995), *aff'd as modified*, 167 Misc. 2d 731, 643 N.Y.S.2d 882 (1st Dep't App. Term 1996).

Here, the Fourth Cause of Action alleging Chagaris violated New York Judiciary Law § 487 must be dismissed as it is based solely on Chagaris' alleged actions in North Carolina during the pendency of the three NC Actions in the Superior Court of North Carolina.

## VI.    THE CONVERSION CLAIM IS UNTIMELY AND MUST BE DISMISSED

The statute of limitations for a conversion claim is three years. CPLR 214(3). The statute of limitations for a conversion claim begins to run when the conversion occurs and not when the conversion is discovered. *Calcutti v. SBU, Inc.*, 224 F. Supp. 2d 691, 702 (S.D.N.Y. 2002).

Here, the Amended Complaint does not expressly state when the alleged conversion occurred. However, Plaintiff seeks interest from December 2002 on its alleged damages for its conversion claim. (Am. Compl., ¶ 159). Thus, Plaintiff implicitly alleges the conversion

occurred in December 2002. Inasmuch as Plaintiff did not commence this action until October 31, 2007, *i.e.*, more than three years after the alleged conversion, Plaintiff's conversion claim must be dismissed.

## VII. THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

Chagaris provided no legal services to Plaintiff as Plaintiff is not a party to any of the three North Carolina actions. (*See* Facts § D, *supra*). On a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff has the burden to prove, by a preponderance of the evidence, that subject matter jurisdiction exists. *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003); *Luckett v. Bure*, 290 F.3d 493, 496-7 (2d Cir. 2002). Plaintiff has not satisfied its burden inasmuch as it has failed to establish it has standing to bring this action. Thus, the Amended Complaint must be dismissed.

On a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the plaintiff must affirmatively establish subject matter jurisdiction. *APWU*, 343 F.3d at 623, 627; *Shipping Financial Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). The Court may not find jurisdiction merely by assuming the truth of the allegations in the complaint or drawing inferences therefrom favorable to the plaintiff. *APWU*, 343 F.3d at 627; *Shipping Financial Servs.*, 140 F.3d at 131. The Court may consider evidence outside the pleadings. *APWU*, 343 F.3d at 627; *Luckett*, 290 F.3d at 496-7. Indeed, on a motion to dismiss for lack of subject matter jurisdiction, the Court "has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *APWU*, 343 F.3d at 627.

### A. Plaintiff Lacks Standing

Standing is a jurisdictional matter, and the plaintiff must establish that it is the proper party to invoke jurisdictional resolution of the dispute. *Akro Investicni Spolecnost, A.S. v. A.B.*

16

*Watley, Inc.*, 2003 WL 1108135 (S.D.N.Y.) *2; *Solow v. Stone*, 994 F. Supp. 173, 178 (S.D.N.Y. 1998), *aff'd*, 163 F.3d 151 (2d Cir. 1998).  A party must "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Akro Investicni*, 2003 WL 1108135 at *2.

If a plaintiff's allegations are contradicted by a document considered in determining a Rule 12(b) motion to dismiss, those allegations are insufficient to defeat the motion.  *Echostar DBS Corp. v. Gemstar-TV Guide Int'l, Inc.*, 2007 WL 438088 (S.D.N.Y.) *4; *Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002); *Sazerac Co., Inc. v. Falk*, 861 F. Supp. 253, 257 (S.D.N.Y. 1994); *Rapoport v. Asia Electronics Holding Co., Inc.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000).

Here, Plaintiff cannot establish standing inasmuch as documentary evidence shows that Chagaris did not represent it in any of the three NC Actions, and all claims arise from the legal services Chagaris rendered in those actions.  *See e.g. Catizone v. Wolff*, 71 F. Supp. 2d 365, 368-72 (S.D.N.Y. 1999) (claims for legal malpractice, breach of fiduciary duty, and fraud dismissed as plaintiff was not the entity that retained services of defendant lawyer).

Further, Plaintiff's allegation that it is a New York corporation is not supported by the online records of the State of New York.  Thus, Plaintiff has not established that it is a legal entity with the capacity to maintain any legal action.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant Chagaris' motion for an order: (1) dismissing the Amended Complaint for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2); (2) dismissing the Amended Complaint based on improper venue, pursuant to Fed. R. Civ. P. 12(b)(3); or (3) in the alternative, transferring this action to the

United States District Court for the Western District of North Carolina, pursuant to 28 U.S.C. §§ 1404(a) and/or 1406(a); (4) dismissing the fraud claim for failure to state a claim on which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), and failure to plead fraud with requisite particularity, pursuant to Fed. R. Civ. P. 9(b); (5) dismissing the claims for negligent misrepresentation, breach of fiduciary duty, breach of contract, violation of New York Judiciary Law § 487, and conversion for failure to state a claim on which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6); (6) dismissing the Amended Complaint with prejudice for lack of subject matter jurisdiction, as Plaintiff has failed to establish standing, pursuant to Fed. R. Civ. P. 12(b)(1), and (7) granting such other and further relief as to this Court seems just and proper.

Dated: New York, New York
         July 14, 2008

                                VENTURINI & ASSOCIATES


                                By: s/ August C. Venturini
                                    August C. Venturini
                                    Sean W. Higgins
                                230 Park Ave., Suite 545
                                New York, NY 10169
                                (212) 826-6800
                                *Attorneys for Defendant*