# Exhibit W

STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG   02 DEC 12 PM 12: 02   02-CVS-16135

| | |
|---|---|
| KA HOLDINGS LTD. OF NEW YORK, <br><br> Plaintiff, <br><br> vs. <br><br> HAWTHORNE MILL, L.L.C., <br><br> Defendant. | **ORDER** |

    This cause came on to be heard before the undersigned Superior Court Judge presiding over the November 21, 2002 Civil Session of Mecklenburg County Superior Court on Plaintiff's Motion to Confirm Arbitration Award and Defendant's defenses and Motion to Vacate the Award. Having considered arguments of counsel, all documents and pleadings in the court file, affidavits presented by Defendant, and Plaintiff's Motion, the Court finds:

    1.      There is good cause to deny Plaintiff's Motion;

    2.      Defendant stipulated for purposes of the hearing that the arbitration award attached to Plaintiff's Motion was authentic in accordance with the North Carolina Rules of Evidence;

    3.      The Affidavits of Dale S. Morrison, Peter K. Thompson, and Bryan P. Durrett were considered by the Court in its discretion after offering that Defendant's counsel could continue the hearing to prepare counter affidavits, which such offer was refused;

    4.      The escrow agreement contained a condition precedent that required the Plaintiff to object to the disbursement of escrow funds in a timely manner prior to being able to arbitrate the dispute;

    5.      Plaintiff failed to provide timely notice objecting to the disbursement of escrow funds;

    6.      Defendant timely objected to participating in an arbitration before the American Arbitration Association on the grounds, in part, that it had not consented to arbitration and that the American Arbitration Association did not have jurisdiction over it;

7. Prior to conducting the arbitration, Plaintiff did not apply to the Court to compel Defendant to participate in the arbitration before the American Arbitration Association; and

8. There is no genuine issue of material fact in the record that would contradict these findings and Defendant is entitled to the relief requested as a matter of law.

**WHEREFORE,** The Court further finds and concludes as a matter of law that the American Arbitration Association ("AAA") award against Defendant should be vacated on the grounds that:

a) The presiding arbitrator did not have the authority, power or jurisdiction to enter an award against Defendant and as a matter of law the award should be vacated pursuant to N.C.G.S. §1-567.13 and as allowed by the law of North Carolina; and

b) Plaintiff did not seek an order compelling arbitration where the Defendant made a timely objection to the arbitration.

The reasons provided in the preceding subparagraphs (a) and (b) are each independently sufficient basis for vacating the arbitration award and the Court bases its decision on those grounds jointly and separately.

It is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

Plaintiff's Motion to Confirm the Award is denied with prejudice and the arbitration award entered against Defendant is vacated.

This the ___ day of November, 2002.

Honorable Marcus L. Johnson
Superior Court Judge

2