BE BEFORE THE COURT.  IT'S ALREADY BEEN HEARD.

IT'S ALREADY BEEN RULED UPON.

　　　　IF THEY DON'T BELIEVE THE LETTER IS

SUFFICIENT, THEN WE NEED TO REQUEST JUDGE JOHNSTON

TO CLARIFY HIS ORDER.

　　　　BUT THAT ASIDE, THE INTERESTING PART ABOUT

THIS CASE IS, NONE OF US COULD FIND ANYTHING ON

POINT, THAT A PRIOR ARBITRATION AWARD, THAT WAS

VACATED OR DISMISSED, IS RES JUDICATA, OR

COLLATERAL ESTOPPEL OR ANYTHING.

　　　　DALE SEARCHED.  I SEARCHED.  JUDGE INSTRUCTED

US TO SEARCH AGAIN.  THERE WAS NOT ANYTHING SAYING

THAT.

　　　　SO THERE WAS NEVER ANY ISSUE OF RES JUDICATA

OR COLLATERAL ESTOPPEL.

　　　　DALE, ON HIS RESEARCH ON ANOTHER CASE -- I'M

SORRY.  I KEEP REFERRING TO HIM AS DALE, IS THAT

ALL RIGHT?

　　　　THE COURT:  SURE.  THAT'S FINE WITH ME.

　　　　MR. CHAGARIS:  DALE CAME ACROSS A CASE THAT

WAS A MEMORANDUM OPINION OUT OF FEDERAL COURT.

AND IT WAS REALLY CONTRARY TO EXISTING NORTH

CAROLINA LAW, BUT THE TREND IN NORTH CAROLINA LAW

WAS FOLLOWING THAT WAY.

　　　　WHAT THE CASE SAID IS, IS THAT THE COURT

32

LACKED SUBJECT MATTER JURISDICTION IF THERE IS A

CLAUSE IN THE CONTRACT CALLING FOR ARBITRATION.

GENERALLY, AS YOU KNOW, THE PREEXISTING LAW

IS, YOU HAD TO AFFIRMATIVELY ASSERTED THE COURT TO

STAY PENDING ARBITRATION.

YOU HAD TO MAKE AN AFFIRMATIVE STEP TO GO TO

ARBITRATION.

BUT THIS CASE WAS VERY WELL THOUGHT OUT, WELL

REASONED CASE.

IT SAID THAT, FROM NOW ON, BASICALLY THE

COURTS, FEDERAL COURTS IN NORTH CAROLINA, AREN'T

GOING TO ENTERTAIN ANY ACTIONS THAT ARE SUBJECT TO

ARBITRATION.

HE FILED THAT MOTION.  I BELIEVE IT WAS IN

JANUARY -- NO, IT WAS REAL RECENT.  WE JUST HAD IT

HEARD.  JANUARY 18TH.

MR. MORRISON:  JANUARY 18TH.

MR. CHAGARIS:  THIS WAS BROUGHT BEFORE JUDGE

BRIDGES IN FEBRUARY.  AND JUDGE BRIDGES ISSUED HIS

RULING, BASED ON THE FACT THAT IF IT'S REQUIRED

UNDER THE ARBITRATION, WHICH IN THIS AGREEMENT

ONLY CERTAIN THINGS ARE SUBJECT TO ARBITRATION;

THE ESCROW MONEY AND CERTAIN CONDITIONS.

WHAT JUDGE BRIDGES RULED, AND IN HIS ORDER

YOU'LL SEE, IS THAT IF IT WAS COVERED BY THE

CONTRACT, AND THE ARBITRATION, THEN THE COURT'S
NOT GOING TO HEAR IT.  IT'S NOT VIABLE.  IT'S
SUBJECT TO THE ARBITRATION.

    WHICH I WILL TELL YOU, IS THE FIRST TIME I
KNOW OF THAT HAPPENING IN STATE COURT.

    THE ORDER WAS DICTATED IN COURT.  AND I
RELAYED IT TO MY CLIENT, THAT THE JUDGE HAS RULED
THIS, BUT THE CONVERSION STILL STANDS.

    THE ORDER WAS NOT SIGNED, AND I DID NOT
RECEIVE IT UNTIL, I BELIEVE IT WAS THURSDAY.  I
THINK YOU MAILED IT ON A MONDAY OR TUESDAY, AND I
GOT IT ON THURSDAY.

    I SENT IT UP TO MY CLIENTS AND SAID, LOOK,
THIS IS WHAT THE JUDGE HAS RULED.  THIS WHERE WE
STAND.

    I TOLD THEM, YOU KNOW, WE COULD STILL GO
FORWARD, ET CETERA.

    BUT I EXPLAINED TO THEM IT WAS JUST A
CONVERSION.

    THE DECISION WAS MADE TO TAKE A VOLUNTARY
DISMISSAL.

    THE MOMENT I HEARD I CALLED DALE --

    THE COURT:  WHEN YOU SAY DECISION WAS MADE,
WAS THAT MADE WITH CONCURRENCE OF THE PEOPLE IN
NEW YORK?

34

MR. CHAGARIS: YES, SIR. YES, SIR. I HAD TO TALK TO THE CLIENTS OF COURSE.

SO I GOT ON THE PHONE WITH DALE, BECAUSE THIS WAS FRIDAY OF EASTER WEEKEND. SO I IMMEDIATELY CALLED DALE AND I SAID, YOU KNOW, I GOT AUTHORITY TO TAKE A V.D. AND THAT'S WHAT I'M GOING TO DO.

I SAID, THEY'RE TALKING ABOUT REFILING. IF THEY DO, IT'S GOING TO BE THE ATTORNEY UP THERE HANDLING IT. BECAUSE WE'VE SIMPLY GOTTEN DOWN TO A VERY SMALL ISSUE HERE.

THE COURT: YOU'RE THROUGH WITH IT.

MR. CHAGARIS: WELL, THIS CASE, JUDGE, WE HAVE SPENT MORE TIME AND MONEY ON LEGAL ISSUES THAT COULDN'T BE FOUND.

AND NOW THE ISSUE, THE CASE TO CLEAR UP FOR THE COURT, IS ABOUT CHRISTMAS ORNAMENTS. AND THESE FOLKS ARE IN THE CHRISTMAS ORNAMENT INDUSTRY.

AND THE EVIDENCE IS, THAT THEY WERE DENIED ACCESS, PRIOR TO THE TIME FOR THEM TO BE ALLOWED IN THERE. AND THERE'S AN AFFIDAVIT IN THE FILE FROM JANET RIOS (PHONETIC SPELLING) STATING THAT ON OCTOBER 1ST, THE MAJORITY OF THE GOODS WERE REMOVED.

SO A THERE'S A LEGITIMATE ARGUMENT OVER

QUESTION OF FACT OF WHEN PEOPLE WERE ALLOWED IN,
WHEN THINGS WERE ALLOWED OUT.

BUT THIS ARGUMENT OVER IMPROPER PURPOSE, IT
DOESN'T HOLD WATER.  THE CASE IS SOUND WHEN IT WAS
FILED, IT WAS SOUND.

WE GO TO THE ISSUE OF, I WOULD LIKE TO CLEAR
UP THE ISSUE OF THE DEPOSITION.

MR. MANCINI LIVES IN NEW YORK OR NEW JERSEY.
THEY NOTICED A DEPOSITION.

I CALLED DALE AND SAID, I'VE TALKED TO MY
CLIENT, HE DOESN'T KNOW THE DAY-TO-DAY EVENTS.  I
SAID, HE'S NOT YOUR DAY-TO-DAY GUY.  HE SAYS
THERE'S A GUY NAMED JOHN CULASAK WHO IS YOUR
DAY-TO-DAY GUY.

THEY DID NOT, QUOTE, ATTEND THE DEPOSITIONS.
THERE WAS NEVER A COURT REPORTER THERE.  PEOPLE
DIDN'T SHOW UP IN A ROOM WAITING FOR THESE
INDIVIDUALS TO SHOW UP.  THAT WAS MADE CLEAR.

THEN WE GOT TO THE ISSUE OF JOHN CULASAK WHO
LIVES IN TEXAS.  WE HAD TALKED WITH DATES.  HE
CALLED AT THE LAST MINUTE AND SAID I CAN'T BE
THERE.

I TOLD DALE, I SAID, I'M EMBARRASSED THIS
HAPPENED.  WE NEED TO DO THIS ON MY CLIENT'S DIME.

AND I SAID, YOU KNOW, MY CLIENT'S WILLING TO

PAY FOR YOU AND YOUR CLIENT TO COME TO NEW YORK.

THREW IN A COUPLE TICKETS FOR THE SHOWS.  WE'LL DO

THE DEPOSITIONS UP THERE, AND GO FORWARD.

　　　　THEY DID NOT PROCEED TO TAKE ANY ACTION

FURTHER.  THERE WAS NEVER A MOTION TO COMPEL THE

ATTENDANCE OF THESE WITNESSES.  THERE WAS NEVER

ANY DISCOVERY FILED, REALLY, IN THIS CASE

WHATSOEVER.

　　　　BECAUSE WE WERE -- DALE AND I -- I CAN'T

SPEAK FOR DALE.  THE LEGAL ISSUES WERE SO

INTRICATE, THAT'S WHAT WE SPENT MOST OF OUR TIME

ON.

　　　　BUT THERE WAS NO IMPROPER PURPOSE THAT I'M

AWARE OF.  I CERTAINLY DIDN'T FILE FOR AN IMPROPER

PURPOSE.

　　　　I THINK THE WORKING RELATIONSHIP BETWEEN DALE

AND I WAS COMPLETELY PROFESSIONAL, FRIENDLY, AND

AS HELPFUL TO EACH OTHER AS CAN POSSIBLY BE DONE

IN THIS SITUATION.

　　　　BUT MY FIRST ISSUE IS, THE SANCTIONS ARE

INAPPLICABLE.

　　　　FIRST AND FOREMOST, THERE IS A JUSTICIABLE

ISSUE.

　　　　THE COURT:  WHAT IS THAT?

　　　　MR. MORRISON:  THE CONVERSION.

37

THE COURT:  ALL RIGHT.

MR. MORRISON:  AND I WOULD ARGUE THAT THE
CONTRACT CLAIMS ARE JUSTICIABLE ISSUES AS WELL.

AS HOWEVER THE COURT SAID WE'RE NOT GOING TO
HEAR IT.  YOU HAVE TO GO TO ARBITRATION.

BASICALLY SAYING, IT'S BARRED BY AN
ARBITRATION AGREEMENT DOESN'T MEAN IT'S
NONJUSTICIABLE.  IT JUST MEANS THIS COURT IS NOT
GOING TO HEAR IT.  IT HAS NO EFFECT AS TO THE
VALIDITY OF THE CLAIMS.

IF YOU GO THROUGH JUDGE BRIDGE'S ORDER,
THAT'S HOW THE ORDER IS STRUCTURED.  HE MADE A
VERY DETAILED FINDING ON THAT ORDER.

AND AS A MATTER OF FACT, DALE ACTUALLY GOT
THE TRANSCRIPT FROM THAT TO GET THE ORDER CORRECT.

SO FIRST AND FOREMOST, I BELIEVE THE MATTER
HAS ALREADY BEEN RULED UPON ABOUT BY JUDGE
JOHNSTON AND WE SHOULDN'T BE HERE.

AND SECOND, THEY HAVE NOT MET ANY BURDEN TO
SHOW BAD FAITH.

THE COURT:  WHAT WAS JUDGE JOHNSTON'S RULING?

MR. CHAGARIS:  JUDGE JOHNSTON DENIED -- HE
SENT US A LETTER SAYING, I AM DENYING THIS.  HE
DID NOT REQUEST EITHER ONE OF US TO PREPARE AN
ORDER.  AND THAT'S PROBABLY MY FAULT FOR NOT

38

FOLLOWING UP ON IT, BUT BECAUSE THIS CASE --

THE COURT:  WHAT WAS HE DENYING?

MR. CHAGARIS:  HE SAID, I'M DENYING THE
MOTION TO DISMISS.

IT DOES NOT, BY ANYWAY OR MEANS SAY, THE
MOTION FOR SANCTIONS.  HOWEVER IT WAS HEARD BEFORE
HIM.  SO IF ANYTHING IT'S PENDING BEFORE HIM.  OR
HE NEEDS TO CLARIFY TO US HOW HE WANTS THAT ORDER
PREPARED.

BUT THE FACT IT'S ALREADY BEEN HEARD AND
ARGUED, THAT MEANS IT'S ALREADY BEEN BEFORE THE
COURT.

SO I UNDERSTAND PEOPLES' FRUSTRATION WITH
LITIGATION.  BUT THESE ARE EXPERIENCED BUSINESS
PEOPLE IN A NASTY BUSINESS DISPUTE.

THE AFFIDAVIT OF JANET RIOS PRETTY MUCH
STATES FROM DAY ONE THEY WERE LOCKED OUT.  THEY
WERE DENIED ACCESS.  AND THAT THEIR GOODS WERE
BEING REMOVED FROM THE DAY AFTER CLOSING,
BASICALLY, FORWARD.  AND THAT'S WHAT THE DISPUTE
IS.

WE ACTUALLY HAD TO RESTRUCTURE TRUCKS TO
DIFFERENT WAREHOUSES TO DELIVER.

UNDER THIS AGREEMENT WE RETAINED A LEASEHOLD
INTEREST, AND HAD THE RIGHT TO CONTINUE LEASING BY

PAYING MONEY.

SO IT'S A JUSTICIABLE DISPUTE.  AND THIS IS
WHERE WE'RE AT, JUDGE.

THE COURT:  I'M GOING TO ALLOW EACH SIDE ONE
ADDITIONAL ARGUMENT.

DO YOU WISH TO MAKE AN ADDITIONAL ARGUMENT?

MR. MORRISON:  MR. THOMPSON WOULD LIKE TO DO
IT, YOUR HONOR.  I'LL BE HAPPY TO DO, IT THOUGH.

THE COURT:  I'LL BE GLAD TO LISTEN TO EITHER
ONE OF YOU?

MR. MORRISON:  DID YOU WANT TO?

MR. THOMPSON:  I'M GOING TO DEFER --

THE COURT:  MR. THOMPSON SAYS HE'S A LICENSED
ATTORNEY IN NORTH CAROLINA.  AND I DON'T HAVE A
REASON TO DISBELIEVE THAT.  I'VE KNOWN HIM FOR
SOMETIME.

MR. MORRISON:  I'M GOING TO USE THE GOOD
SENSE THAT I THINK I LEARNED IN LAW SCHOOL.  I'M
PAYING FOR THIS MAN TO REPRESENT ME.

THE COURT:  ALL RIGHT.

MR. MORRISON:  YOUR HONOR, THE AWARD OF THE
ARBITRATOR WAS ATTACHED TO OUR THIRD MOTION FOR
SANCTIONS, WHICH IS THE MOTION BEFORE YOU.

YOU WILL NOTE THAT IN PARAGRAPH, IT'S
DEFENDANT'S EXHIBIT A TO THAT, THIRD MOTION FOR

40

SANCTIONS, AND IN THAT IT ADDRESSES IN PARAGRAPH

3-C, THE $50,000 SECURITY FUND.

I'M SORRY.  THE INVENTORY, IN ADDITION TO THE

$50,000 SECURITY FUND DEPOSIT.

SO THAT WAS WHAT THIS DOCUMENT, EXHIBIT A,

WAS WHAT --

THE COURT:  IS THAT A, TO YOUR MOTION?

MR. MORRISON:  YES, SIR.  TO MY MOTION, THIRD

MOTION FOR SANCTIONS.

THE COURT:  I'M LOOKING FOR THE THIRD MOTION

FOR SANCTIONS, IN AN EFFORT TO FIND YOUR --

MR. MORRISON:  IT SHOULD BE AFTER MY

VERIFICATION, AFTER MY CERTIFICATE OF SERVICE.

THE COURT:  AWARD OF ARBITRATOR?

MR. MORRISON:  YES, SIR.

THE COURT:  ALL RIGHT.  GO AHEAD.

MR. MORRISON:  THAT WAS THE DOCUMENT THAT

PLAINTIFF INITIALLY FILED ATTACHED TO A PETITION

FOR CONFIRMATION.

AND MR. CHAGARIS PLEASE CORRECT ME IF I

MISSTATE THAT.

THAT INDICATED THAT THE ARBITRATOR, AT LEAST

ADDRESSED INVENTORY AS WELL AS THE $50,000

SECURITY FUND DEPOSIT.

WHAT THE PARTIES HAD DONE BY CONTRACT, WHICH

41

ARE ALSO ATTACHED IN THE ESCROW AGREEMENT, AND

REFERENCED TO THE CONTRACT FOR PURCHASE OF REAL

ESTATE, WAS SAY THAT THESE MATTERS WOULD BE

ARBITRATED, IF THE ARBITRATION CLAIM WAS MADE

TIMELY.

AND THEY GAVE THEMSELVES A VERY SHORT

DEADLINE TO DO THAT.

BECAUSE THE ARBITRATION WAS NOT BROUGHT

TIMELY, THE COURT TOOK THE AWARD WE'VE ALREADY

HANDED YOU THE ORDER, BUT IT'S ATTACHED TO MY

MOTION AS EXHIBIT B.

THE COURT:   I'M LOOKING AT THAT.

MR. MORRISON:   AND YOUR HONOR CAN READ FOR

YOURSELF HOW THE COURT RULED.

NOW I WAS A MATERIAL WITNESS IN THAT CASE.

SO I HAD TO WITHDRAW.   AND I BELIEVE FRED MONROE

OF JAMES, MCELROY AND DIEHL ACTUALLY TRIED THE

CASE FOR THE DEFENDANT.

AND IN ANY EVENT, I ATTENDED THE HEARING ON

THAT PETITION.   AND THE COURT AS INDICATED, DENIED

WITH PREJUDICE, THE CONFIRMATION OF THE AWARD AND

VACATED IT.

THAT WAS -- MR. THOMPSON WAS THEN SERVED WITH

A NOTICE OF APPEAL, WHICH WAS NEVER PERFECTED.

AND TO MY KNOWLEDGE WAS NEVER OFFICIALLY DISMISSED

42

BY COURT ORDER.

THEN SUBSEQUENTLY IN 2003, WE HAVE THE
COMPLAINT IN THE INSTANT CASE IN WHICH YOUR HONOR
IS HEARING.

IN THAT COMPLAINT, WHICH YOUR HONOR CAN
CLEARLY READ, THERE IS SOUGHT, NOT ONLY FOR
CONVERSION, BUT THERE IS SOUGHT $40,800 FOR
DAMAGES IN ACQUIRING LEASEHOLD SPACE.

$23,250 IN DAMAGES OF ACTUAL DAMAGES.

VARIOUS OTHER DAMAGES ARE ALLEGED.

AND THE COMPLAINT, AT LEAST, TALKS ABOUT THE
EVENTS OF ARBITRATION.

PARAGRAPH 22 OF THE COMPLAINT SAYS, "THE
ARBITRATOR RULED UPON AND ISSUED A WRITTEN AWARD,
WHILE LEGAL ISSUES SUBMITTED BY THE PARTIES
EXCLUDING DAMAGES TO WHICH THE ARBITRATOR LACKED
JURISDICTION.

"A COPY OF THE ARBITRATION AWARD IS ATTACHED
HERETO AS EXHIBIT B."

SO PLAINTIFF EVEN KNOWING THAT THE COURT HAD
VACATED, STRICKEN, OR HOWEVER YOU WANT, DISMISSED
WITH PREJUDICE THE AWARD, AND CITED THE AWARD AS A
BASIS TO GO FORWARD IN ITS LAWSUIT.

AND JUDGE JOHNSTON WAS BOTHERED, BECAUSE I
FILED INITIALLY, A 12(B)(6) DISMISSAL, BASED ON

THE SIMPLE ARGUMENT THAT THE COMPLAINT ON ITS FACE

FAILED TO STATE A CLAIM.

I ALSO FILED ANOTHER MOTION TO DISMISS WITH

SANCTIONS.

THE COURT:  WHAT IS THE SUBJECT OF THE MOTION

TO DISMISS THAT IS --

MR. MORRISON:  CURRENTLY BEFORE, YOUR HONOR?

THE COURT:  -- THAT IS COVERED IN JOHNSTON'S

LETTER TO YOU DATED NOVEMBER 9TH?

MR. MORRISON:  TO MY KNOWLEDGE, YOUR HONOR,

IT'S THE 12(B)(6) MOTION AND ARGUABLY ANYTHING

ABOUT RES JUDICATA OR COLLATERAL ESTOPPEL.

BECAUSE THAT IS WHAT WAS ADDRESSED.  WE DID

ADDRESS SANCTIONS.  BUT HIS LETTER --

THE COURT:  THAT WAS WHAT WAS DISMISSED BY

LETTER?

MR. MORRISON:  DISMISSED BY LETTER.  I NEVER

GOT AN ORDER.  AND QUITE FRANKLY, WITHIN SOMETIME

IN DECEMBER, I CAME ACROSS THIS MEMORANDA OPINION.

I HAD BEEN GOING, SPENDING DAYS, WHEN I HAD A FEW

HOURS, AND LOOKING ON WESTLAW TRYING TO FIGURE OUT

WHY WE COULDN'T FIND SOME LAW SOMEWHERE IN THE

UNITED STATES ON THIS.

AND LOW AND BEHOLD IT WAS OVER IN THE MIDDLE

DISTRICT.

THERE THE COURT SAID, WELL, IF YOU HAVE AN
ARBITRATION CLAUSE IN YOUR CONTRACT.

AND I'M CERTAINLY NOT SAYING IT WORD FOR
WORD.

BUT THAT THE COURT COULD LACK SUBJECT MATTER
JURISDICTION TO HEAR MATTERS THAT WERE TO BE
ARBITRATED.

I THINK THAT'S A FAIR RULING AND PROBABLY HAS
ALWAYS BEEN THE RULING.  THAT'S WHAT HAPPENS WHEN
SOMEONE PRESENTS AN ARBITRATION CLAUSE TO A COURT
WHERE A CASE HAS BEEN FILED.

IN ANY EVENT, JUDGE BRIDGES THEN HAD A VERY
DETAILED LENGTHY HEARING.  WHICH I THINK MR.
CHAGARIS WOULD AGREE WITH.

AND HAS A VERY DETAILED ORDER.  WHICH AS MR.
CHAGARIS INDICATED, I, IN AN ABUNDANCE OF CAUTION,
GOT A TRANSCRIPT BEFORE I PREPARED THE ORDER TO
MAKE SURE THAT I GOT EVERYTHING IN ACCORD WITH HIS
DICTATES.

THAT WAS THEN SERVED UPON MR. CHAGARIS.  IT
WAS SIGNED ON MARCH 21, AND SERVED ON MR. CHAGARIS
SHORTLY THEREAFTER.  AND AS HE INDICATED, HE
DIDN'T GET IT APPARENTLY UNTIL LAST WEEK.

BUT CERTAINLY HIS CLIENT AT THAT POINT KNEW
THAT THE ONLY MATTER OPENED WAS THE ARGUMENT OVER

45

CONVERSION.

THE COURT:  WHY DO YOU NOW CONTEND THAT YOU ARE ENTITLED TO COST AND FEES?

MR. MORRISON:  BECAUSE, YOUR HONOR, WE ARE NOW DOING THE SECOND ROUND ON THE ARBITRATOR'S AWARD.  AND AS I HAVE INDICATED TO THE COURT.

THE COURT:  WHAT DO YOU MEAN YOU'RE DOING THE SECOND ROUND ON THE ARBITRATOR AWARD?

MR. MORRISON:  WELL, THE COMPANY HAWTHORNE MILL THAT WAS SUED IN THE FIRST ACTION, FOR THE ENFORCEMENT OF THE ARBITRATION AWARD, INSTEAD THE ARBITRATION AWARD WAS VACATED AND DISMISSED WITH PREJUDICE.

IN THE SECOND ACTION THAT WAS RESURRECTED FROM THE DEAD --

THE COURT:  THE ARBITRATION ONE?

MR. MORRISON:  YES -- YES, YOUR HONOR. THAT'S OUR CONTENTION.

IF YOU READ JUDGE BRIDGES' ORDER, YOU WILL SEE WHERE HE STRUCK EVERYTHING THAT RELATED TO THE ARBITRATION.  HE SAYS THAT, OR WORDS TO THAT EFFECT.  HE CERTAINLY REFERS TO THE ARBITRATION IN HIS ORDER.

IF YOUR HONOR DOESN'T HAVE A COPY, I WILL MAKE MY COPY AVAILABLE.

THE COURT:  THE REASON I'M ASKING ALL THESE
QUESTIONS, AS I UNDERSTAND THE THRUST OF THE
ARGUMENT, YOU'RE HERE FOR COST AND FEES.

MR. MORRISON:  YES, YOUR HONOR.

THE COURT:  AND COSTS AND FEES ARE A -- IS
SOMETHING THAT THE COMMON LAW DOESN'T KNOW.

MR. MORRISON:  THAT IS CORRECT, YOUR HONOR.

THE COURT:  IT'S GOT TO BE SOMEHOW OR OTHER
BY STATUTE.

MR. MORRISON:  YES, YOUR HONOR.

THE COURT:  WHAT I WANT TO KNOW FROM YOU,
WHAT IS YOUR STATUTORY AUTHORITY THAT WILL ENTITLE
YOU TO FEES AND COSTS?

MR. MORRISON:  6-21.5, NONJUSTICIABLE CAUSE
OF ACTION BROUGHT ON THE ISSUES THAT WERE
DISMISSED WITH PREJUDICE BY JUDGE MARCUS JOHNSON.

AND UNDER RULE 11, AN IMPROPER PURPOSE IN
BRINGING THE LAWSUIT AGAIN, KNOWING FULL WELL THAT
IT HAD BEEN DISMISSED THE FIRST TIME.

AND, YOUR HONOR, I THINK THE COURT -- AND I
BROUGHT THE CASES OR SENT YOU THE CASES.  I THINK
THE COURT HAS ADDRESSED ISSUES, AND TALKED, FOR
EXAMPLE, IN THE MACK VERSUS MOORE CASE UNDER RULE
11.  IT NOTES ON THE LAST PAGE OF THAT OPINION,
THAT THE COURT CAN LOOK AT THE INFERENCE OF

IMPROPER PURPOSE BY TAKING INTO ACCOUNT THE
TOTALITY OF THE CIRCUMSTANCES.

YOUR HONOR, TODAY, HAS A DISMISSAL WITH
PREJUDICE, A SECOND LAWSUIT DISMISSED.  PART OF
THAT LAWSUIT WAS DISMISSED WITH PREJUDICE BY JUDGE
BRIDGES.

SO IT'S BEEN DISMISSED TWICE WITH PREJUDICE,
PART OF IT.  THE 6-21.5 --

THE COURT:  DO YOU HAVE A COPY OF THAT
STATUTE?  WAIT A MINUTE I HAVE IT HERE.

MR. MORRISON:  RULE 11 ALSO TALKS ABOUT THE
SIGNATURE AS A CERTIFICATION OF GOOD FAITH.  AND I
WOULD SUBMIT, YOUR HONOR, THAT PARTICULARLY
VERIFICATION BY THE PLAINTIFF'S OFFICER, WAS
FALSE.

AND I WOULD SUBMIT THAT THAT ALMOST MAKES THE
PLEADING FRIVOLOUS WHEN ONE KNOWINGLY SIGNS A
DOCUMENT WHICH YOU KNOW IN GOOD FAITH IS NOT
PROPER.

I AGREE WITH, YOUR HONOR, THAT 6-21.5 THE
CASE CITATION SAY IT'S A DEROGATION OF COMMON LAW
AND MUST BE STRICTLY CONSTRUED.

AND I CERTAINLY DON'T ASK YOUR HONOR TO GO
BEYOND THAT.  BUT THE COURT --

THE COURT:  THE CASES I'M AWARE OF, AND I

THINK I'M AWARE OF MOST OF THEM, ARE VERY STRICT
ABOUT AWARDING ATTORNEY'S FEES IN THE ABSENCE OF
ANY STATUTORY AUTHORITY.

MR. MORRISON:  AND I WOULD SUBMIT, YOUR
HONOR, THAT IN THIS INSTANCE -- EXCUSE ME --

THE COURT:  HE SAYS, CHAGARIS SAYS, THAT
THERE IS A GENUINE CAUSE OF ACTION STATED IN THAT
COMPLAINT.  HE PROBABLY WOULD CONTEND THAT THERE
ARE MORE THAN ONE.

BUT HE SAYS THERE IS THE ACTION OF TORTIOUS
CONVERSION --

MR. MORRISON:  WELL, YOUR HONOR --

THE COURT:  -- THAT HAS MERIT.

MR. MORRISON:  AND I WOULD SUBMIT, YOUR
HONOR, ON THE FACE OF THE COMPLAINT, AND WHAT
JUDGE JOHNSTON WAS DOING WITH, IT ALL PROBABLY
APPEARED TO SURVIVE THE 12(B)(6) STANDARD OF
STATING CLAIM FOR APPROPRIATE RELIEF.

BUT THAT'S NOT TRULY THE STANDARD I WOULD
CONTEND TO THE COURT THAT 6-21.5, RULE 11 BURDENED
THE PLAINTIFF WITH.

ONCE YOU GET BEYOND THAT STEP, YOU STILL HAVE
A DUTY TO MAKE CERTAIN THAT WHEN THE COURT STARTS
CONSIDERING THE ANSWERS, AND ULTIMATELY THE
EVIDENCE, THAT YOU HAVE A JUSTICIABLE CLAIM.

THAT'S WHERE THEY FAILED.

THEY FAILED TOTALLY ON THE ISSUE OF THE
ARBITRATION CLAIM WHICH JUDGE BRIDGES STRUCK IN A
SUMMARY JUDGMENT.

AND I SUBMIT YOUR HONOR, THAT THE REASON THEY
TOOK A DISMISSAL, BECAUSE THEY WOULD FAIL ON THE
CLAIM OF CONVERSION AS MR. THOMPSON HAS CITED,
BOTH FROM THE CONTRACT.

IF YOU DON'T MOVE THE PROPERTY WITHIN TWO
WEEKS, IT'S ABANDONED.

THE COURT:  WELL LET ME GET DOWN TO BRASS
TACKS HERE.

I DON'T HAVE -- I WILL NOT HAVE, ANY PROBLEM
AT ALL IN A RULING ON YOUR MOTION FOR FEES AND
COSTS.

BUT THE THING THAT BOTHERS ME, IS JUDGE
JOHNSTON'S LETTER OF NOVEMBER 9TH, '04.  EVEN
THOUGH THAT IS NOT IN ORDER FORM, DOESN'T SAY
ORDER ON IT.

MR. MORRISON:  IT DOES NOT.

THE COURT:  IT CERTAINLY INDICATES HIS
POSITION.

MR. MORRISON:  AS TO THE MOTION TO DISMISS,
YOUR HONOR.

THE COURT:  YEAH.  AND YOU KNOW THAT THERE IS

50

ALL SORTS OF LAW TO THE EFFECT THAT ONE SUPERIOR

COURT JUDGE CANNOT OVERRULE ANOTHER, UNLESS THERE

HAS BEEN A SUBSTANTIAL CHANGE IN CIRCUMSTANCES.

I DON'T FIND THAT HERE.

I'M VERY HESITANT TO RULE ON YOUR MOTION,

BECAUSE OF THIS LETTER OF JUDGE JOHNSTON.

MR. MORRISON:  YOUR HONOR, THERE WAS A CASE

THAT I PRESENTED TO THE COURT CALLED BROOKS VERSUS

GIESEY.

THE COURT:  I SAW THAT.

MR. MORRISON:  AND I THINK THERE -- MAYBE

IT'S NOT THE CASE I'M THINKING OF.

I THINK WHAT JUDGE JOHNSTON WAS RULING ON, IS

NOT WHAT IS BEFORE YOU.

HE WAS RULING ON THE VERY FACT THAT ON THE

FACE OF THE COMPLAINT, NOT TAKING INTO

CONSIDERATION THE ANSWER, WHETHER THE FACE OF THE

COMPLAINT STATED CLAIM UPON WHICH RELIEF COULD BE

GRANTED.

AND I SUBMIT, YOUR HONOR, THAT AT THIS STAGE

IN THE PROCEEDINGS, WE ARE WELL BEYOND THAT

STANDARD.

WE ARE UPON A BROADER STANDARD OF WHETHER THE

ISSUES WERE JUSTICIABLE.  AND WE WOULD SUBMIT, THE

LAW SUPPORTS OUR POSITION.

THE OTHER CASE THAT I WAS TRYING TO THINK OF

THAT PERHAPS IS EVEN MORE DEFINITIVE, IS THE

WINSTON-SALEM WRECKER ASSOCIATION VERSUS BARKER

CASE IN 2001. WHICH I BELIEVE USES THE LANGUAGE

THAT I'VE BEEN TALKING ABOUT.

IT SAYS, "IN DECIDING WHETHER A PARTY IS

ENTITLED TO ATTORNEY'S FEES UNDER N.C.G.S. 6-21.5,

THE TRIAL COURT IS REQUIRED TO EVALUATE WHETHER

THE LOSING PARTY PERSISTED IN LITIGATING THE CASE,

AFTER A POINT WHERE HE SHOULD REASONABLY HAVE

BECOME AWARE THAT THE PLEADING HE FILED, NO LONGER

CONTAINED A JUSTICIABLE ISSUE."

IT CITES THE SUNAMERICA FINANCIAL CORPORATION

CASE WHICH I ALSO PROVIDED TO YOUR HONOR.

SO WHAT I'M SAYING IS, JUDGE JOHNSTON --

JUDGE ROBERT JOHNSTON, OUR SENIOR RESIDENT

SUPERIOR COURT JUDGE, WAS LOOKING AT A 12(B)(6)

MOTION. AND THAT'S WHAT HE RULED ON.

HE MADE NO RULING ON THE MOTION FOR SANCTIONS

WHICH WERE SEPARATE MOTIONS THAT WERE FILED. AND

WHICH DEALT PRINCIPALLY WITH DISCOVERY, AND WITH

RES JUDICATA.

BUT HE DID RULE ON THE MOTION TO DISMISS.

AND IN THAT RULING, HE FOUND WHAT THE LAW REQUIRED

HIM TO FIND. HE DIDN'T LOOK AT THE ANSWER. HE

52

ONLY LOOKED AT THE COMPLAINT.

I'M SAYING THAT WE GOT BEYOND THAT STAGE, AND I SUBMIT, THAT THE PLAINTIFF HAS KNOWN FROM THE VERY BEGINNING THAT ITS RIGHTS WERE ESTOPPED BY ITS OWN WAIVER OF NOT FILING A TIMELY OBJECTION.

I WOULD BE HAPPY TO TRY TO ANSWER ANY OTHER QUESTION YOU HAVE, BUT I THINK I'VE TAKEN ENOUGH OF YOUR TIME.

THE COURT:  WELL, DO YOU AGREE WITH MR. CHAGARIS, THAT THERE WOULD STILL EXIST, WERE IT NOT FOR HIS DISMISSAL, VOLUNTARY DISMISSAL OF THE ACTION, THAT THERE WOULD STILL EXIST A CAUSE OF ACTION FOR TORTIOUS CONVERSION?

MR. MORRISON:  UNDER THE RULING OF JUDGE BRIDGES, YES.  UNTIL WE GET TO THE CLOSE OF HIS EVIDENCE.

THE COURT:  NOW THEN, IF THAT IS SO, THEN WE COME TO THE QUESTION OF WHETHER OR NOT YOU ARE ENTITLED TO FEES AND COSTS AFTER HE HAS EXTINGUISHED THE CAUSE OF ACTION HE SAID HE HAD, BY TAKING A DISMISSAL.

MR. MORRISON:  I WOULD SUBMIT THAT WE ARE IN PART, UNDER THE, BECAUSE OF THE SUMMARY JUDGMENT ORDER OF JUDGE BRIDGES.

AND AGAIN, ARGUING -- I DON'T WANT TO BEAT A

53

DEAD HORSE, BUT ARGUING THAT THE COURT CAN, AT

THIS STAGE, NOW THAT ALL THE MATTERS ARE

DISMISSED, LOOK AT THE TOTALITY OF THE

CIRCUMSTANCES OF THIS CASE.

AND THAT CASE WAS ALSO -- THAT WAS THE MACK

VERSUS MOORE CASE.

THE COURT:  THE TOTALITY OF THE EVIDENCE

WOULD LEAD ME TO BELIEVE THAT YOU ARE PROBABLY

ENTITLED TO SOME FEES AND COSTS.

THE THING THAT BOTHERS ME, IS THAT FROM WHAT

I HAVE LEARNED, MR. CHAGARIS HAS BEEN USED.

MR. MORRISON:  I THINK HE HAS, YOUR HONOR.

THE COURT:  AND I DON'T BELIEVE THAT THE

COURT IS IN A POSITION TO AWARD OR TAX ANY FEES OR

COSTS AGAINST MR. CHAGARIS, OR GRANT ANY RULE 11

MOTION AGAINST MR. CHAGARIS.

MR. MORRISON:  YES, YOUR HONOR.

THE COURT:  I THINK HE'S A VICTIM OF HAVING

TO DEAL WITH NEW YORK PEOPLE, PROBABLY SOME OF

WHICH HE DOESN'T KNOW EXCEPT BY TELEPHONE.

AND I SUGGEST TO YOU AND TO HIM, THAT I WOULD

THINK THAT YOU WOULD BE GLAD OR JUST BE WAITING

WITH BAITED BREATH IF THERE WAS SOME NEW YORK

LAWYER TO COME DOWN HERE AND TRY TO RESURRECT THIS

THING.  I KNOW I WOULD BE GLAD TO SEE THEM COME

54

DOWN.

MR. MORRISON:  IN ONE BREATH I WOULD.

THE COURT:  YOU CLEARED UP THE MATTER OF
JUDGE JOHNSTON'S LETTER FOR ME.  I UNDERSTAND THAT
NOW.

MR. CHAGARIS, WOULD YOU LIKE TO BE HEARD
FURTHER?

MR. CHAGARIS:  YES YOUR HONOR, ONE OF THE
THINGS, I WOULD LIKE TO HAND UP THE AFFIDAVIT OF
JANET RIOS --

THE COURT:  WHO?

MR. CHAGARIS:  THE AFFIDAVIT OF JANET RIOS.
IT WAS FILED --

THE COURT:  IS THIS SOME PERSON FROM ANOTHER
JURISDICTION?

MR. CHAGARIS:  NO, MECKLENBURG COUNTY.

THIS WAS FILED WITH THE SUMMARY JUDGMENT
MOTION.  THE THING THAT I REQUEST THE COURT LOOK
AT IS, THEY'RE ASKING YOU JUST TO BASE THEIR
RULING AND BELIEF ON WHAT THEY THINK.

THE COURT:  I'M NOT GOING TO DO THAT.

MR. CHAGARIS:  WELL, I KNOW.  WHAT I'M
SAYING, THERE IS NO EVIDENCE, THEY DIDN'T SERVE
ANY DISCOVERY, THEY DIDN'T DEPOSE THESE PARTIES.
WHAT THEY'RE SAYING IS, THEY'RE MAD BECAUSE WE GOT

SUED.

I WANT THE COURT TO LOOK AT THE FILINGS, JUDGE. BECAUSE UP UNTIL DALE FOUND THAT FEDERAL MEMORANDUM OPINION, THE ENTIRE BASIS OF THEIR ARGUMENT WAS RES JUDICATA AND COLLATERAL ESTOPPEL.

WHICH THE COURT SAID, NO.

THE CASE THAT THEY CAME OUT WITH, WAS SOMETHING THAT'S NOT KNOWN, I WOULD ARGUE, NOT KNOWN TO THE GENERAL PRACTICE, AND THE GENERAL MEMBERS OF THE BAR, THAT THE FEDERAL COURT HAD STARTED DISMISSING ACTIONS FOR LACK OF SUBJECT MATTER JURISDICTION.

AND THE TIME WHEN THAT LAWSUIT WAS FILED, EVERYTHING IN IT WAS TRUE AND ACCURATE DONE FOR A PROPER PURPOSE.

I DON'T THINK YOU'LL FIND ANYTHING IN THE PLEADINGS THAT WILL SHOW OTHERWISE.

FURTHER, MAY I HAND UP A CASE WHICH IS VERY RECENT ON THE ISSUE OF COSTS?

I HAVE A COPY FOR DALE.

THIS IS A '04 CASE, WHICH TALKS ABOUT WHAT THEY ARE SEEKING TO RECOVER, AND WHAT THEY MUST PROVE AND SHOW. AND IT CAN'T BE DONE, JUDGE.

THE COURT:  I BELIEVE I HAVE READ THIS CASE. BUT LET ME CHECK.

56

MR. CHAGARIS:  IT'S PRETTY RECENT.  I DIDN'T
FIND OUT UNTIL I WENT TO THE WEB SITE THIS WEEK.

THE COURT:  I READ THIS CASE ON ADVANCE
SHEETS.  STEELMAN HAS DONE A GOOD JOB OF OPINIONS
SINCE HE'S BEEN ON THE COURT.

NOW THERE IS SOME LAW IN NORTH CAROLINA
HOLDING THAT RULE 11 CAN BE EXERCISED BY THE COURT
AGAINST A PARTY AS WELL AS A LAWYER.

THERE WAS A CASE ON THAT SEVERAL YEARS AGO.
WHERE THE COURT DID IN FACT PENALIZE THE PARTY
RATHER THAN THE LAWYER.

I'M GOING TO DENY YOUR RULE 11 MOTION AS TO
MR. CHAGARIS, BASED ON THE TOTALITY OF THE
PLEADINGS, AND OTHER MATTERS THAT APPEAR OF RECORD
IN THE FILE, COURT FILE, NOT BASED ON ARGUMENT OR
INNUENDO.

THE PLAINTIFF HAS, IT APPEARS TO ME,
EXPLOITED THE COURT HERE WITH ITS -- PARTICULARLY
WITH ITS AFFIDAVIT OR VERIFICATION, I BELIEVE THEY
CALL IT; VERIFYING THE PLEADINGS.

IT WOULD SEEM TO ME FROM THE DISMISSAL THAT
HAS BEEN FILED AND FROM LISTENING TO MR. CHAGARIS,
THAT IN THE FINAL ANALYSIS, THE PLAINTIFF DID NOT
THINK MUCH OF HIS CAUSE OF ACTION BY HAVING -- BY
DECIDING FOR MR. CHAGARIS TO DISMISS IT.

57

CERTAINLY RAISES THAT INFERENCE.

IN ANY EVENT, THE LAWSUIT NO LONGER EXISTS.

NOW GETTING BEYOND THAT, WHAT IS THE
DEFENDANT ENTITLED TO BY WAY OF FEES AND COSTS
UNDER 6-21.5.

THIS RULE 6-21.5 COVERS ABOUT EVERYTHING BUT
A VOLUNTARY DISMISSAL.

IT SAYS, "FILING OF A GENERAL DENIAL OR
GRANTING OF ANY PRELIMINARY MOTION, SUCH AS A
MOTION FOR JUDGMENT ON THE PLEADINGS, A MOTION TO
DISMISS, A MOTION FOR DIRECTED VERDICT, OR A
MOTION FOR SUMMARY JUDGMENT IS NOT IN ITSELF
SUFFICIENT REASON FOR THE COURT TO AWARD
ATTORNEY'S FEES. BUT MAY BE EVIDENCE TO SUPPORT
THE COURT'S DECISION TO MAKE SUCH AN AWARD."

I WOULD SAY THAT THE DISMISSAL BY THE
PLAINTIFF FALLS IN THE CATEGORY AFTER LISTENING TO
ARGUMENT THAT MAY BE EVIDENCE TO SUPPORT THE
COURT'S DECISION TO MAKE SUCH AN AWARD.

NOW THE NEXT QUESTION IS, WHAT ARE YOU
ENTITLED TO, IF FEES AND COSTS ARE TO BE AWARDED.

MR. MORRISON, DO YOU HAVE A MARTINDALE
RATING?

MR. MORRISON: I HAVE A BV RATING, YOUR
HONOR.

THE COURT:  BV.

MR. MORRISON:  YES, YOUR HONOR.

THE COURT:  I BELIEVE YOUR AFFIDAVIT SAYS, THAT YOUR ORDINARY CHARGES ARE $250 AN HOUR?

MR. MORRISON:  YES, SIR.  THAT'S WHAT MR. THOMPSON ALSO PAID, YOUR HONOR.

THE COURT:  THAT'S WHAT WHO?

MR. MORRISON:  MY CLIENT PAID.

THE COURT:  PAID YOU?

MR. MORRISON:  YES, SIR, YOUR HONOR.

THE COURT:  HOW MANY HOURS DO YOU SAY YOU HAVE IN CONNECTION WITH THE MANEUVERING BY THE PLAINTIFF?

MR. MORRISON:  YOUR HONOR, I DIDN'T BREAK DOWN THE HOURS EXCEPT BY ATTACHING THE BILLS, THE TOTAL BILL WAS FOR $13,464.36.

THE COURT:  THAT FEES AND COSTS BOTH?

MR. MORRISON:  FEES, COSTS, BOTH, YOUR HONOR, NOT INCLUDING TODAY.

THE BILLS ARE ITEMIZED, YOUR HONOR.  AND THEY ARE ALL ATTACHED TO THE AFFIDAVIT.

THE COURT:  NOW SUPPOSE I WERE TO ISSUE AN ORDER ALLOWING YOUR RECOVERY OF FEES AND COSTS; HOW ARE YOU GOING TO COLLECT IT?

MR. MORRISON:  YOUR HONOR, I THINK IT'S GOING

TO PROBABLY BE ONE OF THOSE THINGS THAT PROBABLY
IS GOING TO --

THE COURT:  AM I GOING TO BE DOING A USELESS
ACT?

MR. MORRISON:  NO, YOUR HONOR.  BECAUSE I'M
GOING TO ALSO ASK YOUR HONOR TO ORDER THAT IT MUST
BE PAID BEFORE THE PLAINTIFF CAN FILE ANOTHER
LAWSUIT.

THE COURT:  WELL THAT'S THE LAW ANYWAY, ISN'T
IT?

MR. MORRISON:  WELL, I WOULD LIKE IT IN THE
ORDER, NONETHELESS, YOUR HONOR.  IT'S PROBABLY A
PAPER JUDGMENT, YOUR HONOR.

THE COURT:  THAT CAME VERY EARLY IN OUR RULES
OF CIVIL PROCEDURE.  BUT LAWYERS WERE GOING AHEAD
AND FILING A SECOND ACTION WITHOUT PAYING COSTS IN
THE FIRST ACTION.

MR. MORRISON:  THAT'S CORRECT.

THE COURT:  THE COURT FOUND THAT THAT WAS A
NO, NO, THAT THEY HAD TO DO THAT BEFORE THEY COULD
PROCEED WITH THE SECOND ACTION.

MR. MORRISON:  YOU HAVE TO HAVE A SHOWING OF
THE COSTS, INCLUDING ATTORNEYS FEES, IN ORDER TO
REQUIRE THEM TO PAY IT.

THE COURT:  I NEED AN AFFIDAVIT FROM YOU, AS

TO HOW MUCH YOU HAVE EXPENDED IN THE WAY OF HOURS.

    MR. MORRISON:  ALL RIGHT, SIR.

    THE COURT:  AND WHAT YOUR MARTINDALE RATING
IS.  WHAT YOU ORDINARILY CHARGE.  AND WHAT YOU DID
CHARGE.  AND WHAT YOU'VE BEEN PAID IN THIS CASE BY
MR. THOMPSON OR HIS CORPORATION.

    MR. MORRISON:  WELL, I THINK IT'S ALL THERE.

    THE COURT:  IT OUGHT TO ALL BE IN AN
AFFIDAVIT.

    IN OTHER WORDS, YOU SHOULD CRAFT AN AFFIDAVIT
IN ACCORDANCE WITH THE WASHINGTON CASE.

    MR. MORRISON:  ALL RIGHT, SIR.

    THE COURT:  WHICH DOES NOTHING MORE THAN,
REALLY THAN RECITE WHAT THE FEE AWARDS CAN BE
UNDER THE ETHICS RULES.  THERE IS AN ETHICS RULE
ON FEES.

    MR. MORRISON:  YES, SIR.

    THE COURT:  WHAT WASHINGTON DOES IS TRACK
THAT ETHICS RULES.  SO YOU NEED TO TRACK THAT
ETHICS RULE.  I'M GOING TO FIND THAT YOU ARE
ENTITLED TO THEM.

    MR. MORRISON:  I'LL REFILE THE AFFIDAVIT.

    THE COURT:  BASED UPON THE PLEADINGS AND
OTHER MATTERS THAT YOU AND THE OTHER SIDE BOTH
HAVE FILED IN THIS CASE, I'VE CONSIDERED THEM ALL.

61

AND WHAT THE GOING RATE IS, FOR A PERSON OF
YOUR STATURE IN THIS AREA, IN MECKLENBURG COUNTY
AND SURROUNDING AREA.

GIVE A GOOD DESCRIPTION OF THE WORK THAT YOU
HAVE PERFORMED.  NOT THAT YOU HAD A TELEPHONE CALL
WITH MR. THOMPSON ON A PARTICULAR DAY AND IT WAS
TWO TENTHS OF AN HOUR.  BUT WHAT THE SUBSTANCE OF
IT WAS.

AND ALSO THE SAME DESCRIPTION WITH RESPECT TO
FEES THAT YOU SAY YOU ARE ENTITLED TO.  THEY'VE
GOT TO BE COVERED, OF COURSE, UNDER THE STATUTE,
ALL THIS STUFF HAS TO BE COVERED UNDER THE STATUTE
6-21.5 IS IT.

SO YOU GOT TO TRACK THE WASHINGTON CASE.

AND OF COURSE YOU NEED TO LET MR. CHAGARIS
LOOK AT IT BEFORE YOU TENDER IT TO THE COURT.

AND I'M MAKING THIS RULING UNDER THE TOTALITY
OF THE CIRCUMSTANCES.

IT APPEARS ALSO I WOULD FIND, THAT BY TAKING
THIS DISMISSAL OF THE SECOND ACTION, PRESENTS THE
COURT WITH SOME EVIDENCE, SOME EVIDENCE OF
BRINGING IT FOR AN IMPROPER PURPOSE.

NOW YOU THINK YOU CAN CRAFT AN ORDER FROM
WHAT I'VE TOLD YOU?

MR. MORRISON:  YES, YOUR HONOR.  I'LL MAKE

SURE MR. CHAGARIS AGREES TO IT AS TO FORM.

THE COURT:  I KNOW MR. CHAGARIS DOESN'T LIKE WHAT I'VE DONE.

BUT MY QUESTION TO MR. CHAGARIS AT THIS TIME IS, ARE YOU AGREEABLE TO HAVE THIS ORDER SIGNED OUT OF TERM?

MR. CHAGARIS:  OF COURSE, YOUR HONOR.  THE ONE THING I'M NOT CLEAR ON, IS ATTORNEYS FEES THAT YOU'RE AWARDING IN THIS ACTION ONLY, OR ARE YOU GOING TO ALLOW THEM TO TRY TO GO BACK --

THE COURT:  I'M NOT GOING ANY FURTHER THAN THIS ACTION.  JUST THIS ACTION.

MR. MORRISON:  WE HAVEN'T ASKED FOR THE OTHER ONE.

MR. CHAGARIS:  I WAS TRYING TO CLARIFY FOR MY NOTES.

THE COURT:  JUST THIS ACTION.

AND YOU SHOULD ALSO INCLUDE A PROVISION IN THE ORDER THAT NOTHING THE COURT HAS RULED ON IN THIS CASE IS TO IN ANYWAY AFFECT THE RULINGS OF ANY PRIOR JUDGES WHO HAVE HEARD MATTERS IN THIS CASE, INCLUDING JUDGE JOHNSTON'S LETTER.

I THINK IT APPEARS TO ME, MR. CHAGARIS, THAT YOUR CLIENT, USING THE TERM LOOSELY, HAS BEEN EXPLOITING NORTH CAROLINA PEOPLE DOWN HERE, AND

63

MAYBE INCLUDING YOU.

MR. CHAGARIS:  YOU KNOW, JUDGE, NOTHING

SURPRISES ME IN LIFE.  BUT THIS CASE HAS SO MANY

DIFFERENT UNDERLYING TONES, I TOLD DALE THE OTHER

DAY, THAT I'M SORRY -- OFF THE RECORD.

THE COURT:  I DON'T WANT YOU TO SAY ANYTHING

IMPROPER.

MR. CHAGARIS:  NO.  I WOULD ASSERT TO THE

COURT I HAVEN'T.  THIS IS A BIGGER MESS THAN THIS

ONE ISSUE WE'RE DEALING WITH.

THE COURT:  YES.  IT SOUNDED LIKE IT.

MR. MORRISON:  THANK YOU, YOUR HONOR.

(THEREUPON, THAT CONCLUDES THIS HEARING AT THIS TIME.)

64

C E R T I F I C A T E

STATE OF NORTH CAROLINA )
                         )
COUNTY OF MECKLENBURG    )

     I, LAURA ANDERSEN, THE OFFICER BEFORE WHOM THE
FOREGOING PROCEEDING WAS TAKEN, DO HEREBY CERTIFY THAT
SAID HEARING, PAGES 2 THROUGH 63 INCLUSIVE, IS A TRUE,
CORRECT AND VERBATIM TRANSCRIPT OF SAID PROCEEDING.
     I FURTHER CERTIFY THAT I AM NEITHER COUNSEL
FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO
THE ACTION IN WHICH THIS PROCEEDING WAS HEARD; AND
FURTHER, THAT I AM NOT A RELATIVE OR EMPLOYEE OF ANY
ATTORNEY OR COUNSEL EMPLOYED BY THE PARTIES THERETO,
AND AM NOT FINANCIALLY OR OTHERWISE INTERESTED IN THE
OUTCOME OF THE ACTION.
     THIS IS THE 6TH DAY OF JUNE, 2006.


_____
LAURA ANDERSEN, RMR
OFFICIAL COURT REPORTER
P.O. BOX 23343
CHARLOTTE, NORTH CAROLINA
28227-0272